JINA L. CHOI (N.Y. Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
  buchholzs@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
THOMAS J. EME (Ill. Bar No. 6224870)
  emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:17-cv-00223-RS |
| Plaintiff, | |
| v. | [PROPOSED] ORDER APPOINTING RECEIVER |
| SAN FRANCISCO REGIONAL CENTER, LLC; THOMAS M. HENDERSON; CALIFORNIA GOLD MEDAL, L.P.; CALLSOCKET, L.P.; CALLSOCKET II, L.P.; CALLSOCKET III, L.P.; COMPREHENSIVE CARE OF OAKLAND, L.P.; NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.; CALLSOCKET, LLC; CALLSOCKET II, LLC; CALLSOCKET III, LLC; COMPREHENSIVE CARE OF CALIFORNIA, LLC; IMMEDIA, LLC; and NORTH AMERICA 3PL, LLC, | |
| Defendants, and | |
| CALLSOCKET HOLDING COMPANY, LLC; CALLSOCKET III HOLDING COMPANY, LLC; BERKELEY HEALTHCARE DYNAMICS, LLC; CENTRAL CALIFORNIA FARMS, LLC; and JL GATEWAY, LLC, | |
| Relief Defendants. | |

**T**his matter came before this Court upon the motion of the Securities and Exchange Commission ("SEC"or "Commission") for an order seeking the appointment of a receiver over San Francisco Regional Center, LLC; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III, L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket, LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC; Immedia, LLC; North America 3PL, LLC (collectively, the "entity Defendants"); CallSocket Holding Company, LLC; CallSocket III Holding Company, LLC; Berkeley Healthcare Dynamics, LLC; Central California Farms, LLC; and JL Gateway, LLC (collectively, the "Relief Defendants"). The Court has considered the Commission's Motion for Preliminary Injunction and for the Appointment of Receiver and the Declarations of Ellen Chen and Thomas J. Eme, the exhibits thereto, and any responses thereto; and the record in these proceedings before the Court.

On the basis of this record, the Court finds that this Court has subject matter jurisdiction over this action and personal jurisdiction over the entity Defendants and Relief Defendants and the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the entity Defendants, and of the Relief Defendants that: (a) are attributable to funds derived from investors of the Defendants or Relief Defendants; (b) are held in constructive trust for the entity Defendants or Relief Defendants; (c) were fraudulently transferred by the Defendants or Relief Defendants; and/or (d) may otherwise be includable as assets of the estates of the entity Defendants or Relief Defendants (collectively, the "Recoverable Assets").

### THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Commission's Motion for Appointment of a Receiver is GRANTED.

2.    This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Defendants San Francisco Regional Center, LLC; California Gold Medal, L.P.; Callsocket, L.P.; Callsocket II, L.P.; Callsocket III, L.P.; Comprehensive Care Of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; Callsocket, LLC; Callsocket II, LLC; Callsocket III, LLC; Comprehensive Care Of California, LLC; Immedia, LLC; and North America 3PL, LLC (collectively, the "Receivership Defendants"); and of Relief Defendants CallSocket

Holding Company, LLC; CallSocket III Holding Company, LLC; Berkeley Healthcare Dynamics, LLC; Central California Farms, LLC; and JL Gateway, LLC (collectively, "Receivership Relief Defendants").

3.  Until further Order of this Court, Susan L. Uecker is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants and the Relief Defendants.

**I.   General Powers and Duties of Receiver**

4.  The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Defendants and Relief Defendants under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66.

5.  The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Defendants and Relief Defendants are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendants' and Relief Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of the Receivership Defendants and Relief Defendants and shall pursue and preserve all of their claims.

6.  No person, other than the Receiver, holding or claiming any position of any sort with any of the Receivership Defendants or Relief Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants or Relief Defendants.

7.  Subject to the specific provisions in Sections II through XIII below, the Receiver shall have the following general powers and duties:

> A.   To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendants and Relief Defendants and all other Recoverable Assets, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or

other income attributable thereto, of whatever kind, which the Receivership Defendants or Relief Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.   To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants and Relief Defendants; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C.   To manage, control, operate, and maintain the Receivership Estates and hold in her possession, custody, and control all Receivership Property, pending further Order of this Court;

D.   To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Receiver;

E.   To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Defendants or Relief Defendants;

F.   To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G.   To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.   To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I.   To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver;

J.   To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and

K.   To take such other action as may be approved by this Court.

## II.   Access to Information

8.   The officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership

1    Defendants or Relief Defendants and/or all Receivership Property; such information shall include but

2    not be limited to books, records, documents, accounts, and all other instruments and papers.

3         9.      Within twenty (20) days of the entry of this Order, the Receivership Defendants and

4    Relief Defendants shall serve upon the Receiver and the Commission a sworn statement, listing: (a)

5    the identity, location, and estimated value of all Receivership Property; (b) all employees (and job

6    titles thereof), other personnel, attorneys, accountants, and any other agents or contractors of the

7    Receivership Defendants and Relief Defendants; and, (c) the names, addresses, and amounts of

8    claims of all known creditors of the Receivership Defendants and Relief Defendants.

9         10.     Within thirty (30) days of the entry of this Order, the Receivership Defendants and

10   Relief Defendants shall provide to the Receiver and the Commission copies of the Receivership

11   Defendants' and Relief Defendants' federal income tax returns for the tax years 2010 through 2015,

12   with all relevant and necessary underlying documentation.

13        11.     The officers, directors, agents, managers, general and limited partners, trustees,

14   attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well

15   as those acting in their place, shall answer to the Receiver all questions which the Receiver may put

16   to them and produce all documents as required by the Receiver regarding the business of the

17   Receivership Defendants and Relief Defendants, or any other matter relevant to the operation or

18   administration of the receivership or the collection of funds due to the Receivership Defendants.  In

19   the event that the Receiver deems it necessary to require the appearance of the aforementioned

20   persons or entities, the Receiver shall make discovery requests in accordance with the Federal Rules

21   of Civil Procedure.

22        12.     The Receivership Defendants and Relief Defendants, individual Defendant Thomas

23   M. Henderson, the officers, directors, agents, managers, general and limited partners, trustees,

24   attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well

25   as those acting in their place, are required to assist the Receiver in fulfilling her duties and

26   obligations.  As such, they must respond promptly and truthfully to all requests for information and

27   documents from the Receiver.

28

### III.   Access to Books, Records, and Accounts

13.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants or Relief Defendants.  All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14.     The Receivership Defendants and Relief Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants or Relief Defendants, and any persons receiving notice of this Order by personal service, email, facsimile, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Defendants or Relief Defendants, or other Receivership Property, are hereby directed to deliver the same to the Receiver, her agents and/or employees.

15.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any Receivership Property that receive actual notice of this Order by personal service, email, facsimile, or otherwise shall:

A.     Not liquidate, transfer, sell, convey, or otherwise transfer any Receivership Property except upon instructions from the Receiver;

B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.     Within five (5) business days of receipt of notice of this Order, serve upon the Receiver and counsel for the Commission a certified statement setting forth, with respect to any account or other asset that is Receivership Property, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and

D.     Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

### IV.   Access to Real and Personal Property

16.     The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media, or electronic storage devices, books, papers, data processing records, evidence of

indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

17.     The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants and Relief Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, email, facsimile, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing, or erasing anything on such premises.

18.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Receivership Defendants and Relief Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership (without the express written permission of the Receiver).

19.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants and Relief Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

20.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

**V.     Notice to Third Parties**

21.     The Receiver shall promptly give notice, which may be by electronic means, of her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors,

1  managers, and general and limited partners of the Receivership Defendants and Relief Defendants, as

2  the Receiver deems necessary or advisable to effectuate the operation of the receivership.

3      22.     All persons and entities owing any obligation, debt, or distribution with respect to an

4  ownership interest to the Receivership Estate shall, until further ordered by this Court, pay all such

5  obligations in accordance with the terms thereof to the Receiver and its receipt for such payments

6  shall have the same force and effect as if the Receivership Defendant or Relief Defendant had

7  received such payment.

8      23.     In furtherance of her responsibilities in this matter, the Receiver is authorized to

9  communicate with, and/or serve this Order upon, any person, entity, or government office that she

10  deems appropriate to inform them of the status of this matter and/or the financial condition of the

11  Receivership Estates.  All government offices which maintain public files of security interests in real

12  and personal property shall, consistent with such office's applicable procedures, record this Order

13  upon the request of the Receiver or the SEC.

14      24.     The Receiver is authorized to instruct the United States Postmaster to hold and/or

15  reroute mail which is related, directly or indirectly, to the business, operations or activities of any of

16  the Receivership Defendants or Relief Defendants (the "Receiver's Mail"), including all mail

17  addressed to, or for the benefit of, the Receivership Defendants or Relief Defendants.  The

18  Postmaster shall not comply with, and shall immediately report to the Receiver, any change of

19  address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.

20  The Receivership Defendants and Relief Defendants shall not open any of the Receiver's Mail and

21  shall immediately turn over such mail, regardless of when received, to the Receiver.  The foregoing

22  instructions shall apply to any proprietor, whether individual or entity, of any private mail box,

23  depository, business or service, or mail courier or delivery service, hired, rented, or used by the

24  Receivership Defendants or Relief Defendants.  The Receivership Defendants and Relief Defendants

25  shall not open a new mailbox, or take any steps or make any arrangements to receive mail in

26  contravention of this Order, whether through the U.S. mail, a private mail depository, or courier

27  service.

28

25.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants or Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VI.     <u>Injunction Against Interference with Receiver</u>

26.     The Receivership Defendants and all persons receiving notice of this Order by personal service, email, facsimile, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of her duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

C.     Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant or Relief Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or Relief Defendant or which otherwise affects any Receivership Property; or

D.     Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

27.     The Receivership Defendants and Relief Defendants shall cooperate with and assist the Receiver in the performance of her duties.

28.     The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VII.   <u>Stay of Litigation</u>

29.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants or Relief Defendants, including subsidiaries and partnerships; or (d) any of the Receivership Defendants' and Relief Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

30.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

31.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## VIII.   <u>Managing Assets</u>

32.     For each of the Receivership Estates, where appropriate and necessary in the judgment of the Receiver, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

33.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

34.     Subject to Paragraph 35, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

35.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

36.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

### IX.   Investigate and Prosecute Claims

37.     Subject to the requirement, in Paragraph 38, immediately below, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

38.     Subject to her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants and Relief Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate. The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers,

1    rescission and restitution, collection of debts, and such other relief from this Court as may be

2    necessary to enforce this Order.

3          39.    The Receiver hereby holds, and is therefore empowered to waive, all privileges,

4    including the attorney-client privilege, held by all entity Receivership Defendants and Relief

5    Defendants.

6          40.    The Receiver has a continuing duty to ensure that there are no conflicts of interest

7    between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership

8    Estate.

9                               **X.    Bankruptcy Filing**

10         41.    The Receiver may seek authorization of this Court to file voluntary petitions for relief

11   under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants

12   and Relief Defendants.  If a Receivership Defendant or Relief Defendant is placed in bankruptcy

13   proceedings, the Receiver may become, and may be empowered to operate each of the Receivership

14   Estates as a debtor in possession.  In such a situation, the Receiver shall have all of the powers and

15   duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other

16   person or entity.  Pursuant to Paragraph 5 above, the Receiver is vested with management authority

17   for all Receivership Defendants and Relief Defendants and may therefore file and manage a Chapter

18   11 petition.

19         42.    The provisions of Section VII above bar any person or entity, other than the Receiver,

20   from placing any of the Receivership Defendants in bankruptcy proceedings.

21                              **XI.    Liability of Receiver**

22         43.    Until further Order of this Court, the Receiver shall not be required to post bond or

23   give an undertaking of any type in connection with her fiduciary obligations in this matter.

24         44.    The Receiver and her agents, acting within the scope of such agency ("Retained

25   Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not

26   be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or

27   decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith

28   compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the

1  Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except

2  upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross

3  negligence, or in reckless disregard of their duties.

4      45.    This Court shall retain jurisdiction over any action filed against the Receiver or

5  Retained Personnel based upon acts or omissions committed in their representative capacities.

6      46.    In the event the Receiver decides to resign, the Receiver shall first give written notice

7  to the Court, and to the SEC's counsel of record, of her intention, and the resignation shall not be

8  effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the

9  Court may provide.

10          **XII.   Recommendations and Reports**

11      47.    The Receiver is authorized, empowered, and directed to develop a plan for the fair,

12  reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable

13  Receivership Property (the "Recovery Plan").

14      48.    Within ninety (90) days of the entry of this Order, the Receiver shall file the Recovery

15  Plan in the above-captioned action, with service copies to counsel of record.

16      49.    Within thirty (30) days after the end of each calendar quarter, the Receiver shall file

17  and serve a full report and accounting of the Receivership Estates (the "Quarterly Status Report"),

18  reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the

19  existence, value, and location of all Receivership Property, and of the extent of liabilities, both those

20  claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership

21  Estates.

22      50.    The Quarterly Status Report shall contain the following:

23          A.    A summary of the operations of the Receiver;

24          B.    The amount of cash on hand, the amount and nature of accrued
25              administrative expenses, and the amount of unencumbered funds in the
                estate;

26          C.    A schedule of all the Receiver's receipts and disbursements (attached as
27              Exhibit A to the Quarterly Status Report), with one column for the
                quarterly period covered and a second column for the entire duration of
                the receivership;

28

D.  A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.  A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and (ii) collecting such judgments);

F.  A list of all known creditors with their addresses and the amounts of their claims;

G.  The status of any litigation brought by the Receivership Estate and of any Creditor Claims Proceedings, after such proceedings have been commenced; and

H.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

51.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIII.  Fees, Expenses and Accountings

52.     Subject to Paragraphs 53 to 59 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

53.     Subject to Paragraph 54 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

54.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

55.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

56.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

57.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

58.     Each Quarterly Fee Application shall:

A.      Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.      Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

59.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

1        IT IS SO ORDERED.

2

3

4

5   DATED _____, 2017              _____

6                                      Richard Seeborg
                                       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28