Elizabeth Berke-Dreyfuss (Bar No. 114651)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: edreyfuss@wendel.com

Attorneys for Susan L. Uecker, Receiver for Defendants: CallSocket, L.P., CallSocket II, L.P., CallSocket III, L.P., CallSocket, LLC, CallSocket II, LLC, CallSocket III, LLC and Relief Defendants: CallSocket Holding Company, LLC, and CallSocket III Holding Company, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO REGIONAL CENTER, LLC; THOMAS M. HENDERSON; CALIFORNIA GOLD MEDAL, L.P.; CALLSOCKET, L.P.; CALL SOCKET II, L.P.; CALLSOCKET III, L.P.; COMPREHENSIVE CARE OF OAKLAND, L.P.; NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.; CALLSOCKET, LLC; CALLSOCKET II, LLC; CALLSOCKET III, LLC; COMPREHENSIVE CARE OF CALIFORNIA, LLC; IMMEDIA, LLC; NORTH AMERICA 3PL, LLC,<br><br>    Defendants,<br><br>    -and-<br><br>CALL SOCKET HOLDING COMPANY, LLC; CALLSOCKET III HOLDING COMPANY, LLC; BERKELEY HEALTHCARE DYNAMICS, LLC; CENTRAL CALIFORNIA FARMS, LLC; and JL GATEWAY, LLC,<br><br>    Relief Defendants. | Case No. 3:17-CV-00223-RS<br><br>**DECLARATION OF SUSAN L. UECKER, RECEIVER FOR CALLSOCKET DEFENDANTS AND RELIEF DEFENDANTS IN RESPONSE TO OPPOSITIONS FILED BY SAN FRANCISCO REGIONAL CENTER, LLC, THOMAS HENDERSON, AND EB-5 INVESTORS**<br><br>Date:    March 2, 2017<br>Time:    1:30 p.m.<br>Place:   Courtroom 3, 17th Floor<br>         450 Golden Gate Ave.<br>         San Francisco, CA<br>Judge:   Hon. Richard Seeborg |

I, Susan L. Uecker, declare:

1. I am the duly appointed and acting Receiver in the litigation styled, *Young v. Henderson et al*, Case No. RG15778891, pending before the Superior Court of the State of California, County of Alameda ("State Court Action"). I was appointed by the Amended Order Granting Plaintiff's Ex Parte Motion for Appointment of Receiver Pursuant to Code of Civil Procedure Section 564 and Setting Hearing on Order to Show Cause, dated March 25, 2016 ("Amended Order"). My appointment as receiver was confirmed by the Order Confirming Appointment of Receiver, dated April 7, 2016 ("Confirming Order"). My appointment as receiver has been extended by orders of State Court dated July 22, 2015, and November 22, 2015. The following facts are true of my own personal knowledge and if called upon to do so, would and could competently testify thereto, except as to those matters that are alleged upon information and belief and as to those matters, I believe them to be true.

2. A number of allegations made in the Opposition to Plaintiff's Motion for Preliminary Injunction filed by the Proposed Intervenors, the EB-5 Investors in the San Francisco Regional Center, LLC, California Gold Medal, L.P., CallSocket II, L.P., CallSocket II, L.P., Comprehensive Care of Oakland, L.P., NA3PL, L.P., West Oakland, Plaza, L.P. and the Declaration of Yuhong Ma filed in Support of that Opposition are false and/or misleading, and without any evidence. In addition several of the statements made by North America 3PL, LLC and Berkeley Healthcare Dynamics, LLC and Mr. Henderson are also misleading. I make this declaration to correct the record as to my actions taken as Receiver in the State Court Action.

3. San Francisco Regional Center, LLC ("SFRC") assert that I took adverse positions to SFRC. SFRC did not set forth the history of the State Court Action. The Court must keep in mind that SFRC is the manager of each of the CallSocket LLCs, which is the general partner of each of the CallSocket limited partnerships as well as many of the other named defendants.

- On May 5, 2016, Judge Spain ordered that the CallSocket, L.P. (CallSocket I) call center expenses be rolled back by 30%, and that any tenants in the real properties that were not paying rent should be evicted. Judge Spain ordered that CallSocket II, L.P. ("CallSocket II") call center expenses could remain the same, but a hiring freeze was imposed. Attached hereto as

      **Exhibit A** is a true and correct copy of the Transcript of the May 5, 2016 hearing.  See, May 5, 2016 Transcript, pp. 46:20-25; 46:25-47:7; 49:11-13.

- On May 17, 2016, Judge Spain ordered that all three buildings, the CallSocket II, L.P. Dufwin Building and 1750 Broadway Building and the CallSocket Holding Company, LLC Tribune Tower be sold, subject to court approval.  Judge Spain also ordered CallSocket I call center be wound down and closed completely because it was not profitable.[1]  Judge Spain continued the hiring freeze for CallSocket II, ordering that CallSocket II was not authorized to hire any new employees.  Attached hereto as **Exhibit B** is a true and correct copy of the May 17, 2016 Transcript. See Transcript, 24:1-6; 30:8-10; 30:24-25; 32:9-33:3.

- On May 20, 2016, I provided the requisite WARN notices to the employees of the CallSocket I call center, and on July 20, 2016 closed the CallSocket I call center pursuant to Judge Spain's order.

- On July 28, 2016, California Gold Medal, L.P. and Comprehensive Care of Oakland, L.P. removed the State Court Action to Federal District Court, commencing Case No. 16-cv-04262-EMC.  Judge Chen remanded the case back to the Alameda County Court on August 16, 2016.  A true and correct copy of Judge Chen's Remand Order is attached hereto as **Exhibit C**.

- On August 24, 2016, Judge Spain entered an order authorizing the sale of CallSocket II, L.P.'s Dufwin Building.

- On that same date, Judge Spain entered an order authorizing the sale of CallSocket II, L.P.'s 1750 Broadway Building.

- On August 31, 2016, Tesh, LLC, acting through its managing member, North America 3PL, LLC, filed a peremptory challenge pursuant to Cal. Civ. Code. § 170.6, forcing Judge Spain to recuse herself, and transferring the State Court Action to Judge Seligman.  Attached hereto as **Exhibit M** is a true and correct copy of the Peremptory Challenge filed by Tesh, LLC.

- On September 1, 2016, without my authority or permission,[2] state court counsel for investors in CallSocket II, L.P. filed a Writ of Mandate in the name of CallSocket II, L.P. in the California Court of Appeal, First Appellate District, from the order approving the sale of the Dufwin Building.  As Receiver, I was named as respondent.  The petitioners obtained a stay pending appeal, delaying the sale on the Dufwin Building.  The Writ of Mandate was denied on September 30, 2016 a true and correct

---

[1] Over the life of its operations, the CallSocket I call center lost approximately $19 million.

[2] On June 9, 2016, Judge Spain stated on the record that as the Receiver, only I could hire counsel for the CallSocket Entities.  Attached hereto as **Exhibit D** is a true and correct copy of page 22: 7-14 of the June 9, 2016 Transcript.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

copy of the denial of the Writ is attached hereto as **Exhibit E.** The petitioners then filed a Petition for Review before the California Supreme Court on October 11, 2016, which Petition was denied on November 22, 2016. A true and correct copy of the denial of Petition for Review is attached hereto as **Exhibit F.**

- Although defendants had not appealed the order approving the sale of CallSocket II, L.P.'s 1750 Broadway Building, state court counsel for the investors in CallSocket II, L.P. advised the original title company that as Receiver, I had no authority to sell that real property and that the stay by the Court of Appeals prohibited the closing. Even after counsel notified the title company that he was mistaken, and I changed title companies, defendants opposed amendment of the sale order to allow the sale to close. The sale ultimately closed on October 6, 2016.

- On October 6, 2016, without my permission and authority, SFRC as the managing member of CallSocket Holding Company, LLC, as the title holder of the Tribune Tower filed a Quite Title Action against Allan Young, the plaintiff in the State Court Action, and filed a Lis Pendens, commencing Case No. RG16834184 in the Alameda County Superior Court ("Quiet Title Action"). The Quiet Title Action was dismissed with prejudice on October 26, 2016. A true and correct copy of the Judgment of Dismissal with Prejudice is attached hereto as **Exhibit G.**

- On October 10, 2016, Thomas Henderson, as the managing member of SFRC, the sole member of CallSocket II, LLC, the general partner of CallSocket II, L.P., caused CallSocket II, L.P. to file a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California. The CallSocket II Chapter 11 bankruptcy case was dismissed on November 4, 2016. A true and correct copy of the Order Dismissing Case is attached hereto as **Exhibit H.**

- On October 11, 2016, Judge Seligman entered an order authorizing the sale of CallSocket Holding Company, LLC's Tribune Tower Building.

- On October 27, 2016, without my permission and authority, CallSocket Holding Company, LLC, filed a Writ of Mandate from the order authorizing the sale of Tribune Tower Building in the California Court of Appeal, First Appellate District. The Writ of Mandate was denied on October 28, 2016. Attached hereto as **Exhibit I** is a true and correct copy of the Denial of the Writ of Mandate.

- On October 27, 2016, Thomas Henderson as the managing member of CallSocket Holding Company, LLC, caused CallSocket Holding Company, LLC to file a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California. The CallSocket Holding Company bankruptcy case was dismissed on November 15, 2016. A true and correct copy of the Order Dismissing Case is attached hereto as **Exhibit J.**

- On November 30, 2016, the sale of CallSocket II, L.P. Dufwin Building closed.

- On December 6, 2016, the Investors in CallSocket I sought an ex parte application to intervene in the State Court Action in order to obtain a temporary restraining order to prevent the closing of the sale of the CallSocket Holding Company, LLC's Tribune Tower in the State Court Action. Judge Seligman denied the ex parte application to intervene and the application for the temporary restraining order became moot. Attached hereto as **Exhibit K** is a true and correct copy of the Order Denying Third Party Ex Parte.

- On December 13, 2016, the sale of the CallSocket Holding Company, LLC Tribune Tower closed.

- On January 17, 2017, the SEC filed its Complaint, and on January 20, 2017, filed its pending Motion for a Preliminary Injunction and for Appointment of Receiver.

- On January 27, 2017, Judge Seligman entered an Order authorizing the sale of Runway, the technology incubator dba for CallSocket, L.P.

4. The foregoing illustrates that all of the actions taken by me as Receiver in the State Court Action were to enforce the duly entered orders of the Alameda County Superior Court, and to comply with my fiduciary obligations as Receiver, just as I would enforce any orders and the fiduciary obligations of this Court if appointed as receiver in this case. Beyond that, the foregoing illustrates that the defendants in the State Court Action, took extreme measures to interfere with my ability to enforce the orders of the State Court and complete my charge by filing two unauthorized bankruptcies, filing two unauthorized Writs of Mandate from orders approving the sale of the CallSocket properties, seeking a restraining order from completing the sales of real properties and filing an unauthorized quiet title action. When North America 3PL, LLC and Berkeley Healthcare Dynamics voice concern over the expenses incurred by me as the Receiver, those expenses were incurred as a direct result of the State Court Action defendants' interference with my duties as receiver in complying with duly entered orders and in the performance of my fiduciary obligations.

5. With respect to the allegations made by the EB-5 Investors, and in particular Youhong Ma that I failed to operate and manage the State Court Action in the bests interests of the

Investors, the Investors fail to recognize that all of the actions that I took in the State Court Action, I took pursuant to orders of that court and that as Receiver, I am a representative or officer of that court.  I sold CallSocket II, L.P. Dufwin Building, and 1750 Broadway Building and the CallSocket Holding Company LLC Tribune Tower because Judge Spain ordered me to do so on May 17, 2016.  **Exhibit B**, May 17, 2016 Transcript, 24:1-7.  Judge Spain ordered the Dufwin and Broadway Buildings be sold to finance the operations of the CallSocket II call center.  Id. at 32:8-33:3.  The numbers of employees of the CallSocket II, L.P. call center have been reduced over time due to attrition, but I was precluded from hiring new employees due to a hiring freeze imposed by Judge Spain on May 5 and  May 17, 2016.  Id; see also, **Exhibit A**, May 5, 2016 Transcript 49:11-15.

6. Investor Ma claims to have reviewed the proposals that I submitted to Judge Seligman for consideration for the continued operation of CallSocket II, L.P. call center. Investor Ma is mistaken and could not have reviewed my proposals.  I submitted a proposal by Akila Digital to run the CallSocket II, L.P. call center.  The Akila Digital's proposal specifically **did not** have any potential customer letters attached.  The only proposal submitted to the State Court that had any potential customer letters attached was the SFRC's proposal, and that would explain why Investor Ma was certain that the proposal was exactly the same plan submitted by SFRC to the USCIS 5 years ago.[3]  With respect to the Golden Gate Global proposal, that proposal was included for the State Court's information to show Judge Seligman what other alternatives were available to Investors.  In fact, my proposal made clear that the Golden Gate Global proposal required more funds than the receivership had on hand, and that any fees payable are payable to the receivership estate, and not to me personally.  To suggest that I have or would have personally profited from the receivership estate, is a misrepresentation.  This same allegation was made by the defendants in the State Court Action, and Judge Seligman found those allegations unsupported by the

---

[3] I did attach a copy of the CallSocket II, L.P. Business Plan that was approved by the USCIS to my Proposal.  However, Investor Ma's allegations are still incorrect, because the Business Plan was not the Proposal for the call center operations.

evidence. Attached hereto as **Exhibit L** is a true and correct copy of the Minutes of the hearing on the Motion to Extend Receivership in which Judge Seligman made those findings.

7. Although Judge Seligman was supposed to hold a hearing on the proposals for the continued operation of the CallSocket II, L.P. call center on January 24, 2017, prior to that date, I determined that certain information provided by SFRC to the USCIS in the Investors I-526s and I-829 was erroneous. I asked SFRC for clarification of that information, but to date, SFRC has not clarified the erroneous information. Combined with the filing of the SEC Complaint, and Motion for Preliminary Injection and Appointment of Receiver, the parties agreed not to move forward on the hearing on the call center proposals until March 8, 2017, after the SEC Motion has been decided.

8. Mr. Henderson claims I cannot serve as a receiver in this action over NA3PL, L.P. because in the State Court Action, I terminated a lease with an entity affiliated with NA3PL, L.P. I was not a receiver for NA3PL, L.P. in the State Court Action. Judge Spain had ordered me to evict all tenants who were not paying rent. **Exhibit A,** May 5, 2016 Transcript, pp. 46:20-25; 46:25-47:7. The affiliated entity, Tesh, LLC, was evicted for non-payment of rent. Had I not followed the order of Judge Spain and evict Tesh, LLC, I would have breached my duties as an officer or representative of the State Court.

9. As a receiver in either the State Court, or a Federal Court, I am an officer or representative of the Court. As such, I am a fiduciary to the Court, and I do not believe I have a conflict as a result of my actions as Receiver in the State Court Action, if I were to be appointed as receiver in this action.

I declare under the laws of the State of California that the foregoing is true and correct and that this declaration was signed in San Francisco, California on 16th day of February, 2017.

                    */s/  Susan L. Uecker*
                    Susan L. Uecker