USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT C

# TO

# DECLARATION OF SUSAN L. UECKER

United States District Court
For the Northern District of California

1

2

3

4   UNITED STATES DISTRICT COURT

5   NORTHERN DISTRICT OF CALIFORNIA

6

7   ALAN YOUNG, et al.,                          Case No.  16-cv-04262-EMC

8           Plaintiffs,

9       v.                                       **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

10  THOMAS M HENDERSON, et al.,                   Docket No. 13

11          Defendants.

12

13          Defendants California Gold Medal, L.P. and Comprehensive Care of Oakland, L.P.

14  (together, "Removing Defendants") removed this action from state court on July 29, 2016.  *See*

15  Docket No. 5 ("Removal").  Plaintiff Alan Young ("Young") filed a motion to remand this action

16  back to the Superior Court of the State of California in and for the County of Alameda.  *See*

17  Docket No. 13 ("Motion").

18          Plaintiff asked that the Motion be heard on an expedited schedule.  Docket No. 14.

19  Removing Defendants opposed, arguing they needed more time to develop their arguments.  *See*

20  Docket No. 21 at 4.  The Court set a hearing date of August 18, 2016 for the Motion.  After the

21  Court set the hearing date, Removing Defendants stated for the first time that their counsel was

22  unavailable until September 5, 2016.  *See* Docket No. 23.  The Court grants Removing

23  Defendants' request to vacate the August 18 hearing.

24          The Court concludes no hearing is necessary.  Pursuant to Civil Local Rule 7–1(b), the

25  Court finds that this matter is appropriate for decision without oral argument and is deemed

26  submitted.  *See* N.D. Civ. L.R. 7–1(b).  Having considered the parties' arguments, the Court

27  **GRANTS** Plaintiff's Motion to Remand.

28

**EXHIBIT C**

A.    Background

    1.    Procedural

This action has been proceeding in California state court since July 22, 2015 ("State Action"). *See* Removal at 2.  Plaintiff named Thomas, Michael, and Matthew Henderson (the "Henderson Family", or the "Family") – all parties affiliated with Removing Defendants. *See* Docket No. 5-7 ("FAC").  After nearly a year of active litigation in state court, Young filed a Second Amended Complaint in the State Action on May 13, 2016. *See* Docket No. 5-24 ("SAC"). The SAC added Removing Defendants. *See id.* at 1.

The SAC asserts causes of action for breach of fiduciary duty, conversion, breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, violation of California Corporations Code Section 177072.01, and demands for books and records and for an accounting. *See* SAC at 29-43.  It asserts no federal claims:  Removing Defendants, however, contend the SAC "alleges substantial questions of federal law." Removal at 4.

On May 13, 2016, Plaintiff sent the SAC to counsel that represents the Henderson Family and Removing Defendants' sister company in the State Action. *See* Docket No. 13-3.  The same counsel represents Removing Defendants here. *See* Reply at 7; *compare* Docket No. 13-3 *with* Removal (both showing Casalina & Disston as counsel).

Removing Defendants claim not to have been officially served with the SAC until June 28, 2016.  Removal at 2.  By this time, Removing Defendants had been served with the summons and various pleadings from the State Court action. *See* Docket No. 5 (attaching, *inter alia*, the SAC and Plaintiff's exhibits filed in support of the SAC, served on Removing Defendants by June 28, 2016; State Action defendants' Answer to the SAC and State Action defendants' Cross-Complaint, served on Removing Defendants by June 9, 2016).

Removing Defendants attempted to remove to this Court on July 28, 2016. *See* Docket No. 1.  However, they failed to attach the required documents, and removal was not effective. *See id.*  Removing Defendants filed a second notice of removal on July 29, 2016. *See* Removal.

    2.    Facts

Plaintiff invested in six limited partnerships ("LPs") and limited liability companies

2

**United States District Court**
For the Northern District of California

("LLCs") called CallSocket (collectively, "CallSockets"). SAC at 1. He owns between 47.5 and 50 percent of three CallSocket LLCs. ¶¶ 9, 12, 15.[1] This ownership in the LLCs gives him "an interest in the revenues and profits" of the three CallSocket LPs. ¶¶ 11, 14, 18.

The CallSockets were founded to allow foreign investors to gain visa status. ¶ 67. Investors invested in the LPs, and the CallSocket LLCs operate the CallSocket LPs "on behalf of the foreign limited partner investors." ¶ 71. In exchange for managing the LPs, the LLCs (and through them their owners, Plaintiff and the Henderson Family) would receive $50,000 up front, a management fee of $10,000 per investor per year, and 50 percent of the cash flow. ¶ 72. Thomas Henderson handled the tasks associated with corporate formation, and Plaintiff created a business plan and managed the call centers. ¶ 74.

Plaintiff asserts that he has been "frozen out of the business and operations of" the CallSockets. ¶ 2. He believes this is because the Henderson Family, personally and through companies they own and manage, have been diverting CallSockets' assets and funds "for their personal use and benefit unrelated to any legitimate company purpose." ¶¶ 3, 25. Among other entities,[2] Plaintiff alleges the Henderson Family owns Removing Defendants, and acts as agent for service of process on Removing Defendants. ¶¶ 27, 35. He alleges these defendants "have taken $53.5 million of investor funds." ¶ 4.

Plaintiff alleges that the Henderson Family has commingled funds between the CallSockets, San Francisco Regional Center ("SFRC"), and various entities the Family controls. ¶ 59. He also alleges the Family uses the CallSockets' funds for their personal benefit; to acquire real property, personal property, and businesses in the name of the Henderson Family or of one of the entities they control; to divert the CallSockets' funds into separate bank accounts; and to lease real property with CallSockets' funds and then take the income from that lease for their own use.

---

[1] Unless otherwise noted, "¶" refers to the SAC.

[2] Plaintiff alleges the Henderson Family also owns and acts as agent for service of process for SFRC; Berkeley Healthcare Dynamics, L.P.; CallTeks Security, LLC; City Brand Media, LLC; Immedia, LLC; Magnin Events, LLC; North America 3PL, LLC; North America 3PL, L.P.; Tesh, LLC; This is There Restaurant Group, LLC; Hydrant Media, LLC; HF Telco, LLC; Metro WiFi Rail, L.P.; JL Gateway, LLC; and GeoDomain Development Ventures, LLC. SAC ¶¶ 25-41. The Henderson Family and SFRC were named in Plaintiff's FAC. *See* FAC.

3

¶ 60.  He alleges the Henderson Family breached the CallSockets' Operating Agreements by:

- engaging in related party transactions prohibited by the agreements, ¶ 86;
- failing to properly allocate and account for profits, losses, expenses, and income, and failing to properly allocate distributions, ¶ 87;
- failing to maintain separate bank accounts for each LLC, and commingling each CallSockets' funds with SFRC, other CallSockets, and other companies owned by the Henderson Family, ¶ 88;
- failing to provide Plaintiff with annual financial statements, ¶ 89;
- failing to maintain proper books and records, ¶ 90; and
- failing to give Plaintiff access to the books and records, ¶ 91.

Plaintiff alleges the Henderson Family solicited foreign investment by providing investors with offering documents.  ¶ 92.  These documents promised investors' capital would be used "only . . . for job-creating investments in the relevant geographic area;" "[t]hat the business objective and business purpose of each of the CallSocket LPs was to operate a call center in Oakland;" "[t]hat the general partner would only make investments that met the job creation requirements of the EB-5 program;" projected profits, and stated how expenses would be paid.  ¶ 93.  Plaintiff asserts the Henderson Family breached these promises by using investments "to speculate in and improve commercial real estate" and to pay expenses for other Family-owned companies.  ¶ 97. Relevant here, Plaintiff alleges this breached the promises that the funds would be used "only for job-creating investments," "to operate a call center in Oakland," and only for "investments that met the job creation requirements of the EB-5 program."  ¶¶ 97, 98, 101.

3.    Law

Removing Defendants contend this case involves a question of federal law because some of the investors in CallSockets are foreign investors.  Removal ¶¶ 2-3.  The United States allocates up to 7.1 percent of visas to immigrants who have invested, or who are investing, at least $1 million in "a new commercial enterprise" "which will benefit the United States economy and create full-time employment for not fewer than 10" persons legally entitled to work in the United States.  8 U.S.C. § 1153(b)(5)(A)-(C).  This is the "EB-5 Immigrant Investor Program," and is

United States District Court
For the Northern District of California

administered by the United States Citizenship and Immigration Services ("USCIS"). *See* USCIS,

EB-5 Immigrant Investor Program, https://www.uscis.gov/eb-5 (last visited August 15, 2016).

USCIS approves "investor regional centers" to implement this program. *See id.* San

Francisco Regional Center ("SFRC"), a defendant in the State Action, is one of the regional

centers approved by USCIS. Removal ¶ 2. Like Removing Defendants and the other defendants

in the State Action, SFRC is owned by the Henderson Family, Thomas Henderson is its agent for

service of process, and it shares counsel in the State Action with other defendants. SAC ¶ 25.

Plaintiff also alleges that SFRC and Thomas Henderson "are the alter egos of one another." *Id.* ¶¶

21, 54-61.

SFRC finds projects for investment and counts the number of jobs created by the project.

*Id.* A foreign investor then needs only to provide identification documents, evidence of

investment, and proof that the investment funds come from a lawful source. *Id.*

B.    Analysis

1.    Legal Standard

A defendant may remove a civil action filed in state court to federal court if the action

could originally have been filed in federal court, unless otherwise expressly provided by Congress.

28 U.S.C. § 1441(a). Defendants may remove on the basis of an amended pleading, even "if the

case stated by the initial pleading is not removable." *Id.* at § 1446(b)(3). In addition, "[i]f

defendants are served at different times" and a later-served defendant removes the action, "any

earlier-served defendant may consent to the removal even though that earlier-served defendant did

not previously initiate or consent to removal." *Id.* at § 1146(b)(2)(C).

Congress has set forth precise procedures for removal:

> *A defendant or defendants desiring to remove* any civil action from a
> State court *shall file* in the district court of the United States for the
> district and division within which such action is pending *a notice of
> removal* signed pursuant to Rule 11 of the Federal Rules of Civil
> Procedure and containing a short and plain statement of the grounds
> for removal, *together with a copy of all process, pleadings, and
> orders served upon such defendant or defendants in such action.*

*Id.* at § 1446(a) (emphasis added).

United States District Court
For the Northern District of California

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* at § 1446 (b)(1). In others words, the removal clock starts ticking once a defendant has been served with both the summons and the complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (identifying when the clock starts ticking under various situations).

Upon a motion to remand, the scope of a removal statute is strictly construed against removal. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir.2008). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (internal citations and quotations omitted); *Elec. Workers Local #357 Pension v. Clovis Oncology, Inc.*, -- F. Supp. 3d --, 2016 WL 2592947, at *3 (N.D. Cal. May 5, 2016) ("Plaintiff does not have the burden of establishing an 'express exception' to the removal statute."). Any decision to remand is not subject to appeal. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").

2.    Removing Defendants Had Until July 28, 2016 to Remove

Plaintiff argues that removal "is untimely, having been filed more than 30 days after Removing Defendants received the Complaint." Mot. at 3. He points to the removal statute's provision requiring defendants to remove within 30 days of the earlier of the day they were served or the day they received a copy of the pleading. Motion at 7-8. Here, Plaintiff contends that Removing Defendants received the SAC within a day or two of May 27, 2016, which is the day he mailed the SAC to Removing Defendants' agent for service of process. *Id.* at 7. Thus, by his calculations, Removing Defendants should have removed by the end of June. In other words, Plaintiff contends the removal clock began ticking the day the SAC arrived by mail.

Plaintiff's argument fails to account for the California statute governing service by mail. That code section states that "[s]ervice of a summons" by mail "is deemed complete on the date a written acknowledgement of receipt of summons is executed." Cal. Civ. Proc. Code § 415.30(c).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    The United States Supreme Court has held that the removal clock does not start ticking until the

2    defendant is "notified of the action, and brought under a court's authority, by *formal process*."

3    *Murphy Bros.*, 526 U.S. at 347 (emphasis added).   In that case, the plaintiff faxed a courtesy copy

4    of the complaint to the defendant on January 29, 1996, but did not formally serve the defendant

5    until February 12. *Id.* at 348. The defendant removed thirty days after service. *Id.* The Supreme

6    Court held that the removal period did not run until both service and furnishing of the complaint to

7    the defendant are complete. *Id.* at 354, 356.

8          While Removing Defendants received the SAC by early June, they sat on the document

9    and did not execute the required acknowledgement until June 28, 2016. *See* Docket No. 21-1.

10   While this may reflect gamesmanship by Removing Defendants, California law permits this.

11   Service was not complete until the acknowledgement was executed on June 28, 2016. Defendants

12   thus had until July 28, 2016 to remove the case. *See* 28 U.S.C. § 1446(b).

13          3.   <u>Removing Defendants Did Not Remove Until July 29, 2016</u>

14          Removing Defendants did not remove to this Court until July 29, 2016.  The statute

15   governing removal procedure states that, when a defendant removes to federal court, the defendant

16   "shall file" "a notice of removal" "together with a copy of all process, pleadings, and orders served

17   upon such defendant." 28 U.S.C. § 1446(a). Here, Removing Defendants had been served with a

18   copy of the SAC and its exhibits, a cross-complaint, and an answer, all on or before June 28,

19   2016.[3] Removing Defendants filed a notice of removal at 3:26 p.m. on July 28, 2016. *See* Docket

20   No. 1. However, this notice was not accompanied by any of the papers that had been served on

21   Removing Defendants. *See id.* Indeed, Removing Defendants did not even attach the SAC that

22   they contend gives rise to jurisdiction. *See id.* Removing Defendants did not correct this error

23   until 3:52 p.m. on July 29, 2016.[4]

24          The removal statute is not permissive.  It requires that defendants "shall file" the notice,

25   _____

26   [3] Removing Defendants' Notice of Removal attached two orders from the State Action. *See* Docket Nos. 5-22 (order denying motion to strike), 5-23 (order sustaining demurrer to FAC).

27   [4] The 30-day removal clock begins ticking from the day the summons and complaint are served.  It
28   does not re-start when other documents are served. *See* 28 U.S.C. § 1446(b) (removal must be "within 30 days after the receipt . . . of a copy of the *initial pleading*") (emphasis added).

United States District Court
For the Northern District of California

1    "together with" other served papers. 28 U.S.C. § 1446(a).  Here, Removing Defendants did not

2    comply with the removal statute within the allotted time.  Therefore, they did not timely remove

3    this case.

4            This is a strict construction of the statute, but is not unfair to Removing Defendants.  First,

5    as noted above, Removing Defendants sat on the summons for the State Action for four weeks,

6    well over the time contemplated by the California State Legislature, [5] and still had an additional 30

7    days to remove.  In all, Removing Defendants had eight weeks from the time they received the

8    SAC to organize their strategy and their papers.  This is not a case where Removing Defendants

9    were rushed in their removal.

10           Second, Removing Defendants presumably knew about the SAC by May 13, 2016, when

11   the same counsel they shared with the other affiliated Defendants received the SAC which named

12   Removing Defendants as defendants in the action.  *See* Docket No. 5-29 at ¶¶ 27, 35 (admitting

13   that the Henderson Family is the owner and agent for service of process for Removing

14   Defendants); ¶ 25 (admitting that the Henderson Family is the owner and agent for service of

15   process for SFRC); SAC at 45.

16           Third, the California court has already expended substantial resources in the State Action.

17   The State Action has been through two rounds of dismissal briefing, and the State Action

18   defendants have already answered Plaintiff's SAC.  *See* Docket No. 5-29.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25

26   ─────────────────
     [5] California law provides that if a defendant does not complete the acknowledgement within 20
27   days, the defendant "shall be liable for reasonable expenses thereafter incurred in serving or
     attempting to serve the party by another method."  Cal. Civ. Proc. Code § 415.30(d).  The
28   California State Legislature did not contemplate a defendant sitting on the summons for four
     weeks, as Removing Defendants did here.

1        Removing Defendants did not comply with the removal statute, and it is entirely equitable

2    to hold them to that statute.  The Court **GRANTS** Plaintiff's motion to remand.

3        This order disposes of Docket Nos. 13 and 18.

4

5        **IT IS SO ORDERED**

6

7    Dated: August 16, 2016

8    _____

9    EDWARD M. CHEN
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

9

USDC CASE NO. 3:17-CV-0023-RS
<u>SEC V. SFRC, ET AL.</u>

# EXHIBIT D

# TO

# DECLARATION OF SUSAN L. UECKER

**In the Matter Of:**

ALLAN YOUNG vs. THOMAS M. HENDERSON, et al.,

**CMC HEARING**

*June 09, 2016*

**Court Reporters, Videography, Trial Preparation**

**Videoconference Center**

Oakland ♦ San Francisco ♦ San Jose ♦ Los Angeles

877.451.1580

www.aikenwelch.com



EXHIBIT D

1     SUPERIOR COURT OF CALIFORNIA

2      COUNTY OF ALAMEDA

3    BEFORE HONORABLE JULIA SPAIN

4      DEPARTMENT 19

5      ---oOo---

6 ALLAN YOUNG,

7    Plaintiff,

8 vs.        No. RG15778891

9 THOMAS M. HENDERSON, MATTHEW
  T. HENDERSON, et al.,

10

11    Defendants.
  _____/

12

13

14   REPORTER'S TRANSCRIPT OF PROCEEDINGS

15    (Case Management Conference)

16      June 9, 2016

17

18

19   Taken before ERIN F. ROBINSON

20     CSR No. 12199

21

22

23    Aiken Welch Court Reporters
    One Kaiser Plaza, Suite 250
    Oakland, California 94612
24   (510) 451-1580/(877) 451-1580
    Fax:  (510) 451-3797
25    www.aikenwelch.com

```
 1   APPEARANCES OF COUNSEL:

 2
     For the Receiver Susan Uecker:
 3
             ELIZABETH BERKE-DREYFUSS, Esq.
 4           Wendel Rosen Black & Dean
             1111 Broadway, 24th Floor
 5           Oakland, California 94607
             (510)834-6600
 6           edreyfuss@wendel.com

 7   For the Receiver Susan Uecker:

 8           GREGORY NERLAND, Esq.
             (CourtCall)
 9           Akawie & LaPietra
             1981 North Broadway, Suite 320
10           Walnut Creek, California 94596
             (925)979-5661
11           gnerland@gmail.com

12   For the Receiver Susan Uecker:

13           WILLIAM HUCKINS, Esq.
             Allen, Matkins, Leck, Gamble, Mallory & Natsis
14           Three Embarcadero Center, 12th Floor
             San Francisco, California 94111
15           (415)837-1515
             whuckins@allenmatkins.com
16
     For the Plaintiff Allan Young:
17
             JONATHAN K. LEVINE, Esq.
18           ELIZABETH C. PRITZKER, Esq.
             Pritzker Levine LLP
19           180 Grand Avenue, Suite 1390
             Oakland, California 94612
20           (415)692-0772
             jkl@pritzkerlevine.com
21           ecp@pritzkerlevine.com

22

23

24

25
```

```
1    APPEARANCES OF COUNSEL(continued):

2

     For the Defendants SFRC; and Henderson Defendants:
3

             LEEDS DISSTON, Esq.
4            CHRISTINE CHORNEY, Esq.
             Casalina Disston
5            409 13th Street, 9th Floor
             Oakland, California 94612
6            (510)835-8110
             casdiss@yahoo.com
7
     For Torchlight Loan Services, Special Service to the
8    Lender on Tribune Tower:

9            GEOFFREY A. HEATON, Esq.
             Duane Morris LLP
10           One Market Plaza, Suite 2200
             San Francisco, California 94105
11           (415)957-3122
             gheaton@duanemorris.com
12
     For Callsocket LP, Callsocket LLC:
13
             SABRINA BAPTISTE, Esq.
14           Law Office of Sabrina Baptiste
             409 13th Street, Suite 800
15           Oakland, California
             (510)910-2320
16           sabrina@sfeb5.com

17   For Callsocket II LP, Callsocket 2 LLC:

18           ROBERT L. SHEPARD, Esq.
             Robert L. Shepard Professional Law Corporation
19           235 Montgomery Street, Suite 970
             San Francisco, California 94104
20           (415)951-8234
             rls@shepardestateplanning.com
21

22

23

24

25
```

```
 1    APPEARANCES OF COUNSEL(continued):

 2
      For North American 3PL, LLC, Intervenor Clement Chin:
 3
              JAMES J. FICENEC, Esq.
 4            Archer Norris
              2033 North Main Street, Suite 800
 5            Walnut Creek, California 94596
              (925)930-6600
 6            jficenec@archernorris.com

 7    Also Present:

 8            SUSAN UECKER, Receiver
              THOMAS HENDERSON
 9            MARVIN TATE
              ANNE YANOW
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              P R O C E E D I N G S

2         Thursday, June 9, 2016 - 10:12 a.m.

3                   ---oOo---

4         THE COURT:  We have a few preliminary things we

5    can take care of that maybe will narrow down the number

6    of participants a little bit.  So we are on the record

7    at this time in the matter of Young versus Henderson.

8         The receiver is present.  Plaintiff's counsel

9    is present.  Mr. Disston is present.  And let me, in

10   the interest of time, just address a couple of things

11   first.

12        And that is that Mr. Huckins, as pleasant as it

13   is to see you again, I am not prepared to rule on your

14   fee request today, and no further appearances are

15   needed or required by you.  I will get to it as soon as

16   I can and I will issue my order.  And I apologize if I

17   in any way gave you any impression that I was going to

18   be ruling on that today.

19        The next thing I'd like to do is address the

20   receiver's request to employ counsel to assist her in

21   discharging her duties, and the first request is to

22   employ Wendel Rosen, and I'm prepared to grant that so

23   long as it's clearly understood that I am not

24   authorizing counsel to appear to represent the receiver

25   before this court.
```

1    there are any investors that you're in contact with, at

2    some point if they're going to hire counsel, they need

3    to start appearing here in court because one of the

4    issues I have had has been communicating with these

5    investors who are somewhat indispensable parties in

6    deciding how things are going to go.

7            So at this point in time, I'm going to defer to

8    Ms. Berke-Dreyfuss who says you don't have the

9    authority to appear and if you think you do, then you

10   can make a motion, and I'll make a formal ruling.

11           But at this time I do know my order says that

12   only the receiver can hire counsel for the CallSocket

13   entities because she is now their legal responsible

14   party.

15           MS. BAPTISTE:  Right.  Thank you, your Honor.

16           THE COURT:  So Mr. Disston, I'll see you and

17   whichever client you want to bring and Mr. Tate,

18   please, sir, I think that Mr. Green has kindly made

19   those of us who will be in there some fresh coffee.

20           (Recess taken at 10:36 a.m.)

21           (Confidential portion of hearing

22            begins in a separate transcript.)

23           THE COURT:  Okay.  It looks like we're all here

24   now.  We are back on the record in the courtroom.  All

25   counsel are present, and the receiver is present and

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT E

# TO

# DECLARATION OF SUSAN L. UECKER

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

CALLSOCKET II, L.P., a California
Limited Partnership, et al.,

    Petitioners,

v.

THE SUPERIOR COURT OF ALAMEDA
COUNTY,

    Respondent;

ALLAN YOUNG, Plaintiff, and SUSAN
UECKER, as Receiver,

    Real Parties in Interest.

> Court of Appeal First Appellate District
> **FILED**
> SEP 3 0 2016
> Diana Herbert, Clerk
> by_____Deputy Clerk

A149225

(Alameda County
Super. Ct. No. RG-15-778891 )

BY THE COURT:

    The petition for writ of mandate is denied, and the temporary stay entered on
September 2, 2016, is hereby dissolved.

DATE: _____SEP 3 0 2016_____  ___KLINE, P.J._____, P.J.

1    **EXHIBIT E**

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT F

## TO

## DECLARATION OF SUSAN L. UECKER

Court of Appeal, First Appellate District, Division Two - No. A149225

S237669

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

CALLSOCKET II, L.P., a California Limited Partnership, et al., Petitioners,

v.

SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;

ALLAN YOUNG, Plaintiff, and SUSAN UECKER, as Receiver, Real Parties in Interest.

---

The petition for review and application for stay are denied.

SUPREME COURT
# FILED

NOV 2 2 2016

Jorge Navarrete Clerk

Deputy

CANTIL-SAKAUYE

*Chief Justice*

**EXHIBIT F**

USDC CASE NO. 3:17-CV-0023-RS
<u>SEC V. SFRC, ET AL.</u>

# EXHIBIT G

## TO

## DECLARATION OF SUSAN L. UECKER



*14868685*

1  JONATHAN K. LEVINE (SBN: 220289)
   ELIZABETH C. PRITZKER (SBN: 146267)
2  BETHANY CARACUZZO (SBN: 190687)
   **PRITZKER LEVINE LLP**
3  180 Grand Avenue, Suite 1390
   Oakland, CA 94612
4  Telephone: (415) 692-0772
   Facsimile:  (415) 366-6110
5  Email: jkl@pritzkerlevine.com
          ecp@pritzkerlevine.com
6

7  Attorneys for Plaintiff ALLAN YOUNG

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF ALAMEDA

10                      UNLIMITED JURISDICTION

11  ALLAN YOUNG, an individual, derivatively      Case No:  RG-15-778891
    and on behalf of himself,                     [Related Case RG-16-834184]
12
                    Plaintiff,                    [PROPOSED ORDER] SUSTAINING
13        vs.                                      ALLAN YOUNG'S DEMURRER TO
                                                   VERIFIED COMPLAINT TO QUIET
14  THOMAS M. HENDERSON, et al.,                   TITLE AND FOR DECLARATORY
                                                   AND INJUNCTIVE RELIEF BY
15                  Defendants, and                CALLSOCKET HOLDING CO., LLC

16  CALLSOCKET, LLC, et al.,
                                                   ASSIGNED FOR ALL PURPOSES TO
17                  Nominal Defendants.            Judge: Brad Seligman
                                                   Dept.: 30
18  SAN FRANCISCO REGIONAL CENTER,
    LLC,
19                  Cross-Complainant,             Reservation No: R-1789657
          vs.
20                                                 Hearing Date:    October 26 , 2016
    ALLAN YOUNG, et al.,                           Hearing Time:    3:00 p.m.
21                                                 Department:      30
                    Cross-Defendants.
22
    CALLSOCKET HOLDING COMPANY, LLC
23
                    Plaintiff,                     Complaint Filed: July 22, 2015
24        vs.                                      Cross-Complaint Filed: June 9, 2016
                                                   Complaint to Quiet Title Filed: Oct. 6, 2016
25  ALLEN YOUNG [sic], et al.,
                                                   Trial Date: Vacated; TBD
26                  Defendants.

27                                                      **EXHIBIT G**

28

───────────────────────────────────────────────────
[PROPOSED] ORDER SUSTAINING ALLAN  YOUNG'S OF DEMURRER TO COMPLAINT TO QUIET
TITLE BY CALLSOCKET HOLDING CO. LLC

FILED
ALAMEDA COUNTY

OCT 2 6 2016

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

1   Plaintiff/defendant Allan Young's demurrer to the complaint to quiet title filed by

2   CallSocket Holding Company, LLC ("CHSC") came on for hearing on October 26, 2016 at 3:00

3   p.m., in Dept. 30 of the Superior Court, County of Alameda, the Honorable Brad Seligman

4   presiding. The Court issued a tentative ruling, and defendant CallSocket Holding Company, LLC

5   contested that tentative ruling and a hearing was held. Elizabeth C. Pritzker of Pritzker Levine, LLP

6   appeared on behalf of Allan Young.  ~~John-Siamas~~ *TIMOTHY MOORE* of Reed Smith, LLP appeared on behalf of

7   moving party. Having considered the written materials submitted, all of the pleadings, records and

8   papers on file, the arguments of counsel, and good cause appearing therefore:

9   **IT IS HEREBY ORDERED** the Court affirms its tentative ruling in this matter as follows:

10   The demurrer of Allan Young, Plaintiff in *Young v. Henderson*, RG15-778891 (the

11   "Receivership Action") and Defendant in RG16-834184 (the Quiet-Title Action), to the complaint

12   filed by attorneys purporting to act on behalf of CallSocket Holding Company, LLC ("CSHC") that

13   initiated the Quiet-Title Action, in which CSHC is the Plaintiff, is SUSTAINED WITHOUT

14   LEAVE TO AMEND (and is also construed in part as a motion to strike, and, as such, GRANTED

15   WITHOUT LEAVE TO AMEND).

16   The demurrer must be sustained, and/or the complaint stricken and the Quiet-Title action

17   dismissed, for at least two independently sufficient reasons.

18   The first and simplest reason is that, under this court's order of April 7, 2016, confirming

19   the Receiver's appointment (Appointment Order) (all dates below are in 2016), CSHC is barred

20   from interfering with or constraining the Receiver in the discharge of her duties or withholding

21   properties of the CallSocket Entities (which include CSHC) and barred from directly or indirectly

22   encumbering any part of the CallSocket Entities. (Appointment Order, ¶¶ 20, 22). The Order applies

23   to Defendants in the Receivership Action (which includes Thomas Henderson, San Francisco

24   Regional Center ("SFRC"), and CallSocket LLC ("the LLC")) and to Defendants' agents and

25   affiliates and persons acting in concert with them. It is undisputed that Henderson and SFRC own

26   a majority interest in CSHC, and that CSHC is an affiliate of CallSocket LLC and owns the Tribune

27   Tower in trust for the LLC.

28

-1-

1    The Receiver is given exclusive control of the Tribune Tower, an asset of the entities which
2    she oversees (which include the LP as well as the Holding Company). Although Henderson, SFRC
3    and CSHC dispute the Appointment Order's correctness and jurisdictional basis, that order remains
4    in effect; CSHC (and Henderson and SFRC acting through CSHC) cannot collaterally challenge it
5    by filing a Quiet Title action in violation of its provisions.  As Young correctly notes, Defendants
6    and/or CSHC have directly challenged that ruling at several junctures before this court, which has
7    rejected their arguments, and Defendants/CSHC have not initiated proceedings in the Court of
8    Appeal to challenge those rulings.  The defendants in the main action have likewise not objected to
9    or appealed the court's order for the sale of the Tribune Tower.  Nor has CSHC attempted to
10   intervene in those proceedings.  (The court notes that, technically, CSHC's inability to bring this
11   purported challenge to the Receiver's sale of the property suggests that the proper remedy is an
12   order striking the complaint as improperly filed, as opposed to an order sustaining a demurrer with
13   leave to amend on the basis that the complaint cannot state a cause of action. Accordingly, the court
14   will construe the demurrer as made on that basis as a motion to strike and, as such, grant the motion
15   without leave to amend.

16       CSHC notes that it was not named as a defendant at the time of the Appointment Order or
17   served with a summons or with the ex parte application that led to the entry of the Appointment
18   Order. It contends that the Appointment Order is therefore void as to it for want of personal
19   jurisdiction and lack of due process, and that any party can raise the issue of such voidness at any
20   time. The problem, however, is that Defendants have already raised that alleged voidness and made
21   those arguments in response to the court's March 24 order directing them to show cause on April
22   17 why the Receiver's appointment should not be confirmed and in challenging the extension of the
23   receivership on July 14, and the court has rejected those arguments.

24       Moreover, since CSHC concedes that the LP is the equitable owner of the Tribune Tower,
25   and the court clearly has jurisdiction over the LP, it is not clear what interest CSHC claims was
26   denied without due process. Even if CSHC was not barred from bringing this action, its complaint
27   would fail to state a cause of action on the merits because its admission that it holds legal title to
28   the property in trust for CallSocket LP ("the LP") and its limited partners establishes that it cannot

- 2 -

[PROPOSED] ORDER SUSTAINING ALLAN YOUNG'S DEMURRER TO COMPLAINT TO QUIET TITLE
FILED BY CALLSOCKET HOLDING CO., LLC

1 allege an interest in the property at issue (i.e. the Tribune Tower) but instead claims to be pursuing

2 derivative claims on behalf of the LP and its limited partner based on his ownership interest in the

3 LLC, and based on the LLC's status as the general partner in the LP. (See 2d Am. Compl. ¶¶ 1, 6,

4 9, 11, 46, 118-122.) (CSHC contends that its interests are not adverse to the LP, a concession that

5 applies to Young's derivative claim.) CSHC argues that Young lacks standing to bring a derivative

6 action on behalf of the LP, as he does not allege that he is a limited partner in the LP. (Opp. at pp.5-

7 6, citing Corp. Code § 15910.03(a).)(Although Young's reply memo repeats the asserting that he

8 represents the LP and its limited partners "derivatively," he does not squarely address that argument

9 (Reply MPA at p.8.)). Young's operative Second Amended Complaint ("SAC") alleges that he

10 owns a 47.5% interest in the LLC, which he further alleges is the general partner of the LP. (SAC,

11 ¶¶ 9, 46). CSHC contends that "[t]he proper party to bring [a] derivative action on behalf of a

12 limited partnership is a limited partner" (id. at p.5), but the two decisions it cites merely establish

13 that a limited partner can bring a derivative action on behalf of a limited partnership (see *Everest*

14 *Investors 8 v. McNeil Partners* (2003) 114 Cal.App.4th 411, 426; *Wallner v. Parry Prof'l Bldg., Ltd.*

15 (1994) 22 Cal.App.4th 1446, 1449); they do not establish that the general partner in a limited

16 partnership cannot do so, or that the owner of an interest in the entity that is a general partner in a

17 limited partnership cannot do so. In any event, since there is no adverse claim against the LP, the

18 possibility that Young might, at some future date, be found to lack standing to act derivatively does

19 not turn his alleged derivative claim into an adverse claim. It may well be a novel question of law

20 whether Young, a part owner of the LLC that is the general partner in the LP, has standing to bring

21 derivative claims on behalf of the LP or its partners. Ultimately, however, that question is

22 immaterial to the present demurrer, for the essential point is that Young does not claim title to or a

23 personal ownership interest in the property at issue, the Tribune Tower, to which CSHC's

24 undisputed right to bare legal title could be "adverse." Young only claims to represent and pursue

25 derivative claim on behalf of the entities that all parties agree are the true equitable owners of the

26 property, namely, the LP and its limited partners.

27       It is also undisputed that, based on the allegations in Young's First Amended Complaint

28 ("FAC"), this court appointed and confirmed the appointment of the Receiver to manage and

[PROPOSED] ORDER SUSTAINING ALLAN YOUNG'S DEMURRER TO COMPLAINT TO QUIET TITLE
FILED BY CALLSOCKET HOLDING CO., LLC

1   dispose of the LLC's and LP"s property, including the Tribune Tower, and that, after Young had

2   filed his SAC, this court extended the Receiver's appointment. The Receiver thus has authority to

3   control and act on behalf of the LLC and the LP. Because Young does not personally claim title to

4   or a direct ownership interest in the property at issue, there is no adverse claimant as to whom CSHC

5   can bring an action to quiet title.

6   **IT IS SO ORDERED.** **

7

8   Dated: October 2ᖯ, 2016

9

10   HON. JUDGE BRAD SELIGMAN
     JUDGE OF THE SUPERIOR COURT

11

12

13

14   ** AND SALE OF THE TRIBUNE TOWER SHALL

15   OCCUR BEFORE OCTOBER 28, 2016 .

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

[PROPOSED] ORDER SUSTAINING ALLAN YOUNG'S DEMURRER TO COMPLAINT TO QUIET TITLE
FILED BY CALLSOCKET HOLDING CO., LLC

**PROOF OF SERVICE**

I, Bethany Caracuzzo, hereby declare as follows:

I am employed by PRITZKER LEVINE, LLP, 180 Grand Avenue, Suite 1390, Oakland, California, 94612. I am over the age of eighteen years and am not a party to this action.

On October 27, 2016 I served the attached **Notice of Entry of Order Sustaining Plaintiff Allan Young's Motion Demurrer to Complaint to Quiet Title Without Leave to Amend** on the following interested parties, at their addresses as set forth below, in the manner detailed below:

| | |
|---|---|
| Via E-mail:<br>Leeds Disston, Esq.<br>CASALINA & DISSTON<br>Tribune Building<br>409 13th Street, 9th Floor<br>Oakland, CA 94612<br>Email: casdiss@yahoo.com<br><br>*Counsel for Defendants Thomas M. Henderson, Michael R. Henderson, Matthew T. Henderson, Comprehensive Care of Oakland, L.P., and California Gold Medal, L.P.* | Via E-mail:<br>James A. Shepherd, Esq.<br>ELKINGTON SHEPHERD, LLP<br>Tribune Building<br>409 13th Street, 10th Floor<br>Oakland, CA 94612<br>Email: jim@elkshep.com<br>            sally@elkshep.com<br><br>*Counsel for Calltek Security, LLC; City Brand Media, LLC; Magnin Events, LLC; This Is There Restaurant Group, LLC; Hydrant Media, LLC; JL Gateway, LLC; and Geodomain Development Ventures, LLC; Immedia, LLC; HF Telco, LLC; and Metro WiFi Rail, L.P.* |
| Via E-mail:<br>Matthew S. Covington, Esq.<br>James J. Ficenec, Esq.<br>ARCHER NORRIS<br>One Embarcadero Center, Suite 360<br>San Francisco, CA 94111<br>Email: mcovington@archernorris.com<br>            jficenec@archernorris.com<br><br>*Counsel for TESH LLC; North America 3PL, LLC; North America 3PL LP; Berkeley Healthcare Dynamics, LP; Counsel for Proposed Non-Party Intervenor Clement Chin* | Via E-mail:<br>Robert Shepard<br>The Robert L. Shepard Professional Law Corporation<br>235 Montgomery Street, Suite 970<br>San Francisco, California 94104-3001<br>Email: sheplaw@yahoo.com<br>            rls@shepardestateplanning.com<br><br>*Counsel for Proposed Non-party Intervenors* |

//

//

//

//

| Via E-mail: | Via E-mail and U.S. First Class Mail: |
|---|---|
| Elizabeth Berke-Dreyfuss, Esq. | John Siamas, Esq. |
| WENDEL, ROSEN, BLACK | Timothy Moore, Esq. |
| & DEAN LLP | REED SMITH LLP |
| 1111 Broadway, 24th Floor | 101 Second Street, Suite 1800 |
| Oakland, CA 94607 | San Francisco, CA 94105-8700 |
| Email: edreyfuss@wendel.com | Email: jsiamas@reedsmith.com |
|  | tmoore@reedsmith.com |
| *Counsel for Receiver Susan Uecker* | |
|  | *Counsel for San Francisco Regional Center* |

XX    by **ELECTRONIC MAIL** to the individuals listed above at the email addresses listed above, prior to 5:00p.m., as per prior agreement between counsel.

XX    **FIRST CLASS MAIL POSTAGE FULLY PREPAID** to the individual identified above by placing said documents in a sealed envelope and depositing within the U.S. Postal Service this same day, prior to the close of business.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on this 27th day of October at Oakland, California.

Bethany Caracuzzo

PROOF OF SERVICE OF NOTICE OF ENTRY OF ORDER

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

EXHIBIT H

TO

DECLARATION OF SUSAN L. UECKER

Entered on Docket
November 04, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  RANDY MICHELSON (SBN: 114095)
   **MICHELSON LAW GROUP**

2  220 Montgomery Street, Suite 2100
   San Francisco, CA 94104

3  Telephone:  (415) 512-8600          **The following constitutes**
   Facsimile:  (415) 512-8601          **the order of the court. Signed November 4, 2016**

4  Email:  randy.michelson@michelsonlawgroup.com

5  JONATHAN K. LEVINE (SBN: 220289)
   ELIZABETH C. PRITZKER (SBN: 1462(

6  BETHANY L. CARACUZZO (SBN: 190       Roger L. Efremsky
   **PRITZKER LEVINE LLP**                U.S. Bankruptcy Judge

7  180 Grand Avenue, Suite 1390
   Oakland, CA 94612

8  Telephone:  (415) 692-0772
   Facsimile:  (415) 366-6110

9  Email:  jkl@pritzkerlevine.com
           ecp@pritzkerlevine.com

10          bc@pritzkerlevine.com

11 Attorneys for ALLAN YOUNG

12

13              UNITED STATES BANKRUPTCY COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      OAKLAND DIVISION

16
   IN RE.                              Case No:  16-42823
17
        CALLSOCKET II, L.P.            Chapter 11
18
                                       ORDER DISMISSING CASE
19

20      The Court having heard Allan Young's Motion to Excuse Turnover Under 11 U.S.C.

21 Section 543(D)(1)); or In the Alternative,  For Abstention Pursuant to 11 U.S.C. Section 305 Filed

22 by Interested Party Allan Young (the "Young Motion") and the Debtor's Motion Pursuant to 11

23 U.S.C. Section 543 for (1) Delivery by Custodian of All Property of the Bankruptcy Estate in Her

24 Possession , Custody or Control and (2) Accounting of Any Property of the Debtor, Proceeds,

25 Rents or Profits (the "Debtor's Motion"), appearances having been stated on the record, good

26 cause appearing, and for the reasons stated on the record, IT IS ORDERED:

27

28                                      **EXHIBIT H**

1.   The Young Motion is GRANTED with respect to abstention and DENIED as moot with respect to excusing turnover;

2.   The Debtor's Motion is DENIED as moot; and

3.   The case is DISMISSED.

* * * END OF ORDER * * *

1

<u>COURT SERVICE LIST</u>

2

3  No Parties

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

USDC CASE NO. 3:17-CV-0023-RS
<u>SEC V. SFRC, ET AL.</u>

# EXHIBIT I

## TO

## DECLARATION OF SUSAN L. UECKER



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

CALLSOCKET HOLDING COMPANY,
LLC, a California Limited Liability
Company,

      Petitioner,

v.

THE SUPERIOR COURT OF ALAMEDA
COUNTY,

      Respondent;

ALLAN YOUNG, Plaintiff, and SUSAN
UECKER, as Receiver,

      Real Parties in Interest.

> Court of Appeal First Appellate District
> **FILED**
> OCT 28 2016
> Diana Herbert, Clerk
> by_____Deputy Clerk

A149687

(Alameda County
Super. Ct. No. RG-15-778891)

BY THE COURT:

    The petition for writ of mandate is denied.

DATE:   OCT 28 2016          KLINE, P.J.   , P.J.

**EXHIBIT I**

1

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT J

# TO

# DECLARATION OF SUSAN L. UECKER

Entered on Docket
November 15, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  RANDY MICHELSON (SBN: 114095)
   **MICHELSON LAW GROUP**
2  220 Montgomery Street, Suite 2100
   San Francisco, CA 94104
3  Telephone: (415) 512-8600          The following constitutes
   Facsimile: (415) 512-8601          the order of the court. Signed November 10, 2016
4  Email: randy.michelson@michelsonlawgroup.com

5  JONATHAN K. LEVINE (SBN: 220289)
   ELIZABETH C. PRITZKER (SBN: 1462
6  BETHANY L. CARACUZZO (SBN: 190        Roger L. Efremsky
   **PRITZKER LEVINE LLP**                U.S. Bankruptcy Judge
7  180 Grand Avenue, Suite 1390
   Oakland, CA 94612
8  Telephone: (415) 692-0772
   Facsimile: (415) 366-6110
9  Email: jkl@pritzkerlevine.com
           ecp@pritzkerlevine.com
10          bc@pritzkerlevine.com

11 Attorneys for ALLAN YOUNG

12

13              UNITED STATES BANKRUPTCY COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      OAKLAND DIVISION

16
   IN RE                          Case No: 16-43013 WJL
17
                                  Chapter 11
18    CALLSOCKET HOLDING
      COMPANY, LLC.               **ORDER DISMISSING CASE**
19

20

21        The Court having heard Allan Young's Motion to Excuse Turnover Under 11 U.S.C.

22 Section 543(D)(1) and to Dismiss or Abstain Pursuant to 11 U.S.C. Section 305 (the "Motion"),

23 appearances having been stated on the record, good cause appearing, and for the reasons stated on

24 the record, IT IS ORDERED:

25        1.   The Motion is GRANTED; and

26        2.   The case is DISMISSED.

27

28              * * * END OF ORDER * * *          **EXHIBIT J**

COURT SERVICE LIST

1

2
No Parties
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT K

## TO

# DECLARATION OF SUSAN L. UECKER

Pritzker Levine LLP
Attn:  Pritzker, Elizabeth C.
180 Grand Ave.
#1390
Oakland, CA   94612_____

CASALINA & DISSTON
Attn:  Disston, Leeds
409 13th Street
9th Floor
Oakland, CA   94612

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Young<br><br>       Plaintiff/Petitioner(s)<br><br>VS.<br><br>Henderson<br><br>       Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG15778891</u><br><br>Application Re: Other Ex Parte Denied<br><br>Date:  12/06/2016<br>Time:  03:00 PM<br>Dept:  30 |

IT IS ORDERED that the Third Party's Application Re: Other Ex Parte is denied.

Dated:  12/06/2016

_facsimile_

_____
Judge Brad Seligman

## EXHIBIT K

| SHORT TITLE: Young  VS Henderson | CASE NUMBER: RG15778891 |
|---|---|

ADDITIONAL ADDRESSEES

Reed Smith, LLP
Attn:  Siamas, John S.
101 Second Street
Suite 1800
San Francisco, CA   94105-3659


ARCHER NORRIS
Attn:  Ficenec, James J.
1 Embarcadero Center
Suite 360
San Francisco, CA   94111____


Elkington Law Offices
Attn:  Elkington, Sally J.
1970 Broadway
Twelfth Floor
Oakland, CA   94612


Peretz & Associates
Attn:  Peretz, Yosef
22 Battery Street
Suite 200
San Francisco, CA   94111____


-- Third Party --
Njelita Law Offices
Attn:  Njelita, N. Maxwell

436 Fourteenth St., Ste. 1107
Oakland, CA   94612____

-- Third Party --
Wendel, Rosen, Black & Dean, LLP
Attn:  Berke-Dreyfuss, Elizabeth
1111 Broadway, 24th Fl.
Oakland, CA   94607-4036

-- Third Party --
DLA Piper LLP
Attn:  Convington, Matthew S.
555 Mission Street
Suite 2400
San Francisco, CA   94105

-- Third Party --
KRIEG, KELLER, SLOAN, REILLEY
& ROMAN LLP
Attn:  Keller, Kenneth E.
555 Montgomery Street
17th Floor
San Francisco, CA   94111

-- Third Party --
SacaLaw & Associates
Attn:  Saca, Diana M
501 Arkansas Street
San Francisco, CA   94107

-- Third Party --
Mallory & Natsis, LLP
Attn:  Huckins, William W.
Three Embarcadero Center
12th Floor
San Francisco, CA   94111____

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT L

## TO

# DECLARATION OF SUSAN L. UECKER

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Callsocket Holding Company, LLC** | **No. RG16834184** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Young** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    30                                        Honorable   Brad Seligman               , Judge

Cause called for Motion: November 15, 2016.

Reporter Desiree Winn, CSR No. 13645
Aiken Welch Court Reporters
Phone: 510-451-1580
Email: dwinn@aikenwelch.com

Plaintiff moves to extend the receivership and re-appoint Susan Uecker as Receiver. For the reasons stated below, the court GRANTS the motion.

The Receiver was appointed in April 2016 and renewed for 120 days on July 22, 2016. The appointment was made by Judge Spain after a showing that the assets for the covered entities had been dissipated, commingled, or used for unrelated transactions. The court subsequently ordered the closing of the CallSocket LP call center, the sale of three buildings purchased with limited-partner funds, and a freeze on hiring at CallSocket II, LP, among other things. While Defendant San Francisco Regional Center (joined by Defendants Thomas M, Michael R. and Mathew T. Henderson) raise a host of objections to the appointment of Ms. Uecker, they do not identify any change in conditions that would justify the termination of the Receivership. Indeed, a number of the tasks that the court set for the Receiver are not yet completed, including the finalization of the sale of property and the determination of the status of CallSocket II, LP. (To the extent that Defendants suggest that bankruptcy and appellate writ proceedings undermine the necessity for a Receiver, these claims are now moot since these proceedings have been dismissed, with the exception of an unlikely Petition for Review by the California Supreme Court.)

(Berkeley Healthcare Dynamics, LLC and North America 3PL, LLC's filed an opposition to the motion "to the extent that it applies to them and their business operations." As they note, the motion does not refer to them. In any event, the only potential harm to them is speculative, inasmuch as they concede the Receiver has not exercised any control over them or their assets.)

Defendants make numerous assertions to support their claim that Ms. Uecker failed to maintain the status quo and is not neutral or competent. The court finds that these claims are not supported, and, in some cases, border on the frivolous.  First, several of the complaints turn not on Ms. Uecker's conduct, but on orders that the court has issued, in some cases unilaterally, but with notice to the parties and an opportunity to object. Since the Receiver works for the court, she cannot be faulted for implementing the court's orders.  Second, Defendants argue that the Receiver should have polled the limited partners before undertaking judicially ordered sales. This claim misperceives the role of the Receiver as a representative of the court, and ignores the failure of Defendants to provide any contact information to the Receiver for the limited partners. Third, Defendants suggest that Ms. Uecker is guilty of self-dealing and/or colluding with the Plaintiff.  These incendiary claims are not supported by the record. The mere fact of communication with Plaintiff's counsel in this fast-moving case with multiple filings in multiple courts, especially against a backdrop where at least some Defendants have not been diligent in serving papers, is not proof of collusion.  Likewise, the suggestion that Ms. Uecker would profit from transactions is neither supported with evidence nor credible.

**Minutes**                    EXHIBIT L

M10984475

Finally, Defendants, relying on the declaration of Sabrina Baptiste, offer a litany of complaints about Ms. Uecker's conduct. The court has reviewed Ms. Baptiste's declaration, which is replete with arguably inadmissible hearsay and lack of personal knowledge. Several of the claims are extremely misleading, such as the assertion that the Receiver ignored a claim from the State of Indiana and allowed entry of a default judgment, when in fact it appears that Defendant Thomas Henderson, who was the agent for service of process, failed to promptly forward the claim to the Receiver. Likewise, claims of wage violations are questionable since it was Ms. Baptiste who was responsible for calculating wages at termination. The court has reviewed the balance of the claims as well as Ms. Uecker's reply declaration and finds that none of the claims is substantiated.

The court rejects as unjustified Defendants' proposal to increase the Receiver's bond to $50,000,000. Most of the liability Defendants claim to fear stems from actions the Receiver took at the behest of the court, after notice to the parties and an opportunity to object. No change of circumstances warrants the vast increase in the bond proposed by Defendants.

Receiver to provide proposed order.

Prevailing party shall serve a copy of this order upon all parties forthwith and file a proof of service with the Court.

Minutes of    11/15/2016
Entered on    11/16/2016

Chad Finke  Executive Officer / Clerk of the Superior Court

By    _Lynne Ly_
                                        Deputy Clerk

USDC CASE NO. 3:17-CV-0023-RS
SEC V. SFRC, ET AL.

# EXHIBIT M

# TO

# DECLARATION OF SUSAN L. UECKER



1   Matthew S. Covington (Bar No. 154429)
    mcovington@archernorris.com
2   James J. Ficenec (Bar No. 152172)
    jficenec@archernorris.com
3   ARCHER NORRIS
    A Professional Law Corporation
4   One Embarcadero Center, Suite 360
    San Francisco, California 94111-3735
5   Telephone:    415.653.1480
    Facsimile:    415.653.1481
6
    Attorneys for Defendant
7   TESH, LLC

**F I L E D**
ALAMEDA COUNTY

AUG 3 1 2016

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10

11   ALLAN YOUNG, an individual,            Case No.  RG-15-778891
     derivatively, and on behalf of himself,
12                                          *[Assigned to Hon. Julia Spain for All Purposes]*
              Plaintiff,
13
                                           **PEREMPTORY CHALLENGE**
14        v.                               (CCP § 170.6)

15   THOMAS M. HENDERSON, an
     individual; MICHAEL R. HENDERSON,
16   an individual; MATTHEW T.             Complaint Filed: July 22, 2015
     HENDERSON, an individual;            Trial Date: August 4, 2017
17   SAN FRANCISCO REGIONAL               Dept. 19
     CENTER, LLC, a California Limited
18   Liability Company, BERKELEY
     HEALTHCARE DYNAMICS, L.P., a
19   California Limited Partnership;
     CALIFORNIA GOLD MEDAL, L.P., a
20   California Limited Partnership;
     CALLTEKS SECURITY , LLC, a
21   California Limited Liability Company;
     CITY BRAND MEDIA, LLC, a California
22   Limited Liability Company; IMMEDIA,
     LLC a California Limited Liability
23   Company, MAGNIN EVENTS, LLC, a
     California Limited Liability Company;
24   NORTH AMERICA 3PL, LLC, a
     California Limited Liability Company;
25   NORTH AMERICA 3PL, L.P., a
     California Limited Partnership; TESH,
26   LLC, a California Limited Liability
     Company; COMPREHENSIVE CARE OF
27   OAKLAND , L.P., a California Limited
     Partnership; THIS  IS THERE
28   RESTAURANT GROUP, LLC, a
     California Limited Liability Company;

                    PEREMPTORY CHALLENGE


                        EXHIBIT M

1    HYDRANT MEDIA, LLC, a California
Limited Liability Company; HF TELCO,
2    LLC, a California Limited Liability
Company; METRO WIFI RAIL, L.P., a
3    California Limited Partnership; JL
GATEWAY, LLC, a California Limited
4    Liability Company; GEODOMAIN
DEVELOPMENT VENTURES, LLC, an
5    Arizona Limited Liability Company; and
DOES 1-25,
6
              Defendants,
7
   and
8
   CAL SOCKET, LLC, a California Limited
9    Liability Company; CALLSOCKET II,
LLC, a California Limited Liability
10    Company; CALLSOCKET III, LLC, a
California Limited Liability Company,
11
              Nominal Defendants.
12

13

14

15    Kevin Shimamoto declares:

16       1.      That he is a managing member of North America 3 PL, LLC. North America 3

17    PL, LLC is the managing member of defendant TESH, LLC. The managers of North America 3

18    PL, LLC, have approved the submission of this peremptory challenge on behalf of TESH, LLC.

19       2.      That the Hon. Julia Spain, the judge before whom this action is assigned, is

20    prejudiced against TESH, LLC or the interest of TESH, LLC so that TESH, LLC, cannot or

21    believes that it cannot have a fair and impartial trial or hearing before such judge.

22       I declare under penalty of perjury under the laws of the State of California that the

23    foregoing is true and correct.

24    Dated: August 31 , 2016

25

26

27              KEVIN SHIMAMOTO, Manager of North
             America 3 PL, LLC, Manager of TESH, LLC

28

2

PEREMPTORY CHALLENGE

1

## PROOF OF SERVICE

2   Name of Action:  YOUNG v. HENDERSON, et al.
    Court and Action No:  Alameda County Superior Court Action No. RG-15-778891

3

4       I, Yolanda Bullock, declare that I am over the age of eighteen years and not a party to this
    action or proceeding.  My business address is 2033 North Main Street, Suite 800, Walnut Creek,
    California 94596-3759.  On August 31, 2016, I caused the following document(s) to be served:

5

6                   *TESH, LLC'S PEREMPTORY CHALLENGE (CCP §170.6)*

7   [X]  by placing a true copy of the document(s) listed above, enclosed in a sealed envelope,
         addressed as set forth below, for collection and mailing on the date and at the business

8        address shown above following our ordinary business practices.  I am readily familiar
         with this business' practice for collection and processing of correspondence for

9        mailing with the United States Postal Service.  On the same day that a sealed envelope
         is placed for collection and mailing, it is deposited in the ordinary course of business

10       with the United States Postal Service with postage fully prepaid.

11  [ ]  by having a true copy of the document(s) listed above transmitted by facsimile to the
         person(s) at the facsimile number(s) set forth below before 5:00 p.m.  The transmission

12       was reported as complete without error by a report issued by the transmitting facsimile
         machine.

13

14  [ ]  by having personal delivery by First Legal of a true copy of the document(s) listed
         above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth

15       below.

16       by placing a true copy of the document(s) listed above, in a box or other facility
         regularly maintained by United Parcel Service (UPS), an express service carrier, or

17       delivered to a courier or driver authorized by the express service carrier to receive
         documents, in an envelope designated by the express service carrier, with delivery fees

18       paid or provided for, addressed as set forth below.

19

20  [ ]  I electronically served the above referenced document(s) through Email.  E-service in
         this action was completed on all parties listed on the service list with Email.  This

21       service complies with the court's order in this case.

22  *SEE ATTACHED SERVICE LIST*

23       I declare under penalty of perjury that the foregoing is true and correct.  Executed on
    August 31, 2016, at Walnut Creek, California.

24

25

26                                          _____
                                                    Yolanda Bullock

27

28
    B0479001/4822-2454-8914-1

## SERVICE LIST

| | |
|---|---|
| Jonathan K. Levine, Esq.<br>Elizabeth C. Pritzker, Esq.<br>Bethany L. Caracuzzo, Esq.<br>Shiho Yamamoto, Esq.<br>**PRITZKER LEVINE LLP**<br>180 Grand Ave., Suite 1390<br>Oakland, CA 94612 | *Attorney for Plaintiff, ALLAN YOUNG*<br><br>*Tel:        415-692-0772*<br>*Fax:       415-366-611*<br>*Email: jkl@pritzkerlevine.com;*<br>*ecp@pritzkerlevine.com;*<br>*bc@pritzkerlevine.com;*<br>*sy@pritzkerlevine.com* |
| Leeds Disston, Esq.<br>**CASALINA & DISSTON**<br>409 13TH St., 9th Floor<br>Oakland, CA 94612 | *Attorney for Defendants, THOMAS M.*<br>*HENDERSON, MICHAEL R.*<br>*HENDERSON, MATTHEW T.*<br>*HENDERSON and SAN FRANCISCO*<br>*REGIONAL CENTER LLC*<br><br>*Tel:        510-835-8110*<br>*Fax:       510-835-8113*<br>*Email: casdiss@yahoo.com* |
| N. Maxwell Njelita, Esq.<br>**NJELITA LAW OFFICES**<br>436 Fourteenth St., Suite 1107<br>Oakland, CA 94612 | *Attorney for Defendant, MARVIN TATE, CPA*<br><br>*Tel:        510-465-7500*<br>*Fax:       510-465-7501*<br>*Email: nmjelita@nmnlaw.com* |
| Gregory S. Nerland, Esq.<br>**AKAWIE & LaPIETRA**<br>1981 N. Broadway, Suite 320<br>Walnut Creek, CA 94596 | *Attorney for Receiver, SUSAN UECKER*<br><br>*Tel:        925-979-5661*<br>*Fax:       925-947-4348*<br>*Email: gnerland@gmail.com* |
| Elizabeth Berke-Dreyfus, Esq.<br>**WENDEL, ROSEN, BLACK & DEAN LLP**<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | *Attorney for Receiver, SUSAN UECKER*<br><br>*Tel:        510-834-6600*<br>*Fax:       510-834-1928*<br>*Email: edreyfuss@wendel.com* |
| Aron Oliner<br>**DUANE MORRIS LLP**<br>Spear Tower<br>One Market Plaza, Suite 2200<br>San Francisco, CA 94105 | *Attorney for TORCH LIGHT INVESTORS*<br><br>*Tel:        415-957-3000*<br>*Fax:       415-957-3001*<br>*Email: roliner@duanemorris.com* |
| William W. Huckins<br>**ALLAN MATKINS LLP**<br>Three Embarcadero Center – 12th Floor<br>San Francisco, CA 94111 | *Attorney for*<br><br>*Tel:        415-273-7426*<br>*Fax:       415-837-1516*<br>*Email: whuckins@allenmatkins.com* |

B0479001/4822-2454-8914-1

2

PROOF OF SERVICE

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

I, Susan L. Uecker, declare:

1.      I am the duly appointed and acting Receiver in the litigation styled, *Young v. Henderson et al,* Case No. RG15778891, pending before the Superior Court of the State of California, County of Alameda ("State Court Action").  I was appointed by the Amended Order Granting Plaintiff's Ex Parte Motion for Appointment of Receiver Pursuant to Code of Civil Procedure Section 564 and Setting Hearing on Order to Show Cause, dated March 25, 2016 ("Amended Order").  My appointment as receiver was confirmed by the Order Confirming Appointment of Receiver, dated April 7, 2016 ("Confirming Order").  My appointment as receiver has been extended by orders of State Court dated July 22, 2015, and November 22, 2015.  The following facts are true of my own personal knowledge and if called upon to do so, would and could competently testify thereto, except as to those matters that are alleged upon information and belief and as to those matters, I believe them to be true.

2.      A number of allegations made in the Opposition to Plaintiff's Motion for Preliminary Injunction filed by the Proposed Intervenors, the EB-5 Investors in the San Francisco Regional Center, LLC, California Gold Medal, L.P., CallSocket II, L.P., CallSocket II, L.P., Comprehensive Care of Oakland, L.P., NA3PL, L.P., West Oakland, Plaza, L.P. and the Declaration of Yuhong Ma filed in Support of that Opposition are false and/or misleading, and without any evidence.  In addition several of the statements made by North America 3PL, LLC and Berkeley Healthcare Dynamics, LLC and Mr. Henderson are also misleading.  I make this declaration to correct the record as to my actions taken as Receiver in the State Court Action.

3.      San Francisco Regional Center, LLC ("SFRC") assert that I took adverse positions to SFRC.  SFRC did not set forth the history of the State Court Action.  The Court must keep in mind that SFRC is the manager of each of the CallSocket LLCs, which is the general partner of each of the CallSocket limited partnerships as well as many of the other named defendants.

- On May 5, 2016, Judge Spain ordered that the CallSocket, L.P. (CallSocket I) call center expenses be rolled back by 30%, and that any tenants in the real properties that were not paying rent should be evicted.  Judge Spain ordered that CallSocket II, L.P. ("CallSocket II") call center expenses could remain the same, but a hiring freeze was imposed.  Attached hereto as