Elizabeth Berke-Dreyfuss (Bar No. 114651)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: edreyfuss@wendel.com

[proposed] Attorneys for Susan L. Uecker,
Receiver and Monitor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:17-CV-00223-RS |
| Plaintiff, | |
| vs. | |
| SAN FRANCISCO REGIONAL CENTER, LLC; THOMAS M. HENDERSON; CALIFORNIA GOLD MEDAL, L.P.; CALL SOCKET, L.P.; CALL SOCKET II, L.P.; CALLSOCKET III, L.P.; COMPREHENSIVE CARE OF OAKLAND, L.P.; NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.; CALLSOCKET, LLC; CALLSOCKET II, LLC; CALLSOCKET III, LLC; COMPREHENSIVE CARE OF CALIFORNIA, LLC; IMMEDIA, LLC; and NORTH AMERICA 3PL, LLC, | **RECEIVER'S AND MONITOR'S ADMINISTRATIVE MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF PROFESSIONALS** |
| Defendants, | |
| -and- | |
| CALLSOCKET HOLDING COMPANY, LLC; CALLSOCKET III HOLDING COMPANY, LLC; BERKELEY HEALTHCARE DYNAMICS, LLC; CENTRAL CALIFORNIA FARMS, LLC; and JL GATEWAY, LLC, | |
| Relief Defendants. | |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 4

II. PROCEDURAL HISTORY .................................................................................................. 5

III. LEGAL AUTHORITY .......................................................................................................... 6

    A. District Court Power To Administer The Receivership. ........................................... 6

    B. Deference To The Receiver's Business Judgment. ................................................... 7

IV. RELIEF REQUESTED ......................................................................................................... 8

    A. Employment And Compensation Of Uecker & Associates ..................................... 8

    B. Employment and Compensation of Wendel Rosen .................................................. 8

    C. Employment and Compensation of Akawie & LaPietra ........................................ 11

    D. Employment and Compensation of Baker Donelson ............................................. 11

    E. Employment and Engagement of Bachecki Crom ................................................. 14

V. CONCLUSION .................................................................................................................... 14

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bennett v. Williams*,
    892 F.2d 822 (9th Cir. 1989) ................................................................................................ 7

*CFTC v. Tooworth Int'l.*, Ltd.,
    205 F.3d 1107 (9th Cir. 1999) .............................................................................................. 6

*In re Thinking Machines Corn.*,
    67 F.3d 1021 (1st Cir. 1995) ................................................................................................. 7

*In re Thinking Machines Corp.*,
    182 B.R. 365 (D. Mass. 1995) ............................................................................................... 7

*SEC v. Basic Energy & Affiliated Resources*,
    273 F.3d 657 (6th Cir. 2001) ................................................................................................ 6

*SEC v. Capital Consultants, LLC*,
    397 F.3d 733 (9th Cir. 2005) ................................................................................................ 6

*SEC v. Elliot*,
    953 F.2d 1560 (11th Cir. 1992) ............................................................................................ 6

*SEC v. Forex Asset Management*, LLC,
    242 F.3d 325 (5th Cir. 2001) ................................................................................................ 6

*SEC v. Hardy*,
    803 F.2d 1034 (9th Cir. 1986) .............................................................................................. 6

*SEC v. Wang*,
    944 F.2d 80 (2d Cir. 1991) .................................................................................................... 6

*SEC v. Wencke*,
    622 F.2d 1363 (9th Cir. 1980) .............................................................................................. 6

*Securities and Exchange Commission v. Path America, LLC* ......................................................... 12

*Southwestern Media, Inc., v. Rau*,
    708 F.2d 419 (9th Cir. 1983) ................................................................................................ 7

*Young v. Henderson,*
    Case No. RG15778891 ........................................................................................................ 8

**RULES**

Local Civil Rule 66-2 .......................................................................................................................... 4

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

## I. INTRODUCTION

In accordance with the Court's March 29, 2017 Order Appointing Receiver and Monitor (the "Appointment Order") (Docket No. 100), and the law governing federal equity receiverships, Susan L. Uecker, the duly appointed receiver (the "Receiver") for Defendants San Francisco Regional Center, LLC; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket, LLC; CallSocket II, LLC; CallSocket III, LLC; Immedia, LLC; and Relief Defendants CallSocket Holding Company, LLC; CallSocket Holding III Holding Company, LLC; Central California Farms, LLC; and JL Gateway, LLC (collectively the "Receivership Entities"), and monitor ("Monitor") for Defendants' Comprehensive Care of California, LLC; Comprehensive Care of Oakland, L.P. and North America 3PL, LLC, and relief Defendants Berkeley Health Care Dynamics, LLC ("Monitor Entities"), hereby respectfully requests that the Court enter an Order authorizing the Receiver and Monitor to employ and compensate: (1) Uecker & Associates, Inc. to provide project management, bookkeeping, reporting and staffing ("Uecker & Associates"); (2) the firm of Wendel, Rosen, Black & Dean LLP ("Wendel, Rosen"), as her general receivership counsel; (3) the firm of Baker Donelson ("Baker Donelson"), as her EB-5 immigration counsel;(4) Akawie & LaPietra, Professional Corporation ("Akawie & LaPietra") as her leasing counsel; and (5) Bachecki, Crom & Co., LLP ("Bachecki Crom") CPAs, as her forensic accounting and tax preparation professionals (collectively, "Professionals").

The Receiver is not an attorney nor forensic tax accountant and does not have such professionals on staff. Considering the complexity and urgency of the numerous legal and factual issues facing the Receivership Entities and Monitor Entities, and that the Monitor's report is due within 45 days of the entry of the Appointment Order, the Receiver seeks to employ Professionals immediately. Pursuant to the provisions of Section I., ¶ 9. F. of the Appointment Order, the Receiver seeks to engage the Professionals as set forth above. Pursuant to the provisions of Section XV, ¶ 63 of the Appointment Order, the Monitor is authorized to engage the same Professionals she employs as Receiver. Pursuant to the provisions of Paragraphs 55 and 63 of the Appointment Order, the Receiver and Monitor request that, pursuant to Local Civil Rule 66-2, the

1  Court authorize and approve the engagements and compensation in accordance with the terms
2  presented herein.  Uecker Decl., ¶ 2.
3       This Administrative Motion is based on this Motion and the below Memorandum of Points
4  and Authorities, and the concurrently submitted Declarations of Elizabeth Berke-Dreyfuss
5  (Dreyfuss Decl."), Gregory Nerland ("Nerland Decl."), Robert Divine ("Divine Decl."), Jay Crom
6  ("Crom Decl."), and Susan L. Uecker ("Uecker Decl.").  A true and correct copy of the proposed
7  form of Order Granting Receiver's and Monitor's Motion for Order Authorizing Employment of
8  Professionals is attached hereto as **Exhibit A**.
9       Pursuant to the provisions of Local Rule 7-11(a), filed concurrently herewith is a
10 Stipulation As To Receiver's And Monitor's Administrative Motion For Order Authorizing
11 Employment Of Professionals ("Stipulation").  The Stipulation was served upon all counsel
12 appearing in this matter for each of the defendants and the SEC.  All counsel with the exception of
13 two have signed the Stipulation.  Dreyfuss Decl., ¶ 6, Exhibit G.  Patrick Freeman of Valle Makoff
14 LLP counsel for defendants San Francisco Regional Center, LLC; California Gold Metal, L.P.,
15 NA3PL, L.P.; West Oakland Plaza, L.P.; Immedia, LLC, did not oppose the Motion, but could not
16 sign the Stipulation based on Paragraphs 7 and 8 of the Appointment Order which provided that
17 the Receiver assumed control over the received Defendants and Relief Defendants and dismissed
18 the agents of those entities.  Id., Exhibit H.  Mr. Gilbert Serota of Arnold & Porter Kaye Scholer
19 LLP, counsel for defendant Mr. Thomas Henderson, did not respond to the request to sign the
20 Stipulation.  Id., Exhibit H.
21 **II.   PROCEDURAL HISTORY**
22      This matter was initially brought before the Court pursuant to a Complaint filed on January
23 17, 2017, by the Securities and Exchange Commission (the "SEC"), alleging that the named
24 Defendants had exploited a federal EB-5 visa program by defrauding investors seeking to invest in
25 the job creation program, earn a return on their investments and obtain a permanent U.S. visa as a
26 way toward United States residency.  (Docket No. 1)
27      On January 20, 2017, the SEC filed a motion seeking an order appointing a receiver over
28 the entity Defendants and Relief Defendants.  (Docket No. 10)

Following oral argument on March 2, 2017, the Court entered the Order Granting Motion for Preliminary Injunction and to Appoint a Receiver on March 23, 2017, pursuant to which the Court appointed Susan L. Uecker as a receiver over the Receivership Entities (Docket No. 96). The Court also appointed Ms. Uecker as Monitor over the Monitor Entities. Id. Pursuant to the terms of the Order Granting Motion for Preliminary Injunction and Motion to Appoint a Receiver, on March 29, 2017, the Court entered the Appointment Order. (Docket No. 100).

The Receiver and Monitor now seeks to engage the Professionals to assist her with performing her duties and obligations as reflected in the Appointment Order, and to assist with the orderly administration of the estate of the Receivership Entities ("Receivership Estate") and to assist her in carrying out her duties and responsibilities as Monitor. The qualifications of each firm and its professionals and their proposed billing rates are as set forth below and in the respective Declarations of Messrs. Nerland, Divine, and Mses. Uecker and Berke-Dreyfuss, submitted concurrently herewith.

## III.     LEGAL AUTHORITY

### A.     District Court Power To Administer The Receivership.

A district court's power to administer an equity receivership is extremely broad. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986); *SEC v. Forex Asset Management*, LLC, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Basic Energy & Affiliated Resources*, 273 F.3d 657, 668 (6th Cir. 2001); *SEC v. Elliot*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991).

"The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. The Ninth Circuit has explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions.

*SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (citations omitted); see also *CFTC v. Tooworth Int'l.*, Ltd., 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors."). Accordingly, this Court has broad equitable powers and discretion in formulating procedures, schedules and guidelines for administration of the Estate, and should authorize the engagement and compensation of the Professionals requested herein.

### B.      Deference To The Receiver's Business Judgment.

In the estate administration context, courts are deferential to the business judgment of bankruptcy trustees, receivers, and similar estate custodians. *See*, *e.g.*, *Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("[W]e are deferential to the business management decisions of a bankruptcy trustee."); *Southwestern Media, Inc., v. Rau*, 708 F.2d 419, 425 (9th Cir. 1983) ("The decision concerning the form of [estate administration] rested with the business judgment of the trustee."); *In re Thinking Machines Corp.*, 182 B.R. 365, 368 (D. Mass. 1995) ("The application of the business judgment rule and the high degree of deference usually afforded purely economic decisions of trustees, makes court refusal unlikely.") (rev'd on other grounds, *In re Thinking Machines Corp.*, 67 F.3d 1021 (1st Cir. 1995)).

The Receiver has determined, in her reasonable business judgment, that she requires the services of Uecker & Associates; Wendel, Rosen; Akawie & LaPietra; Baker Donelson; and Bachecki Crom, and accordingly, respectfully requests that the Court grant this Motion.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

## IV. RELIEF REQUESTED

### A. Employment And Compensation Of Uecker & Associates

Section I., ¶ 9, F. of the Appointment Order authorizes the Receiver to employ persons in her discretion to assist her in carrying out her duties and responsibilities.

The Receiver and Monitor seek to employ Uecker & Associates to perform certain in-house staffing services that permit her to fulfil her duties and responsibilities as both the Receiver and Monitor. The Associate/Project Manager works under the direction of the Receiver/Monitor on all aspects of the case, such as asset analysis, asset disposition, business operations, case administration, claims work, investor communications and preparing reports. The Accounting Staff prepares daily, weekly and monthly accounting reports for all projects, works with the outside accountant and tax professionals on information for tax work and forensic accounting. General Staff provides miscellaneous services such as sending notices and reports and website updates. The hourly rates for the proposed engagement of Uecker & Associates are as follows:

| Associate/Project Manager | Hourly Rate $200.00 |
| Accounting | Hourly Rate $100.00 |
| General Staff | Hourly Rate $ 50.00 |

Uecker Decl., ¶ 3 .

Uecker & Associates charges its costs as actual costs. Uecker & Associates will seek compensation in compliance with the terms of the Appointment Order and agrees to bill its fees and costs in this case in accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, and upon application and approval by the Court. Uecker Decl., ¶ 4.

### B. Employment and Compensation of Wendel Rosen

Pursuant to the terms of the Appointment Order, the Receiver and Monitor seeks to engage and compensate Wendel Rosen to represent her in this matter as general receivership counsel. Uecker Decl., ¶ 5. The Wendel Rosen attorneys to provide substantive legal work on the matter

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

are admitted to practice before the State Bar of California, the State Courts and District Courts and are experienced receivership and insolvency, and litigation attorneys and real estate transactional counsel. Dreyfuss Decl., ¶ 2. Wendel Rosen represented the Receiver in the State Court Action.[1] Uecker Decl., ¶ 5. Wendel Rosen has performed a conflict check and Wendel Rosen and its attorneys are not an attorney for or associated with or employed for any party to this action, except that Wendel Rosen represented the Receiver in a representative capacity in other matters that are unrelated to this action, and as previously stated, represented the Receiver in the State Court Action as the Receiver for the CallSocket Entities. Dreyfuss Decl., ¶ 3.

Ms. Berke-Dreyfuss, one of the firm's partners, has over 32 years' experience in representing trustees and receivers in a broad range of bankruptcy and insolvency matters for businesses and individuals. She has substantial experience in Chapter 7, Chapter 11 cases and receivership cases, including avoidance actions (preferences and fraudulent transfers) and was the attorney who represented the Receiver in the State Court Action. Dreyfuss Decl., ¶ 2.

Tracy Green, also one of the firm's partners, with over 32 years' experience in the insolvency related practice, has represented trustees and creditors in avoidance actions (fraudulent conveyances, preferences, and equitable subordination). Dreyfuss Decl., ¶ 4.

C. Gregg Ankenman, another of the firm's partners, specializes in real estate and business transactional work, including commercial real estate leases, sales, exchanges, and financing. Mr. Ankenman handled each of the CallSocket Entity real estate sales in the State Court Action. Dreyfus Decl., ¶ 5.

Thiele Robin Dunaway, another of the firm's partners, is a litigator with 30 years' experience litigating disputes involving various business contract, commercial loan documents, deeds of trust, and title to real property. A particular focus of her practice is on appellate work in both state and federal courts. Ms. Dunaway handled each of the appeals and writs of mandate filed by the CallSocket Entities in the State Court Action. Dreyfuss Decl., ¶ 6.

---

[1] *Young v. Henderson,* Case No. RG15778891, pending before the Alameda County Superior Court ("State Court Action").

Jason Horst and Katherine Kao are each commercial business litigators with 11 and 7 years' experience respectively.  Dreyfuss Decl., ¶ 7.

The hourly rates for each of the Wendel Rosen attorneys are as follows:

| Attorney | Practice | Hourly Rate |
| --- | --- | --- |
| Elizabeth Berke-Dreyfuss<br>Partner | Receivership, Insolvency, Litigation | $520 |
| Tracy Green<br>Partner | Receivership, Insolvency, Litigation | $520 |
| C. Gregg Ankenman<br>Partner | Real Estate Leasing and Sales | $550 |
| Thiele R. Dunaway<br>Partner | Litigation | $500 |
| Jason Horst<br>Associate | Litigation | $395 |
| Katherine Kao<br>Associate | Litigation | $375 |

Dreyfuss Decl., ¶ 8.

Wendel Rosen also employs paralegals that range in hourly rates from $135 to $275, depending on experience.  Wendel Rosen's fees typically adjust annually on January 1.  Wendel Rosen charges its costs as actual costs.  Wendel Rosen will seek compensation in compliance with the terms of the Appointment Order and agrees to bill its fees and costs in this case in accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, and upon application and approval by the Court.  Dreyfuss Decl., ¶ 9.

Ms. Berke-Dreyfuss is expected to serve as lead counsel, and will provide legal advice relating to the administration of the instant receivership, including in connection with all necessary discovery and Receivership Asset recovery efforts and the Monitor Reports,  prepare all pleadings to be filed with the Court, and will coordinate all necessary legal services.  To the extent that additional services are necessary, Mses. Green and Dunaway will assist Ms. Berke-Dreyfuss.  After the Receiver has formulated the Recovery Plan, and litigation has commenced, Ms. Berke-Dreyfuss will be supported in the litigation by Mses. Green, Dunaway, Kao and Mr. Horst.  All lower level discovery and litigation will be handled by associates.  Mr. Ankenman will work

exclusively on sales of real property should the need arise. Wendel Rosen will ensure that there is no duplication of services. The biographies of Mses. Berke-Dreyfuss, Green, Dunaway, Kao and Messrs. Horst and Ackerman are attached as Exhibits A, B, C, D, E and F to the Dreyfuss Decl. Dreyfuss Decl., ¶ 10.

### C. Employment and Compensation of Akawie & LaPietra

Pursuant to the terms of the Appointment Order, the Receiver seeks to engage and compensate Akawie & LaPietra, specifically, Gregory S. Nerland, as her counsel to deal with issues related to leases involved with the Receivership Assets. Uecker Decl., ¶ 6. Mr. Nerland has over 25 years' experience working on real estate matters, including commercial leasing, in the San Francisco East Bay. He is admitted to practice to the State Bar, the State Courts and the District Court. Mr. Nerland has performed a conflict check and Akawie & LaPietra and Mr. Nerland are not attorneys for or associated with or employed for any party to this action, except that Mr. Nerland has represented the Receiver in a representative capacity in other matters that are unrelated to this action, and represented the Receiver in the State Court Action as the Receiver for the CallSocket Entities for purposes of bringing unlawful detainer actions. Nerland Decl., ¶ 2.

Mr. Nerland's hourly rate is $330. Akawie & LaPietra charges its costs as actual costs. Mr. Nerland will seek compensation in compliance with the terms of the Appointment Order and agrees to bill his fees and costs in this case in accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, and upon application and approval by the Court. Nerland Decl., ¶ 3.

### D. Employment and Compensation of Baker Donelson

Pursuant to the terms of the Appointment Order, the Receiver and Monitor seeks to engage and compensate Baker Donelson as EB-5 immigration counsel. While Baker Donelson is a full service law firm, the Receiver is retaining Baker Donelson solely with respect to its immigration practice. Uecker Decl., ¶ 7.

Baker Donelson's Immigration Practice is nationally recognized for its specialty in the EB-5 program and investors. Specifically, the Receiver and Monitor seek to retain Robert C. Divine, a shareholder of Baker Donelson. Mr. Divine has extensive experience serving clients throughout

the world in the arrangement of all types of business-based temporary and permanent immigration status, including specialty occupations (H-1B, TN, E-3), individual and blanket international transferee programs (L-1), traders and investors (E-1/E-2, EB-5), medical workers, religious workers, labor certification, national interest waivers and extraordinary ability aliens. Mr. Divine has also represented and assisted employers and other parties in some of the largest immigration enforcement investigations and prosecutions. He provides strategic advice and training for employers in their immigration compliance efforts. Mr. Divine also represents many business developers in creating, managing and using "Regional Centers" that can create indirect jobs toward the 10 new U.S. jobs whose creation can give rise to EB-5 permanent residence for investment in the developers' projects. He is the elected Vice President of the national industry association of "EB-5" Regional Centers, Association to Invest in USA (IIUSA). He represents developers similarly using other parties' Regional Centers. He coordinates this work with attorneys supporting securities law compliance in offerings to investors, with economists identifying "targeted employment areas" and projecting indirect job creation, with licensed securities brokers coordinating offerings, and with attorneys obtaining U.S. Government (OFAC) licenses to serve investors from restricted countries. He also represents individual investors in obtaining conditional permanent residence and in removing conditions from permanent residence. Mr. Divine has substantial experience in a similar case in representing the receiver in the *Securities and Exchange Commission v. Path America, LLC* pending before the United States District Court for the Western District of Washington. Divine Decl. ¶ 2.

By presidential appointment, Mr. Divine served in Washington, D.C., from July 2004, until November 2006, as Chief Counsel of United States Citizenship and Immigration Services (USCIS), the world's largest immigration services agency within the U.S. Department of Homeland Security. From July 2005, until July 2006, he served as Acting Director and then Acting Deputy Director of USCIS, spearheading the USCIS Transformation Program, testifying in Congress about the E-Verify system, enhancing operational security, and increasing transparency of rules and procedures. In early 2004 he served as an expert retained to assist the U.S. Commission on International Religious Freedom in its congressionally mandated study on the

expedited removal process. He has testified as an expert on immigration law for courts in the United States and abroad. Since 1994, Mr. Divine has authored a well-known treatise on immigration law, Immigration Practice (Juris Publishing) and on January 7, 2011, testified before the Senate Judiciary Committee regarding the job-creating effects of the EB-5 immigrant investor program and the importance of renewing the regional center authorizing legislation. Divine Decl., ¶ 3.

Mr. Divine and Baker Donelson have performed a conflict check and have no conflicts in this matter. Mr. Divine and Baker Donelson are not attorneys for or associated with or employed by any party to this action, except that Mr. Divine has worked with Worldway, an immigration agency, that placed investors in the CallSocket EB-5 projects, on other immigration matters that are unrelated to this action. Divine Decl., ¶ 6.

Mr. Divine's hourly rates and the hourly rates of Baker Donelson the attorney who will assist him are as follows. Baker Donelson has discounted its rates in recognition of the need of cost efficiency.

| Attorney | Practice | Hourly Rate |
| --- | --- | --- |
| Robert C. Divine<br>Partner | Immigration | $460 |
| Melanie Walker<br>Associate | Immigration | $260 |
| Kathleen Harrison<br>Associate | Immigration | $260 |

Divine Decl., ¶ 4.

Baker Donelson also employs paralegals with hourly rates of $200. Baker Donelson's charges its costs as actual costs. Baker Donelson will seek compensation in compliance with the terms of the Appointment Order and agrees to bill its fees and costs in this case in accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, and upon application and approval by the Court. Divine Decl., ¶ 5.

### E. Employment and Engagement of Bachecki Crom

Pursuant to the terms of the Appointment Order, the Receiver and Monitor seek to employ and compensate Bachecki Crom to prepare and file tax returns; to prepare tax projections and perform tax analysis; to analyze the tax impact of potential transactions; to testify as to accounting and financial issues; to prepare a forensic accounting of the transfers among the various received entities and monitored entities; and to consult with the Receiver and the Receiver's counsel as to those matters. Uecker Decl., ¶ 8.

The normal billing rates for Bachecki Crom are as follows:

| Partners | $380 - $525 / hour |
|---|---|
| Senior Accountant | $270 - $360 / hour |
| Junior Accountant | $165 - $260 / hour |

Mr. Crom has been a certified public accountant for over thirty-four (34) years. He also holds a certificate from the Association of Insolvency and Reorganization Advisors as a certified insolvency and reorganization advisor and holds a certificate as a Certified Fraud Examiner. Crom Decl., ¶ 2. Bachecki, Crom has extensive experience in providing financial investigation, tax preparation, insolvency and forensic accounting and financial advisory services. Crom Decl., ¶ 3. Bachecki, Crom has no connection with any of the parties or interested persons in the within case, except that Bachecki Crom represented the Receiver as the accountant in the State Court Action, and has rendered services to the Receiver in other unrelated receivership and bankruptcy trustee cases. Crom Decl., ¶ 5.

Bachecki Crom charges its costs as actual costs. Bachecki Crom will seek compensation in compliance with the terms of the Appointment Order and agrees to bill its fees and costs in this case in accordance with the Billing Instructions for Receivers in Civil Actions Commences by the U.S. Securities and Exchange Commission.

### V. CONCLUSION

For the foregoing reasons, the Receiver, and Monitor, respectfully requests that this Court enter an Order:

1. Authorizing the Receiver and Monitor to employ and compensate Uecker & Associates, in accordance with the terms described herein;

2. Authorizing the Receiver and Monitor to employ and compensate Wendel Rosen, as her general receivership counsel, in accordance with the terms described herein.

3. Authorizing the Receiver to employ and compensate Akawie & LaPietra , as her leasing counsel, in accordance with the terms described herein; and

4. Authorizing the Receiver and Monitor to employ and compensate Baker Donelson, as her immigration EB-5 counsel, in accordance with the terms described herein.

5. Authorizing the Receiver and Monitor to employ and compensate Bachecki Crom as her forensic and tax accountants, in accordance with the terms described herein.

DATED: April 5, 2017              UECKER & ASSOCIATES

By:      */s/ Susan L. Uecker*
         Susan L. Uecker
         Receiver and Monitor

DATED: April 6, 2017              WENDEL, ROSEN, BLACK & DEAN LLP

By:      */s/ Elizabeth Berke-Dreyfuss*
         Elizabeth Berke-Dreyfuss
         Proposed Attorneys for Receiver and Monitor