JINA L. CHOI (N.Y. Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 schneidere@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
 buchholzs@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
 heftya@sec.gov
SUSAN F. LaMARCA (Cal. Bar No. 215231)
 lamarcas@sec.gov
THOMAS J. EME (Ill. Bar No. 6224870)
 emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:17-cv-00223-RS |
| Plaintiff, | |
| v. | [~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| SAN FRANCISCO REGIONAL CENTER, LLC; THOMAS M. HENDERSON; CALIFORNIA GOLD MEDAL, L.P.; CALLSOCKET, L.P.; CALLSOCKET II, L.P.; CALLSOCKET III, L.P.; COMPREHENSIVE CARE OF OAKLAND, L.P.; NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.; CALLSOCKET, LLC; CALLSOCKET II, LLC; CALLSOCKET III, LLC; COMPREHENSIVE CARE OF CALIFORNIA, LLC; IMMEDIA, LLC; and NORTH AMERICA 3PL, LLC, | |
| Defendants, and | |
| CALLSOCKET HOLDING COMPANY, LLC; CALLSOCKET III HOLDING COMPANY, LLC; BERKELEY HEALTHCARE DYNAMICS, LLC; CENTRAL CALIFORNIA FARMS, LLC; and JL GATEWAY, LLC, | |
| Relief Defendants. | |

1    This matter came before the Court on the motion of the Securities and Exchange Commission

2  (the "SEC" or "Commission") for an order of preliminary injunction and ancillary relief to restrain

3  and enjoin Defendants Thomas M. Henderson; San Francisco Regional Center, LLC; California Gold

4  Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III, L.P.; Comprehensive Care of

5  Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket, LLC; CallSocket II, LLC;

6  CallSocket III, LLC; Comprehensive Care of California, LLC; Immedia, LLC; and North America

7  3PL, LLC (collectively "Defendants"), during the pendency of this case.  The Commission's motion

8  seeks orders:  (1) Preliminarily enjoining each of the Defendants from engaging in specified conduct;

9  (2) Prohibiting the destruction of documents by any of the Defendants or by Relief Defendants

10  CallSocket Holding Company, LLC; CallSocket III Holding Company, LLC; Central California

11  Farms, LLC; Berkeley Healthcare Dynamics, LLC; and JL Gateway, LLC (collectively "Relief

12  Defendants").

13    The Court, having considered: (1) the complaint filed by the Commission in this case; (2) the

14  Commission's Motion for Preliminary Injunction and for Appointment of a Receiver and

15  Memorandum in support thereof; (3) the Declarations of Thomas J. Eme and Ellen Chen and the

16  exhibits thereto; and any responses thereto and all proceedings before the Court, finds that:

17    1.   This Court has jurisdiction over the subject matter of this action, and as to all parties,

18  Defendants and Relief Defendants, and venue properly lies in this District.

19    2.   The Commission has made a sufficient and proper showing in support of the relief

20  granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15

21  U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

22  U.S.C. § 78u(b), by evidence establishing a prima facie case and a reasonable likelihood that

23  Defendants have engaged in, are engaging in, are about to engage in, and will continue to engage in,

24  unless enjoined by order of this Court, transactions, acts, practices, and courses of business that

25  constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the

26  Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; and that

27

28

[PROPOSED] ORDER OF PRELIMINARY               1                    CASE NO. 3:17-CV-00223
INJUNCTION

1  Relief Defendants are or have been in possession of the proceeds of those violations and have been

2  unjustly enriched.

3           3.   The Commission has demonstrated a likelihood of success on the merits of its action

4  and that the balance of hardships weighs in its favor.  With respect to the balance of hardships, the

5  public interest weighs strongly in favor of issuance of injunctive relief.

6           4.   Good cause exists to believe that, unless enjoined by order of this Court, documents

7  relevant to this action may be altered, destroyed, or become unavailable for discovery.

8                                                        I.

9           THEREFORE IT IS HEREBY ORDERED that the SEC's Motion for Preliminary Injunction

10  is GRANTED.

11                                                       II.

12           IT IS FURTHER ORDERED that Defendants San Francisco Regional Center, LLC; Thomas

13  M. Henderson; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III,

14  L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket,

15  LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC; Immedia,

16  LLC; and North America 3PL, LLC are preliminarily restrained and enjoined from, directly or

17  indirectly, in connection with the purchase or sale of any security, by the use of any means or

18  instrumentality of interstate commerce, or of the mails, or of any facility of any national securities

19  exchange:

20           A.  Employing any device, scheme or artifice to defraud;

21           B.  Making any untrue statement of a material fact or omitting to state a material fact

22               necessary in order to make the statements made, in light of the circumstances

23               under which they were made, not misleading; or

24           C.  Engaging in any act, practice, or course of business which operates or would

25               operate as a fraud or deceit upon any person;

26  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17

27  C.F.R. § 240.10b-5.

28

[PROPOSED] ORDER OF PRELIMINARY                    2                    CASE NO. 3:17-CV-00223
INJUNCTION

1    IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2),

2  the foregoing paragraph also binds the following who receive actual notice of this order by personal

3  service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b)

4  other persons in active concert or participation with Defendants or with anyone described in (a).

5                                         III.

6    IT IS FURTHER ORDERED that Defendants San Francisco Regional Center, LLC; Thomas

7  M. Henderson; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III,

8  L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket,

9  LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC; Immedia,

10 LLC; and North America 3PL, LLC are preliminarily restrained and enjoined from, directly or

11 indirectly, in the offer or sale of any securities, by the use of any means or instruments of

12 transportation or communication in interstate commerce or by the use of the mails:

A.  Employing any device, scheme or artifice to defraud;

B.  Obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.  Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED that Defendants San Francisco Regional Center, LLC; Thomas M. Henderson; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III, L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket, LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC; Immedia, LLC; and North America 3PL, LLC are preliminarily restrained and enjoined from directly or indirectly participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants and Relief Defendants are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants San Francisco Regional Center, LLC; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.; CallSocket III, L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket, LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC; Immedia, LLC; or North America 3PL, LLC; or to Relief Defendants CallSocket Holding Company, LLC; CallSocket III Holding Company, LLC; Central California Farms, LLC; Berkeley Healthcare Dynamics, LLC; or JL Gateway, LLC.

1    IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2),

2  the foregoing paragraph also binds the following who receive actual notice of this order by personal

3  service or otherwise: (a) Defendants' and Relief Defendants' officers, agents, servants, employees,

4  and attorneys; and (b) other persons in active concert or participation with Defendants or Relief

5  Defendants or with anyone described in (a).

6

7    IT IS SO ORDERED.

8

9

10

11  DATED __4/7____, 2017    _____

12                                    Richard Seeborg
                                      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28