UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO REGIONAL CENTER LLC, et al.,<br><br>Defendants. | Case No. 17-cv-00223-RS<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendant Comprehensive Care Of Oakland, L.P. and its general partner, defendant Comprehensive Care Of California, LLC, (collectively, "Compcare") move to dismiss two of the four claims for relief in the complaint brought against them and numerous other defendants by the Securities and Exchange Commission ("SEC"). Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument, and the hearing set for May 18, 2017 is vacated. The motion will be denied.

The general background of this action has been set forth in a prior order and will not be recounted here. Compcare seeks dismissal of the first two claims for relief, both of which allege violations of §10(b) of the Exchange Act and Rule 10b-5. A *prima facie* claim for a violation of § 10(b) of the Exchange Act and Rule 10b-5 has five elements: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *Zucco Partners, LLC v. Digimarc Corp.*,

552 F.3d 981, 990 (9th Cir. 2009). The pleading of such claims must also satisfy the particularity requirements of Rule 9 of the Federal Rules of Civil Procedure. *See SEC v. Berry*, 580 F. Supp. 2d 911, 920 (N.D. Cal. 2008).[1]

Compcare contends the SEC has not pleaded sufficient facts showing that *Compcare*—as opposed to other defendants—engaged in any prohibited conduct, and that the claims against it fail under both Rule 12(b)(1) and Rule 9. Compcare's argument, however, is premised on disregarding the extensive allegations of conduct undertaken by defendant Thomas Henderson in connection with, and as a manager of, Compcare. In addition to general allegations describing the overall alleged scheme, which included Compcare, paragraphs 58-64, pages 12-15, of the complaint focus on Compcare specifically.

Compcare insists these alleged wrongful acts cannot be imputed to it because Henderson was effectively a "rogue agent" acting adversely to Compcare's interest. Compcare also points to the rule that in the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant [ ] in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

Compcare's reliance on limitations on "group pleading" is unavailing. If the allegations regarding Henderson's conduct taken in connection with Compcare are attributable to it, there is no question that Compcare's "role" in the scheme is adequately delineated. Because Compcare's attempt to distance itself from Henderson by declaring him a "rogue" agent does not present an issue that can be adjudicated at the pleading stage, those allegations are indeed attributable to Compcare. Accordingly, the motion to dismiss must be denied.

---

[1] On reply, Compcare acknowledges that the heightened standard for pleading scienter under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(b)(2), does *not* apply here, where the plaintiff is the SEC. *See Berry*, 580 F. Supp. 2d at 920-21.

**IT IS SO ORDERED**.

Dated: May 15, 2017

_____
RICHARD SEEBORG
United States District Judge