1  Elizabeth Berke-Dreyfuss (Bar No. 114651)
   **WENDEL, ROSEN, BLACK & DEAN LLP**
2  1111 Broadway, 24th Floor
   Oakland, California 94607-4036
3  Telephone:  (510) 834-6600
   Fax:  (510) 834-1928
4  Email:  edreyfuss@wendel.com

5  Attorneys for Susan L. Uecker, Receiver

6

7                     UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                       SAN FRANCISCO DIVISION

10

11  SECURITIES AND EXCHANGE              Case No. 3:17-CV-00223-RS
    COMMISSION,
12
            Plaintiff,
13
         vs.                              **DECLARATION OF SUSAN L. UECKER
14                                        IN SUPPORT OF RECEIVER'S MOTION
    SAN FRANCISCO REGIONAL CENTER,        FOR ORDER: (1) AUTHORIZING SALE
15  LLC; THOMAS M. HENDERSON;             OF PERSONAL PROPERTY OF
    CALIFORNIA GOLD MEDAL, L.P.;          CENTRAL CALIFORNIA FARMS, LLC;
16  CALLSOCKET, L.P.; CALLSOCKET II, L.P.; (2) APPROVING AGREEMENT WITH
    CALLSOCKET III, L.P.; COMPREHENSIVE   MID-VALLEY SERVICES, INC.; AND (3)
17  CARE OF OAKLAND, L.P.; NA3PL, L.P.;   AUTHORIZING RETENTION OF
    WEST OAKLAND PLAZA, L.P.;             BROKER AND LISTING OF JL
18  CALLSOCKET, LLC; CALLSOCKET II, LLC;  GATEWAY, LLC PROPERTY FOR SALE**
    CALLSOCKET III, LLC; COMPREHENSIVE
19  CARE OF CALIFORNIA, LLC; IMMEDIA,
    LLC; and NORTH AMERICA 3PL, LLC,
20
            Defendants,                   Date:    September 28, 2017
21                                        Time:    1:30 p.m.
         -and-                            Place:   450 Golden Gate Ave.,
22                                                 17th Floor, Ctrm. 3
    CALLSOCKET HOLDING COMPANY, LLC;               San Francisco, CA 94102
23  CALLSOCKET III HOLDING COMPANY,       Judge:   The Hon. Richard Seeborg
    LLC; BERKELEY HEALTHCARE
24  DYNAMICS, LLC; CENTRAL CALIFORNIA
    FARMS, LLC; and JL GATEWAY, LLC,
25
            Relief Defendants.
26

27

28

1       I, Susan L. Uecker, declare:

2       1.      I am the duly appointed the duly appointed receiver (the "Receiver") for

3    Defendants San Francisco Regional Center, LLC; California Gold Medal, L.P.; CallSocket, L.P.;

4    CallSocket II, L.P.; CallSocket III L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.; CallSocket,

5    LLC; CallSocket II, LLC; CallSocket III, LLC; Immedia, LLC; Comprehensive Care of

6    California, LLC; Comprehensive Care of Oakland, L.P.; and North American 3PL, LLC and

7    Relief Defendants CallSocket Holding Company, LLC; CallSocket Holding III Company, LLC;

8    Central California Farms, LLC; JL Gateway, LLC; and Berkeley Healthcare Dynamics, LLC

9    (collectively the "Receivership Entities") pursuant to the Court's Order Appointing Receiver and

10   Monitor entered herein on March 29, 2017 ("Appointment Order") (Docket No. 100), a true and

11   copy of which is attached hereto as **Exhibit A**, and this Court's Order Extending Scope of

12   Receivership entered herein on June 5, 2017 (Docket No. 171).  The following facts are true of my

13   own personal knowledge and if called as a witness, I would and could competently testify thereto,

14   except as to those matters that are alleged upon information and belief, and as to those matters, I

15   believe them to be true.  I make this declaration in support of my Motion for Order:  (1)

16   Authorizing Sale of Personal Property of Central California Farms, LLC; (2) Approving

17   Agreement with Mid-Valley Services, Inc.; and (3) Authorizing Retention of Broker and Listing

18   of JL Gateway, LLC Property for Sale.

19      2.      To the best of my information and belief, none of the investors in California Gold

20   Medal, L.P. have had their I-526s approved by the USCIS and all of the petitions remain pending.

21   To the best of my knowledge and belief, none of the investors have immigrated to the United

22   States.  I am  informed and believe that it is likely that the USCIS will, in all probability, terminate

23   SFRC's regional center status, which will result in either denials or revocations of the investors'

24   petitions.  I am further informed and believe that there is a discrepancy in the number  and status

25   of the investors in California Gold Medal, L.P. between the records of the USCIS and counsel[1] for

26

27   _____

     [1]  Mr. James Yang is immigration counsel for SFRC and almost all investors in California Gold
28   Medal, L.P.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  the investors.  Although I have communicated with the USCIS through my immigration counsel,

2  Mr. Robert Divine, neither Mr. Divine nor I have had a response from the USCIS to our inquiries

3  for updated confirming information. Because none of the investors I-526 petitions have been

4  approved and none of the investors have immigrated to the United States prior to a time when the

5  termination of SFRC's regional center's status appears likely, I am informed and believe that is

6  highly unlikely that the California Gold Medal, L.P. investors will be able to obtain or retain their

7  immigration benefits.  On that basis, based on my business judgment, I recommend that the assets

8  of Relief Defendant, Central California Farms, LLC and the job creating entity, Crystal Golden,

9  LLC, should be liquidated.

10       3.       I am informed and believe that it is highly unlikely that California Gold Medal,

11  L.P. investors will be able to obtain approval of their I-526s for the following reasons.  The

12  Business Plan for California Gold Medal, L.P. lacks credibility.  The plan was to raise $50 million

13  in revenue for the construction of the ulta high temperature dairy plant, but the Shambaugh & Son

14  LP design build construction bid far exceeded the amount of capital raised.  Approximately $10

15  million in investors' funds have been diverted and/or comingled.[2]  Because it is unlikely that

16  California Gold Medal, L.P. investors will be able to obtain their immigration benefits (primarily

17  based upon the probable termination of SFRC's regional center status because none of the

18  investors I-526s have been approved and they have not immigrated to the United States), I believe

19  that liquidation of the assets of Relief Defendant Central California Farms, LLC and Chrystal

20  Golden, LLC is warranted at this time.

21       4.       M. Davis Group submitted a proposal for purchase of the remaining equipment at

22  the Tipton Plant on the Tipton Property.  A true and correct copy of the M. Davis Group proposal

23  is attached hereto as **Exhibit B**.  The proposal is either to auction the equipment with an

24  anticipated return of $25,000 to $45,000, or to pay $25,000 for a straight purchase of the

25  equipment.  I believe that accepting payment of $25,000 for the remaining equipment is in the best

26  

27  [2]  Declaration of Ellen Chen in Support of Plaintiff Securities and Exchange Commission's
Motion for Preliminary Injunction and for Appointment of Receiver ("Chen Decl."), p. 9, Table 6,
Docket No. 19.

28  

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

1    interests of the Receivership Estate, because at auction, M. Davis Group receives 15% of the

2    auction proceeds, and if the equipment only brings the low estimate, the estate will be worse off

3    than if it had simply sold the equipment outright for $25,000.  Also, I want to exit the premises

4    quickly and not be responsible for dealing with the removal of the equipment after the auction,

5    which would require the estate to retain insurance possibly past the expiration date of the current

6    policies in November 2017.

7         5.        Attached hereto as **Exhibit C** is the Broker Opinion of Value for the Tipton

8    Property prepared by Nick Audino, SIOR of Newmark Grubb Knight Frank, estimating the fair

9    market value of the property to be $1.1 million.  The debt against the property is $1.5 million,  and

10   the defaulted real estate taxes are $160,000, not including ongoing insurance.  Because the Tipton

11   Property is worth less than the amount of the debt, I am recommending that the Tipton Property be

12   abandoned from the Receivership Estate since it represents a liability.  I contacted Mid-Valley

13   Services, Inc.,[3] the original lender, who has agreed to accept a deed in lieu of foreclosure for the

14   Tipton Property.  I request approval of an agreement with Mid-Valley Services, Inc. through its

15   assignee, Tipton Investment Group, LLC, substantially in the form and substance of the

16   Agreement for Deed in Lieu of Foreclosure and Escrow Instructions attached hereto as **Exhibit D**.

17        6.        I am informed and believe that Defendant West Oakland Plaza, L.P. is the new

18   commercial enterprise that was supposed to fund the job creating entity, West End Market, LLC.

19   The Business Plan for West Oakland Plaza, L.P. anticipated that 20 investors would invest $10

20   million to fund the West End Market, LLC, but only four investors invested in that new

21   commercial enterprise, raising only $2 million.  I am informed and believe that all of the investors'

22   I-526 petitions remain pending before the USCIS, and that none of the investors have immigrated

23   to the United States.  Because none of the investors I-526 petitions have been approved and none

24   of the investors have immigrated to the United States prior to a time when the termination of the

25   _____
[3]   I am informed that on October 23, 2015, Mid-Valley Services, Inc. assigned a portion of its
26   beneficial interest in the deed of trust against the Tipton Property to a number of fractionalized
     interest holders.  Mid-Valley Services, Inc. was contractually retained as the servicer for the
27   assignees, and has the authority under the Loan Servicing Agreement to enter into the Agreement
     for Deed in Lieu of Foreclosure and Escrow Instruction.
28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  SFRC's regional center status appears likely, I am informed and believe that it is highly unlikely

2  the West Oakland Plaza, L.P. investors will be able to obtain or retain their immigration benefits.

3  On that basis, based on my business judgment, I recommend that the assets of Relief Defendant,

4  JL Gateway, LLC,[4] the shopping center located at 800- 900 Market Street, Oakland, California,

5  should be listed for sale at this time.

6       7.    I obtained a Broker Opinion of Value from Aileen Dolby of Colliers International

7  for the real property located at 800-900 Market Street, Oakland, CA ("Market Street Property"),

8  estimating the fair market value of the property to be $10,400,000.  A true and correct copy of the

9  Broker Opinion of Value is attached hereto as **Exhibit E**.  The current loan with Thorofare Capital

10  has a balance due of $6,500,000.  A statement of the amounts owing to Thorofare Capital is

11  attached hereto as **Exhibit F**.  There is value in the Market Street Property to the Receivership

12  Estate of approximately $3,900,000.

13       8.    I am informed and believe that although West Oakland Plaza, L.P. was supposed to

14  raise funds from twenty investors, only four investors subscribed and have filed I-526 petitions.

15  Investors invested approximately $2.2 million,[5] far short of the necessary $10 million. The

16  Business Plan lacks credibility, because the grocery store, West End Market, was never

17  operational, no improvements were ever made, and no employees were ever hired.  West Oakland

18  Plaza, L.P. investor funds of $786,000 were transferred to North America 3PL, LLC and net

19  investor funds of $244,500 were transferred to Immedia, LLC, [6] representing approximately 50%

20  of all investors' funds either commingled or diverted.  In addition to  those funds, $603,000 was

21  transferred to the owner of the Market Street Property, Relief Defendant JL Gateway, LLC.[7]  In

22  addition, it appears that JL Gateway, LLC acquired the Market Street Property with investor funds

23

24  _____

25  [4] I am informed and believe that Relief Defendant JL Gateway, LLC is owned 75% by San Francisco Regional Center LLC, and 25% for Womac Properties, Inc.

26  [5] Chen Decl., p. 4, Table 2, Docket No. 19.

27  [6] Chen Decl., p. 8, Table 5, Docket No. 19.

28  [7] Chen Decl., p. 8, Table 5, Docket No. 19.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

1 sourced through CallSocket III, L.P. and NA3PL, L.P.[8]  The approval of West Oakland Plaza

2 investors' I-526 petitions appear unlikely due to such diversion and/or commingling and/or

3 probable termination of SFRC's regional center status.  On that basis, based on my business

4 judgment, I believe that the Market Street Property should be listed for marketing and sale at this

5 time.

6          9.          I am requesting authorization to enter into an Exclusive Authorization to Sell

7 Agreement ("Listing Agreement") with Colliers Parrish International, Inc., dba Colliers

8 International for the listing, marketing and sale of the Market Street Property.  A true and correct

9 copy of the Listing Agreement is attached hereto as **Exhibit G**.  Pursuant to the terms of the

10 Listing Agreement:

11          •          The listing price shall be $10.4 million;

12          •          The Listing Agreement is for 6 months, ending on December 31, 2017;

13          •          The broker's commission shall be 3%;

14          •          All sales are subject to court approval; and

15          •          Dual agency is prohibited.

16 I believe the Listing Agreement is in the best interests of the receivership estate because Colliers

17 International has extensive experience in the commercial real estate market for Alameda County;

18 the commission is limited to 3% and dual agency is prohibited.

19          I declare under penalty of perjury that the foregoing is true and correct and that this

20 declaration was executed on the 22nd day of August, 2017, at San Francisco, California.

21

22                                                            */s/  Susan L. Uecker*
                                                           Susan L. Uecker, Receiver

23

24

25

26

27
_____
[8] Chen Decl., ¶¶ 55-56, Diagram G, Docket No. 19.

28