KENNETH S. KATZOFF (SBN 103490)
STEPHEN G. PREONAS (SBN 245334)
Katzoff & Riggs LLP
1500 Park Avenue, Suite 300
Emeryville, CA 94608
Tel. (510) 597-1990
Fax. (510) 597-0295

Attorneys for Interested Parties
WOMAC PROPERTIES, INC.
and JLG ASSOCIATES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>          vs.<br><br>SAN FRANCISCO REGIONAL CENTER, LLC; THOMAS M. HENDERSON; CALIFORNIA GOLD MEDAL, L.P.; CALL SOCKET, L.P.; CALL SOCKET II, L.P.; CALLSOCKET III, L.P.; COMPREHENSIVE CARE OF OAKLAND, L.P.; NA3PL, L.P.; WEST OAKLAND P.AZA, L.P.; CALLSOCKET III, LLC; COMPREHENSIVE CARE OF CALIFORNIA, LLC; IMMEDIA, LLC; NORTH AMERICA 3 PL, LLC,<br><br>          Defendants,<br><br>          -and-<br><br>CALL SOCKET HOLDING COMPANY, LLC; CALLSOCKET III HOLDING COMPANY, LLC; CENTRAL CALIFORNIA FARMS, LLC; BERKELEY HEALTHCARE DYNAMICS, LLC; JL GATEWAY, LLC,<br><br>          Relief Defendants.<br>_____ | Case No. 3:17-CV-00223-RS<br><br>**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION TO MOTION FOR ORDER AUTHORIZING RETENTION OF BROKER AND LISTING OF JL GATEWAY, LLC PROPERTY FOR SALE**<br><br>Date:    September 28, 2017<br>Time:   1:30 p.m.<br>Place:  450 Golden Gate Ave.<br>         17th Floor, Ctrm. 3<br>         San Francisco, CA 94102<br>Judge:  The Hon. Richard Seeborg |

KATZOFF & RIGGS LLP<br>1500 PARK AVENUE, SUITE 300<br>EMERYVILLE, CA 94608<br>(510) 597-1990

i

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................1

STATEMENT OF FACTS .............................................................................................3

A.   Separate and Apart from Any Involvement in the EB-5 Program WOMAC
and SFRC Entered Into A Business Relationship Involving the Property and
WOMAC Obtains an Adjudication on the Merits that SFRC Has Breached
its Obligations to WOMAC and That, as a Matter of Law, Judgment Should
be Entered in Favor of WOMAC and Against SFRC for $3.2M .........................3

B.   The Property Bears No Meaningful Similarity to the Other EB-5 Investment
Properties Under Receivership in This Action Relating and the Receiver
Not Yet Substantiated or Quantified Any EB-5 Investment Funds
Contributed to JL Gateway or the Property. .......................................................5

C.   Additional Time is Needed for the City of Oakland to Consider its
Important Public Development Goals Regarding the Property Which
Include Significant Community Interests That are Distinct From Financial
Considerations ....................................................................................................6

ARGUMENT .................................................................................................................7

A.   Sale of the Property Will Impermissibly Prejudice WOMAC and Will
Further Defendants' Fraudulent Acts ...................................................................7

B.   The Receiver's Broker Opinion Is Impermissibly Flawed and Will Not
Adequately Value the Property to WOMAC's & the Public's Detriment .............7

C.   The Property Is a Unique Community Asset for the West Oakland
Community That Should Not Be Hastily Disposed of to Satisfy Potential
Claims of Foreign Investors ..............................................................................8

CONCLUSION ..............................................................................................................10

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

ii

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

On August 23, 2017, Susan L. Uecker, receiver for the Defendants ("Receiver"), filed her Motion for Order ("Motion") (1) Authorizing Sale of Personal Property of Central California Farms, LLC; (2) Approving Agreement with Mid-Valley Services, Inc.; and (3) Authorizing Retention of Broker and Listing of JL Gateway, LLC Property for Sale.

Interested parties WOMAC Properties, Inc. ("WOMAC") and JLG Associates, LLC ("JLGA" and with WOMAC both collectively "Interested Parties") respectfully oppose the Motion as it relates to the third request for an order authorizing the Receiver to retain a listing broker and listing the property of Relief Defendant JL Gateway, LLC ("JL Gateway") for sale.

WOMAC, is the minority (25%) owner of Relief Defendant JL Gateway. WOMAC submits this Opposition to the third request set forth in the Motion, namely the proposed retention of a broker and the listing for sale of Gateway's real property located at 800-900 Market Street, Oakland, California ("Property").

## INTRODUCTION

At all stages in this Action WOMAC has opposed the interference of this federal action by the SEC with its rightful claims for compensation from defendant San Francisco Regional Center, LLC ("SFRC") the other (majority) member of JL Gateway. In a separate state court action in Alameda County filed long before this action, WOMAC obtained an adjudication on the merits that SFRC owes it approximately $3.2M for a breach of SFRC's promise to pay this amount that was the consideration given in exchange for WOMAC transferring the Property to JL Gateway and agreeing to SFRC

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

1   becoming the majority owner of JL Gateway.  At no time was JL Gateway or WOMAC

2   ever affiliated with the EB-5 program.  At no time did SFRC intend to use the Property to

3   meet the jobs requirement for the EB-5 program.  There is no evidence on the record in

4   this action that SFRC ever represented to any EB-5 investors that the Property would be

5   used for this purpose.

6       Since the outset of this action WOMAC has disputed the existence and extent of

7   any contribution of funds from the EB-5 investors to JL Gateway and the Project, if any.

8   The Receiver has not yet determined this amount and will not do so until December 2017,

9   at the earliest.

10      The Property is centrally located to the residents of West Oakland and adjacent

11  transportation hubs.  It has long been targeted for the development of a full-service

12  supermarket in the underserved West Oakland community by residents with ties to this

13  area. In part for this reason the Redevelopment Agency for the City of Oakland agreed to

14  transfer the Property to WOMAC.  There are significant public issues affecting the future

15  of the community of West Oakland involved with any sale of the Property that must be

16  thoroughly vetted prior to any further transfer.  Oakland government officials have

17  confirmed that obtaining top dollar for any proposed sale of the Property is not the only

18  interest at play.  Any transfer of the Property is premature at this time, as is the formal

19  listing of the Property.

20      For these reasons the Court should deny the third request in this Motion.

21

22

23

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

2

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

1

## STATEMENT OF FACTS

2

3

4

**A.    Separate and Apart from Any Involvement in the EB-5 Program WOMAC and SFRC Entered Into A Business Relationship Involving the Property and WOMAC Obtains an Adjudication on the Merits that SFRC Has Breached its Obligations to WOMAC and That, as a Matter of Law, Judgment Should be Entered in Favor of WOMAC and Against SFRC for $3.2M**

5

6

7

Interested Parties are plaintiffs in a lawsuit *WOMAC Properties, Inc., et al.* v. *San Francisco Regional Center, LLC, et al.* in September of 2015 as Alameda County Superior Court filed Case No. RG-15785236 ("the WOMAC Action").  The WOMAC Action arises out of series of transactions between WOMAC, JLGA and SFRC relating to the Property.  The owners of WOMAC have been affiliated with the Property as managers and owners for decades.  Their involvement with the Property is part of the City of Oakland Redevelopment Agency's long-term planning for the development of the Property ("the Redevelopment Plan").  (See Exhibit 5 to Declaration of Stephen G. Preonas in Opposition to Motion for Appointment of Receiver filed herein on February 15, 2017 as document No. 68 ("Dkt. No. 68").)

8

9

10

11

12

13

14

15

In forming JL Gateway, WOMAC, JLGA and SFRC agreed that JLGA would transfer ownership in the Property from JLGA to JL Gateway.  (Id.)  On or about December 16, 2014 WOMAC and SFRC entered into an Amended and Restated Operating Agreement for JL Gateway ("the Amended Operating Agreement") pursuant which SFRC was to own a 75% interest and WOMAC was to own the remaining 25% interest in JL Gateway.  (Dkt. No. 68, ¶ 5 & Exh. 1.)  On or about December 17, 2014 SFRC executed a written promissory ("Note") in which SFRC agreed to pay WOMAC $3,700,000 plus interest of three percent (3%) for the purpose of acquiring that certain

16

17

18

19

20

21

22

23

**KATZOFF & RIGGS LLP**
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

3

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

1   real property known as 800-900 Market, Oakland, California ("Property")." (Id., Exh. 1.)

2   At no point did SFRC, JL Gateway or any party transfer any cash in consideration for the

3   transfer of the Property from JLGA to JL Gateway.  At no point did SFRC make any

4   capital contribution to JL Gateway to obtain its 75% interest in this relief defendant.  JL

5   Gateway obtained conventional financing from a commercial lender at the time of the

6   transfer of the Property.  (Dkt. No. 68, ¶ 6 & Exh. 2.)

7        On December 18, 2014 JLGA transferred ownership in the Property from JLGA to

8   JL Gateway.  (Dkt. No. 68, ¶ 6.)  After SFRC failed to make any of the payments

9   required by the Note WOMAC and JLGA filed the WOMAC Action in September 2015.

10  This action alleged a breach of the Note and fraud it is execution. WOMAC sought and

11  obtained a prejudgment writ of attachment.  (Dkt. No. 68, ¶ 7 & Exh. 3.)

12       The parties conducted discovery and then WOMAC moved for summary

13  adjudication on its first cause of action for breach of the Note.   On October 25, 2016 the

14  court entered an order granting WOMAC summary adjudication of its cause of action for

15  breach of the Note in the amount of $3,781,091.67.  (Dkt. No. 68 ¶ 8 & Exh. 4.)  The

16  Interested Parties' claim for fraud against SFRC and Henderson remain and will be set

17  for trial later in 2017.

18       In obtaining the order appointing a receiver the SEC failed to support with

19  sufficient evidence or law the extension of the request to JL Gateway, the Property and

20  the WOMAC Action. The SEC confirms that JL Gateway did not use any funds of

21  defendant West Oakland Marketplace, L.P. ("West Oakland LP"), the investment entity

22  allegedly used by SFRC use to defraud its foreign investors, to purchase a shopping

23

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

4

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

1    center in West Oakland ("the Property")  that is the only asset of JL Gateway.  West

2    Oakland LP was not even formed until after JL Gateway became the owner of the

3    Property and that JL Gateway obtained a conventional $7M loan from a commercial

4    lender in connection with the transfer.

5    **B.    The Property Bears No Meaningful Similarity to the Other EB-5 Investment
         Properties Under Receivership in This Action Relating and the Receiver Not
6        Yet Substantiated or Quantified Any EB-5 Investment Funds Contributed to
         JL Gateway or the Property.**

7        This action filed by the SEC in January 2017 bears no meaningful similarity to the

8    WOMAC Action, JL Gateway or the Property.  In fact, the SEC's Complaint

9    demonstrates the absence of any true connection between JL Gateway and the Property

10   and the alleged defrauding of the EB-5 investors in the "West Oakland Plaza EB-5

11   project."  The Complaint states that "the limited partnership for that Project was not even

12   formed until January 2015 – a month after the purchase of the property – and the first

13   investor funds were not received until November 2015."  (Dkt. No. 1, ¶ 47.)  These

14   statements wholly contradict the illogical conclusion in the same complaint that

15   Henderson "used investor funds from two EB-5 Projects towards the purchase of the

16   property."

17       The evidence that the SEC submitted to support the appointment of the Receiver

18   failed to establish any substantial nexus between EB-5 investment funds and JL Gateway

19   and the Project. (Dkt. No. 10, p. 6; Dkt. No. 24 at Exh. 57 to the Chen Decl., ¶ 53)  The

20   same evidence completely contradicted the SEC's implausible, time shifting theory

21   alleged in the Complaint that $150,000 from West Oakland Plaza L.P., formed in 2015,

22   was used to purchase the Property in December of 2014.  The closing statement attached

23

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

5

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

1  as Exhibit 57 to the Chen Declaration is a Borrower's Estimated Closing Statement for a

2  $6,945,000 loan from a commercial lender, Thorofare Asset Based Lending Fund III,

3  L.P., ("Thorofare") to JL Gateway and to be secured by the Property.[1] This loan for the

4  commercial lender is bona fide and completely separate from any theoretical contribution

5  from EB-5 investors relating to the transfer of the Property to JL Gateway.

6       It is misleading for the SEC to characterize this document as indicating a

7  contribution to by investors towards the **purchase** of the Property, as it did in the motion

8  to appoint the Receiver.  (Dkt. No. 10, p. 6; Dkt. No. 24 at Exh. 57 to the Chen Decl., ¶

9  53)  Rather, such as suggestion merely restates the general allegation in the Compliant

10  that the EB-5 investors contributed $150,000 to the purchase of the Property. At no point

11  has the SEC substantiated this allegation and the Receiver will not be able to confirm or

12  deny this until December 2017 at the earliest.  (Declaration of Kenneth S. Katzoff in

13  Support of Opposition to Motion for Order Authorizing Retention of Broker and Listing

14  of Property for Sale ("Katzoff Decl."), ¶ 8.)

15  **C.    Additional Time is Needed for the City of Oakland to Consider its Important
        Public Development Goals Regarding the Property Which Include Significant
16       Community Interests That are Distinct From Financial Considerations**

17       In connection with this Motion representatives of WOMAC have met with a

18  representative with the City of Oakland ("the City") who confirmed the City's

19  commitment to the development of the Property with important community goals in

20  mind, including the creation of a long awaited grocery store. (Katzoff Decl., ¶ 5 – 7.)

21

22  [1] On January 27, 2017 Thorofare filed a lawsuit against JL Gateway in Alameda County
    Superior Court as Case No. RG-17-847232

23

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

6
**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

1

## ARGUMENT

2

**A.    Sale of the Property Will Impermissibly Prejudice WOMAC and Will Further Defendants' Fraudulent Acts**

3

4       The interests of defendant SFRC and defendant Thomas M. Henderson

5 ("Henderson" and with SFRC, both "Defendants") in the JL Gateway, which holds title

6 to the Property, are currently being contested in in the WOMAC Action. The Plaintiffs in

7 that case, including WOMAC, allege that SFRC acquired its interest in JL Gateway

8 through the unlawful intentional misrepresentations of Henderson and SFRC.  But for

9 Defendants' fraudulently obtained interests in JL Gateway, Defendants would not exert

10 any control over the Property and, upon further prosecution of the State Court action, the

11 Plaintiffs will recover complete possession of the Property.

12      Sale of the Property, now, to satisfy Defendants' creditors before even establishing

13 what lawful interest Defendants have in the Property, if any, both punitively prejudices

14 the Plaintiffs in that case and creates a potential multiplicity of actions as those Plaintiffs

15 may subsequently be compelled to seek redress against Defendants' creditors. Because

16 Defendants do not lawfully control the Property, any action by the Receiver to sell the

17 Property to satisfy Defendants' debt is both a windfall to Defendants and in furtherance

of Defendants' fraudulent acts.

18

**B.    The Receiver's Broker Opinion Is Impermissibly Flawed and Will Not Adequately Value the Property to WOMAC's & the Public's Detriment**

19

20      The Broker Opinion of Value obtained by the Receiver from Colliers International

21 inappropriately discounts the value of the Property, stating that a planned grocery store

22 on the five-acre site "reduces the stabilized value" of the Property because of a deed

23 restriction which the City "has shown no flexibility" on waiving. (Declaration of Susan

7

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

L. Uecker filed in support of the Motion, at Exhibit E ("Broker Opinion"), p. 4). The Broker Opinion cites the City's demand for $500,000 in damages for the failure to establish a grocery store on the Property as evidence in support of this assertion. (Id.).

In fact, a bustling grocery store on the ground level of a mixed-use building, like the one planned, is commonly used in the real estate world as an "anchor tenant" to attract both satellite commercial uses and users to a project where visitors can enjoy a "one-stop shop" experience. (Katzoff Decl., ¶ 6).  As such, the grocery store concept should be listed as an asset, not a liability in the Broker Opinion. The Broker Opinion is further flawed because it materially misstates the City's position vis-à-vis the Property. The City Attorney's Office has indicated that it will hold any damages claim relating to the grocery store development in abeyance and will work creatively with the owners of to enable a viable and dynamic mixed-use development. (Katzoff Decl., ¶5.)

The Receiver's reliance on the impermissibly flawed Broker Opinion will not adequately value the Property and WOMAC and the public generally will be prejudiced.

C.    **The Property Is a Unique Community Asset for the West Oakland Community That Should Not Be Hastily Disposed of to Satisfy Potential Claims of Foreign Investors.**

There is a "universal presumption that real property is unique, and that its loss is not compensable in money damages." (*Campbell* v. *Superior Court* (2005) 132 Cal.App.4th 904, 917.). Where "a party seeks title to property, or some other interest dependent upon the uniqueness of a particular parcel of property, the party cannot ordinarily be made whole by money alone." (Id. at 918; Civil Code § 3387 ("It is to be presumed that the breach of an agreement to transfer real property cannot be adequately

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

8

1    relieved by pecuniary compensation"). The Property at issue here is particularly unique.

2    For decades, people in the low-income, racially diverse West Oakland community have

3    been striving to develop the Property with grocery store uses for the benefit of the

4    community.  (Katzoff Decl. ¶ 4 – 8.)

5        Significantly, the City's good will and willingness to work creatively on

6    redevelopment of the Property is, at least in part, linked with the involvement of

7    WOMAC, a nonprofit public benefit corporation with its principal place of business in

8    the City. (Katzoff Decl., ¶5.) WOMAC, which stands for the "West Oakland Marketplace

9    Advancement Company," has been an integral part of the West Oakland community,

10   struggling for decades to develop a "food oasis" at the Property in the middle of the "food

11   desert" of West Oakland. (Katzoff Decl., ¶7.)   The conveyance of the Property, as

12   planned by the Receiver, at a fire sale auction to an unsophisticated party looking to

13   "flip" the Property in order to satisfy unresolved claims of wealthy foreign investors will

14   both frustrate future development plans for the Property and freeze out the members of

15   the West Oakland community who have worked so hard to bring their grocery store

16   vision to fruition.

17   **D.    The Court Should Defer Any Action to Sell the Property Pending a Final
           Audit of Defendants' Assets Is Due in December of 2017**

18

19       It is expected that a final audit of the Defendants assets will be completed by

20   December 2017.  Moving forward now with a sale of the Property pursuant to the

21   Receiver's plan before the audit can be completed, both prejudices WOMAC and other

22   creditors and makes dangerous and hasty assumptions about Defendants' owner interests

23   and assets before such interests and assets can be properly verified.  While of course there

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

9

**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

is the possibility that sales price will decrease in 2018 there is also a possibility of an increase.  The ordinary fluctuation of the real estate market should not influence the Court's decision here.

## CONCLUSION

For the foregoing reasons, Interested Parties respectfully request that this Court not authorize the Receiver to retain a broker and list the Property for sale.

Date: September 6, 2017

KATZOFF & RIGGS LLP


_/s/_____
KENNETH S. KATZOFF
Attorneys for Interested Parties
WOMAC PROPERTIES, INC. and
JLG ASSOCIATES, LLC

KATZOFF & RIGGS LLP
1500 PARK AVENUE, SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

10
**INTERESTED PARTIES WOMAC PROPERTIES, INC. AND JLG ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**