# Exhibit 9

**Jennifer Bronson** <jennifer@sfeb5.com>  10/2/15


Marvin

Is it okay if this is not signed until next week?

From: Christina Weed [mailto:cweed@taxandestateplanninglawyer.com] On Behalf Of Christina Weed
Sent: Friday, October 2, 2015 12:42 PM
To: Jennifer Bronson
Cc: Marvin Tate
Subject: Re[7]: Bronson - Documents
Importance: High

Please see attached.

Thank you,

Christina Weed
Attorney, LL.M.

Website: http://taxandestateplanninglawyer.com/

PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This communication, and all attachments, is intended solely for the person(s) or entity(ies) to which this communication is addressed. This communication is likely to contain confidential, proprietary, and/or privileged information. If you are not the intended recipient of this communication, you are strictly prohibited from retransmitting, disseminating, or acting any way in reliance upon the information contained herein. If you are not the intended recipient of this communication, you should immediately destroy this communication and notify the sender.

------ Original Message ------
From: "Jennifer Bronson" <jennifer@sfeb5.com>
To: "Christina Weed" <CWeed@taxandestateplanninglawyer.com>
Cc: "Marvin Tate" <mtate@marvintatecpa.com>
Sent: 10/2/2015 9:21:59 AM
Subject: RE: Re[5]: Bronson - Documents

Hi Christina,

I have had a chance to review this and the change I would like you to make regards the date of the oral agreement. It should be January 1, 2014 (not 2015). Can you make that change and send back to me as a final document for signatures.

Thank you for your guidance.

Best regards,

Jennifer

From: Christina Weed [mailto:cweed@taxandestateplanninglawyer.com] On Behalf Of Christina Weed
Sent: Thursday, October 1, 2015 3:17 PM
To: Jennifer Bronson
Cc: Marvin Tate
Subject: Re[5]: Bronson - Documents
Importance: High

Hi Jennifer,

Please see attached amendment to operating agreement. I am sorry for the delay; the matter is much more complex than anticipated initially.

There are a couple of matters that I must point out.

1. The sole method of giving you at risk basis in the LLC is to make you personally liable for restoring any deficits in your capital account. Said restoration of any deficit must be promptly made upon liquidation of the LLC. This is all assuming that all capital accounts are maintained in accordance with Treas. Reg. 1.704-1(b)(2)(iv). Based on my correspondence with Marvin, I do not believe this is an issue. The attached amendment makes you, and all other members, liable for restoring any deficit account balance. In addition, creditors may be entitled to payment directly.

2. While the attached amendment should achieve your goals of providing at risk basis to you, you and the other members of the LLC are essentially foregoing any limited liability protection that an LLC would otherwise provide. Since the other members have personally guaranteed the loan in issue, it may not make a difference, but it is a significant change to the limited liability protection of the LLC.

3. You are exposing yourself to millions of dollars of liability for purposes of resolving a tax debt of approximately $40,000.

4. Pursuant to Internal Revenue Code 761(c), any amendments to a partnership agreement must be made by the time for filing the partnership return (not including extensions). That said, oral agreements are sufficient. Accordingly, I have indicated in the amendment that an oral agreement was in place at the beginning of the year that is now being memorialized in writing. I cannot be 100% certain this would survive an audit. There is a risk, but it appears that this should be acceptable pursuant to the Code and Regs.

5. Pursuant to the operating agreement currently in place, all members must approve the amendment, which means they must approve the obligation to restore capital account deficits and they must agree that there was an oral agreement in place, identical to the attached amendment, at the beginning of the year.

6. You will notice the original operating agreement does have a qualified income offset (QIO) provision in place that I have replaced with the obligation to restore capital account deficits. The QIO does not permit you to be allocated losses intentionally if you do not have a sufficient capital account. For this reason, I have changed it.

If you have any questions or concerns, please contact me. If you have any proposed changes, please let me know.

Thank you,

**Christina Weed**
Attorney, LL.M.

Website: http://taxandestateplanninglawyer.com/

PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This communication, and all attachments, is intended solely for the person(s) or entity(ies) to which this communication is addressed. This communication is likely to contain confidential, proprietary, and/or privileged information. If you are not the intended recipient of this communication, you are strictly prohibited from retransmitting, disseminating, or acting any way in reliance upon the information contained herein. If you are not the intended recipient of this communication, you should immediately destroy this communication and notify the sender.

------ Original Message ------
From: "Jennifer Bronson" <jennifer@sfeb5.com>
To: "Christina Weed" <CWeed@taxandestateplanninglawyer.com>
Cc: "Marvin Tate" <mtate@marvintatecpa.com>
Sent: 10/1/2015 2:50:38 PM
Subject: RE: Re[3]: Bronson - Documents

**Hi Christina, (cc: Marvin)**

**I was wondering where we are at with this? Thanks very much.**

Jennifer

**From:** Christina Weed [mailto:cweed@taxandestateplanninglawyer.com] **On Behalf Of Christina Weed**
**Sent:** Tuesday, September 22, 2015 4:32 PM
**To:** Jennifer Bronson
**Cc:** Marvin Tate
**Subject:** Re[3]: Bronson - Documents
**Importance: High**

Hi Jennifer,

I hope you are doing well.

I have the agreement in draft form, but I would like to review your documents some more and still need time to finalize. I spoke with Marvin because I wanted to make sure that I was not delaying his work. We agreed on an additional week to complete the necessary documents.

I hope this is acceptable to you. I really want to make sure I do not overlook anything in drafting your agreement and that I provide you with an excellent final product.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

**Christina Weed**
**Attorney, LL.M.**

**Law Offices of Christina Weed, PC**
ESTATE PLANNING • TAX LAW
1801 Oakland Blvd., Suite 210
Walnut Creek, CA 94596
T: (925) 953-2920
F: (925) 301-8667
mailto:cweed@taxandestateplanninglawyer.com

Website: http://taxandestateplanninglawyer.com/

PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This communication, and all attachments, is intended solely for the person(s) or entity(ies) to which this communication is addressed. This communication is likely to contain confidential, proprietary, and/or privileged information. If you are not the intended recipient of this communication, you are strictly prohibited from retransmitting, disseminating, or acting any way in reliance upon the information contained herein. If you are not the intended recipient of this communication, you should immediately destroy this communication and notify the sender.

------ Original Message ------
From: "Christina Weed" <CWeed@taxandestatelawyer.com>
To: "Jennifer Bronson" <jennifer@sfeb5.com>
Cc: "Marvin Tate" <mtate@marvintatecpa.com>
Sent: 9/18/2015 12:09:05 PM
Subject: Re[2]: Bronson - Documents

Is there a copy of the original partnership agreement?

This is important. It should have been provided when you received your partnership interest.

Sincerely,

**Christina Weed**
**Attorney, LL.M.**

Website: http://taxandestateplanninglawyer.com/

PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This communication, and all attachments, is intended solely for the person(s) or entity(ies) to which this communication is addressed. This communication is likely to contain confidential, proprietary, and/or privileged information. If you are not the intended recipient of this communication, you are strictly prohibited from retransmitting, disseminating, or acting any way in reliance upon the information contained herein. If you are not the intended recipient of this communication, you should immediately destroy this communication and notify the sender.

------ Original Message ------
From: "Jennifer Bronson" <jennifer@sfeb5.com>
To: "Christina Weed" <CWeed@taxandestateplanninglawyer.com>
Cc: "Marvin Tate" <mtate@marvintatecpa.com>
Sent: 9/17/2015 2:25:25 PM
Subject: RE: Bronson - Documents

Hello Christina,

Are you now in receipt of all the documents you were looking for? Please let me know if there is anything you need from me.

Best regards,

Jennifer



From: Christina Weed [mailto:cweed@taxandestateplanninglawyer.com] On Behalf Of Christina Weed
Sent: Thursday, September 3, 2015 3:59 PM
To: Jennifer Bronson (jennifer@sfeb5.com); Marvin Tate
Subject: Bronson - Documents
Importance: High

Hi Jennifer,

It was nice meeting you today. Please send me a copy of your partnership agreement at your earliest convenience.

Marvin, please send me any other documents you believe are relevant.

Thanks!

Christina Weed
Attorney, LL.M.

Law Offices of Christina Weed, PC
ESTATE PLANNING • TAX LAW
1801 Oakland Blvd., Suite 210
Walnut Creek, CA 94596
T: (925) 953-2920
F: (925) 301-8667
mailto:cweed@taxandestateplanninglawyer.com

Website: http://taxandestateplanninglawyer.com/

PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This communication, and all attachments, is intended solely for the person(s) or entity(ies) to which this communication is addressed. This communication is likely to contain confidential,

proprietary, and/or privileged information. If you are not the intended recipient of this communication, you are strictly prohibited from retransmitting, disseminating, or acting any way in reliance upon the information contained herein. If you are not the intended recipient of this communication, you should immediately destroy this communication and notify the sender.

**AMENDMENT TO OPERATING AGREEMENT**

**FOR**

**BERKELEY HEALTHCARE DYNAMICS, LLC**

THIS AMENDMENT TO OPERATING AGREEMENT of Berkeley Healthcare Dynamics, LLC, a limited liability company organized under the laws of the state of California (the "Company"), is made on October 17, 2012, among Thomas M. Henderson, on behalf of SFRC, LLC; Clement Chin; Kevin Shimamoto (the "Original Members"); and Jennifer Bronson ("Additional Member"), having been admitted as a member of Company by that Resolution to Admit Additional Member, dated October 17, 2012, collectively referred to as the Members.

**RECITALS**

WHEREAS the Company was duly formed and organized under the laws of the state of California upon the filing of the Articles of Organization with the Secretary of State of California on October 17, 2012.

WHEREAS by agreement dated October 17, 2012 (referred to herein as the "Operating Agreement") the Original Members formed the Company.

WHEREAS the Operating Agreement was amended pursuant to the Resolution to Admit Additional Member, dated October 17, 2012, and the Additional Member became a member of Company.

WHEREAS the Members entered into an oral agreement for an amendment to the Operating Agreement on or around January 1, 2014 (the "Oral Agreement"), and by this instrument (the "Amendment") intend to memorialize said oral agreement in writing.

WHEREAS the Members desire that said Amendment be effective as of the date of the Oral Agreement.

In consideration of their mutual covenants, the parties agree that the Operating Agreement is amended as follows:

Section 4.8 is amended to read as follows:

Limited Liability.  Except as required under Act or this Agreement, no person who is a Manager or officer (or both) of the Company shall be personally liable under any judgment of a Court, or in any other manner, for any debt, obligation, or

liability of the Company, whether that liability or obligation arises in contract tort, or otherwise, solely by reason of being a Manager or officer or (or both) of the Company.

Section 5.3 is amended to read as follows:

Deficit Restoration Obligation. Notwithstanding any other provision in this Article V, if a Member has an Adjusted Capital Account Deficit in his or her capital account following the dissolution or liquidation of his or her interest in the Company, as determined after taking into account all capital account adjustments for the Partnership taxable year during which such liquidation occurs, he or she shall unconditionally restore the amount of such deficit balance to the Company by the end of such taxable year (or, if later, within 90 days after the date of such liquidation or dissolution), which amount shall, upon liquidation or dissolution of the Company, be paid to creditors of the Partnership or distributed to other Partners in accordance with their positive capital account balances.

Section 11.1 is amended to include subsection N. as follows:

N. Adjusted Capital Account Deficit shall mean the deficit balance, if any, in a Member's Capital Account at the time in question, after (i) reducing the amount of such deficit by the amount, if any, of such Member's Deficit Restoration Obligation and (ii) increasing the amount of such deficit by the amount, if any, of the items described in Section 1.704-1(b)(2)(ii)(b) and (c) of the Regulations. The determination of a Member's Adjusted Capital Account Deficit is made for purposes of Section 1.704-1(b)(2)(ii)(b) of the Regulations and shall be made consistently therewith.

//
//
//
//
//
//
//

Except as expressly amended and modified by this agreement, the Operating Agreement will continue in full force and effect.

WITNESS the execution of this Amendment at _____, California.

_____
Thomas M. Henderson
On behalf of SFRC, LLC

_____
Clement Chin

_____
Kevin Shimamoto

_____
Jennifer Bronson