# Exhibit 15


SAN FRANCISCO REGIONAL CENTER

# Promissory Note

North America 3 PL, LLC

$10,000,000.00

May 1st, 2014

FOR VALUE RECEIVED, North America 3 PL, LLC, a California Limited Liability Company, ("Maker"), promises to pay to NA3PL, L.P, a California Limited Partnership ("Payee"), in lawful money of the United States of America, the principal sum of Ten Million Dollars ($10,000,000.00), together with interest in arrears on the unpaid principal balance at an annual rate equal to one percent per annum (1%), in the manner provided below. Interest shall be calculated on the basis of a year of 365 or 366 days, as applicable, and charged for the actual number of days elapsed.

This Note has been executed and delivered pursuant to and in accordance with the terms and conditions of the Confidential Private Placement Memoranda, Business Plans, and formation documents related to the NA3 PL L.P. EB-5 projects described therein.

1. PAYMENTS

1.1 PRINCIPAL AND INTEREST

The interest payments on the unpaid principal balance of this Note shall be due and payable in consecutive quarterly installments of twenty-five thousand dollars ($25,000.00) (or less if a partial payment has been made on principal) commencing on the first day of each calendar quarter (January first, April first, July first, October first) after the date of execution hereof. The first payment will be prorated and reduced to reflect the number of days from the date of execution of this promissory note until the first day of the next quarter thereafter. Interest will be paid until the principal amount has been paid in full. The principal balance of this Note shall be due and



**SAN FRANCISCO** REGIONAL CENTER

payable five years from the date of execution of this promissory note unless extended as provided below.

## 1.2 EXTENSION

The date upon which the principal balance of this Note is due and payable may be extended by Maker for a period of up to two years at Maker's sole discretion in order to facilitate the employment by Maker of sufficient employees to satisfy job creation requirements of the United States Customs and Immigration Service applicable to EB-5 projects created by Maker.

## 1.3 MANNER OF PAYMENT

All payments of principal and interest on this Note shall be made by certified or bank cashier's check or other payment method designated by Payee at 409 13th Street, suite 888, Oakland California, 94012, or at such other place in the United States of America as Payee shall designate to Maker in writing or by wire transfer of immediately available funds to an account designated by Payee in writing. If any payment of principal or interest on this Note is due on a day which is not a Business Day, such payment shall be due on the next succeeding Business Day, and such extension of time shall be taken into account in calculating the amount of interest payable under this Note. "Business Day" means any day other than a Saturday, Sunday or legal holiday in the State of California.

## 1.4 PREPAYMENT

Maker may, without premium or penalty, at any time and from time to time, prepay all or any portion of the outstanding principal balance due under this Note, provided that each such prepayment is accompanied by accrued interest on the amount of principal prepaid calculated to the date of such prepayment. Any partial prepayments shall reduce the interest payment due on the next payment date such that interest is paid at the rate of one percent per annum.

## 1.5 RIGHT OF SET-OFF

Maker shall have the right to withhold and set-off against any amount due hereunder the amount of any claim for indemnification or payment of damages to which Maker may be entitled under any other Agreement between Maker and Payee.

## 1.6 SECURITY

Maker agrees that upon demand of Payee and until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Payee a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as North America 3 PL LLC.


**SAN FRANCISCO** REGIONAL CENTER

## 2. DEFAULTS

### 2.1 EVENTS OF DEFAULT

The occurrence of any one or more of the following events with respect to Maker shall constitute an event of default hereunder ("Event of Default"):

(a) If Maker shall fail to pay when due any payment of principal or interest on this Note and such failure continues for fifteen (15) days after Payee notifies Maker therein writing; provided, however, that the exercise by Maker in good faith of its right of set-off pursuant to Section 1.4 above, whether or not ultimately determined to be justified, shall not constitute an Event of Default.

(b) If, pursuant to or within the meaning of the United States Bankruptcy Code or any other federal or state law relating to insolvency or relief of debtors (a "Bankruptcy Law"), Maker shall (i) commence a voluntary case or proceeding; (ii) consent to the entry of an order for relief against it in an involuntary case; (iii) consent to the appointment of a trustee, receiver, assignee, liquidator or similar official; (iv) make an assignment for the benefit of its creditors; or (v) admit in writing its inability to pay its debts as they become due.

(c) If a court of competent jurisdiction enters an order or decree under any Bankruptcy Law that (i) is for relief against Maker in an involuntary case, (ii) appoints a trustee, receiver, assignee, liquidator or similar official for Maker or substantially all of Maker's properties, or (iii) orders the liquidation of Maker, and in each case the order or decree is not dismissed within 120 days.

### 2.2 NOTICE BY MAKER

Maker shall notify Payee in writing within [five] days after the occurrence of any Event of Default of which Maker acquires knowledge.

### 2.3 REMEDIES

Upon the occurrence of an Event of Default hereunder (unless all Events of Default have been cured or waived by Payee), Payee may, at its option, (i) by written notice to Maker, declare the entire unpaid principal balance of this Note, together with all accrued interest thereon, immediately due and payable regardless of any prior forbearance, and (ii) exercise any and all rights and remedies available to it under applicable law, including, without limitation, the right to collect from Maker all sums due under this Note. Maker shall pay all reasonable costs and expenses incurred by



**SAN FRANCISCO** REGIONAL CENTER

or on behalf of Payee in connection with Payee's exercise of any or all of its rights and remedies under this Note, including, without limitation, reasonable attorneys' fees.

## 3. MISCELLANEOUS

### 3.1 WAIVER

The rights and remedies of Payee under this Note shall be cumulative and not alternative. No waiver by Payee of any right or remedy under this Note shall be effective unless in a writing signed by Payee. Neither the failure nor any delay in exercising any right, power or privilege under this Note will operate as a waiver of such right, power or privilege and no single or partial exercise of any such right, power or privilege by Payee will preclude any other or further exercise of such right, power or privilege or the exercise of any other right, power or privilege. To the maximum extent permitted by applicable law, (a) no claim or right of Payee arising out of this Note can be discharged by Payee, in whole or in part, by a waiver or renunciation of the claim or right unless in a writing, signed by Payee; (b) no waiver that may be given by Payee will be applicable except in the specific instance for which it is given; and (c) no notice to or demand on Maker will be deemed to be a waiver of any obligation of Maker or of the right of Payee to take further action without notice or demand as provided in this Note. Maker hereby waives presentment, demand, protest and notice of dishonor and protest.

### 3.2 NOTICES

Any notice required or permitted to be given hereunder shall be given in by first class mail sent to the address of Maker and Payee.

### 3.3 SEVER ABILITY

If any provision in this Note is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Note will remain in full force and effect. Any provision of this Note held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

### 3.4 GOVERNING LAW

This Note will be governed by the laws of the State of California without regard to conflicts of laws principles and without regard to the place of execution.

### 3.5 PARTIES IN INTEREST



**SAN FRANCISCO** REGIONAL CENTER

This Note shall bind Maker and its successors and assigns. This Note shall not be assigned or transferred by Payee without the express prior written consent of Maker, except by will or, in default thereof, by operation of law.

3.6 AUTHORIZATION

Maker represents and warrants that any and all acts necessary to enable Maker to enter into this Note have been duly authorized and approved by Maker and that Maker has adopted a resolution in the following form:

The undersigned managing member of San Francisco Regional Center, LLC, manager of North America 3PL, LLC, a Limited Liability Company duly organized and in good standing under the laws of the State of California adopts the Resolutions set forth herein pursuant to the operating agreement of North America 3 PL, LLC.

IT IS HEREBY RESOLVED that Thomas Henderson, managing member of San Francisco Regional Center, LLC, manager of North America 3PL, LLC is empowered to perform all acts on behalf of North America 3 PL, LLC necessary to to borrow money in the sum of Ten Million Dollars ($10,000,000.00) from NA3PL L.P. ("Maker") including but not limited to:

1. execution of escrow instructions;

2. execution of loan application documents, promissory notes, security agreements;

3. execution of lease assignments;

4. execution of any and all other documents reasonably required by Maker.

IT IS FURTHER RESOLVED, that any and all acts authorized pursuant to these Resolutions are hereby ratified and approved by San Francisco Regional Center, LLC, that these Resolutions shall remain in full force and effect and that Maker may rely on these Resolutions until such time as written notice of their revocation shall have been received by Maker. Any such notice shall not affect any of the agreements or commitments of San Francisco Regional Center, LLC, And North America 3 PL, LLC in effect at the time notice is given.

IT IS FURTHER RESOLVED, that the person executing this Resolution on behalf of San Francisco Regional Center, LLC holds the position set forth beneath his name; that the foregoing Resolutions



SAN FRANCISCO REGIONAL CENTER

are now of record with San Francisco Regional Center, LLC and North America 3 PL, LLC; and that the Resolutions are now in full force and effect and have not been modified or revoked.

### 3.6 SECTION HEADINGS, CONSTRUCTION

The headings of Sections in this Note are provided for convenience only and will not affect its construction or interpretation. All references to "Section" or "Sections" refer to the corresponding Section or Sections of this Note unless otherwise specified.

### 3.7 MODIFICATION

Any modification or amendment of the terms of this note shall be in writing executed by both Maker and Payee.

All words used in this Note will be construed to be of such gender or number as the circumstances require. Unless otherwise expressly provided, the words "hereof" and "hereunder" and similar references refer to this Note in its entirety and not to any specific section or subsection hereof.

If NA3PL, LLC cannot repay the $10,000,000 back to NA3PL, LP Berkeley Healthcare Dynamics is obligated to repay the $10,000,000.

IN WITNESS WHEREOF, Maker has executed and delivered this Note as of the date first stated above.

Maker

By: *[signature: Thomas M Henderson]*

CEO of NA3PL, LLC

By: *[signature: Thomas M Henderson]*

Managing Member of Berkeley Healthcare Dynamics