1  Elizabeth Berke-Dreyfuss (Bar No. 114651)
   **WENDEL, ROSEN, BLACK & DEAN LLP**
2  1111 Broadway, 24th Floor
   Oakland, California 94607-4036
3  Telephone:  (510) 834-6600
   Fax:  (510) 834-1928
4  Email:  edreyfuss@wendel.com

5  Attorneys for Susan L. Uecker, Receiver

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

                     SAN FRANCISCO DIVISION
10

11 SECURITIES AND EXCHANGE                      Case No. 3:17-CV-00223-RS
   COMMISSION,
12
              Plaintiff,
13
                                               **DECLARATION OF SUSAN L. UECKER**
14    vs.                                       **IN SUPPORT OF MOTION FOR ORDER**
                                               **AUTHORIZING AND APPROVING**
15 SAN FRANCISCO REGIONAL CENTER, LLC;         **SETTLEMENT AGREEMENT WITH**
   THOMAS M. HENDERSON; CALIFORNIA             **LEEDS DISSTON AND CASALINA &**
16 GOLD MEDAL, L.P.; CALLSOCKET, L.P.;         **DISSTON**
   CALLSOCKET II, L.P.; CALLSOCKET III,
17 L.P.; COMPREHENSIVE CARE OF
   OAKLAND, L.P.; NA3PL, L.P.; WEST
18 OAKLAND PLAZA, L.P.; CALLSOCKET,
   LLC; CALLSOCKET II, LLC; CALLSOCKET         Date:    August 16, 2018
19 III, LLC; COMPREHENSIVE CARE OF             Time:    1:30 p.m.
   CALIFORNIA, LLC; IMMEDIA, LLC; and          Place:   450 Golden Gate Ave.
20 NORTH AMERICA 3PL, LLC,                               17th Floor, Courtroom 3
                                                        San Francisco, CA 94102
21            Defendants,                       Judge:   The Hon. Richard Seeborg

22            -and-

23 CALLSOCKET HOLDING COMPANY, LLC;
   CALLSOCKET III HOLDING COMPANY,
24 LLC; BERKELEY HEALTHCARE
   DYNAMICS, LLC; CENTRAL CALIFORNIA
25 FARMS, LLC; and JL GATEWAY, LLC,

26            Relief Defendants.

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1    I, Susan L. Uecker, declare as follows:

2    1.    I am the duly appointed the duly appointed receiver (the "Receiver") for San

3    Francisco Regional Center, LLC, and the above named entity Defendants and Relief Defendants

4    (collectively the "Receivership Entities") pursuant to the Court's Order Appointing Receiver and

5    Monitor entered herein on March 29, 2017 ("Appointing Order") (Docket No. 100) and this

6    court's Order Extending Scope of Receivership entered herein on June 5, 2017 (Docket No. 171).

7    The following facts are true of my own personal knowledge and if called as a witness, I would and

8    could competently testify thereto, except as to those matters that are alleged upon information and

9    belief, and as to those matters, I believe them to be true.  I make this declaration in support of my

10    Motion Authorizing and Approving Settlement Agreement with Leeds Disston and Casalina &

11    Disston.

12    2.    I am informed and believe that at a point in time prior to my appointment as

13    Receiver, Leeds Disston and Casalina & Disston (collectively "Disston") were counsel for San

14    Francisco Reginal Center, LLC ("SFRC"), and all or some of the Receivership Entities, and

15    obtained funds from some of the entities for legal fees and other expenses, which funds were

16    deposited into a trust account maintained by Disston under the name of SFRC (the "SFRC Trust

17    Account").  I am also informed that Disston was also counsel for Defendant Thomas M.

18    Henderson ("Henderson").

19    3.    I am informed and believe that Shirley Ma ("Ma") a 50% member and manager of

20    Defendant Comprehensive Care of California, LLC, the General Partner of Defendant

21    Comprehensive Care of Oakland, L.P., paid SFRC the sum of $1,000,000 ("Ma Proceeds") which

22    funds were deposited into the SFRC Trust Account.

23    4.    I am informed that Henderson owns an interest with Aileen Yen ("Yen") in a single

24    family residence  located at 666 Mandana Boulevard, Oakland, California  94610 ("Mandana

25    Property").  Henderson and Yen owed, among other debts, the sum of $1,000,000 to Community

26    Bank of the Bay ("Community Bank") pursuant to that Promissory Note dated November 6, 2014,

27    secured by a Deed of Trust which encumbers the Mandana Property ("Community Bank Note and

28    Deed of Trust").

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

5.      I am informed that Disston transferred the Ma Proceeds to the Community Bank in exchange for an  assignment of the Community Bank Note and Deed of Trust in Disston's favor ("Assignment").  I am further informed that Community Bank transferred the original Note and Deed of Trust to Disston.  I believe that Disston's transfer of the Ma Proceeds to the Community Bank in payment of Henderson's personal obligation in exchange for the Assignment of the Community Bank Note and Deed of Trust to Disston is a voidable transfer pursuant to California Civil Code Section 3439 et seq., and that the estate is entitled to avoid the transfer and obtain the Community Bank Note and Deed of Trust.

6.      I am informed that Disston, on the other hand, contends that the Assignment was security for  his legal fees, and he is owed the sum of $877,000, in addition to sums he has been paid to date.  Disston contends that prior to the Assignment, his legal fees were secured by an assignment of profits owed to SFRC by Defendant Comprehensive Care of California, LLC.

7.      I believe, however, that there are additional bases to void the Assignment and object to any claim that Disston may have in the Receivership Estate.

8.      In order to resolve this matter and avoid the costly litigation, the parties have agreed to the following proposed settlement subject to court approval, pursuant to Paragraph 39 of the Appointment Order.   The essential terms of the proposed settlement are as follows and a true and correct copy of the proposed Settlement Agreement is attached hereto as **Exhibit A**:

- Within 15 days after the Effective Date,[1] Disston will execute an assignment of his interests in the Community Bank Note and Deed of Trust ("Disston Assignment"), and turn over the original executed version of the Community Bank Promissory Note, all modifications, the Deed of Trust, and Assignment (collectively "New Assignment Document") to the Receiver.

- Upon receipt of the executed Disston Assignment and the New Assignment Documents, the Receiver will pay Disston the sum of $150,000.  In addition, Disston shall have an allowed claim in the Receivership Estate in the sum of $250,000 ("Disston Receivership Estate Claim").[2]

---

[1]  The Effective Date is 61 days after the entry of the order approving the settlement.

[2]  Under the terms of the Settlement Agreement, I make no representations or warranties on the amount of the pro rata distributions to creditors that will be paid, and thus makes no

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

- Subject to execution of the agreement, Disston shall release the Receiver, as of the Effective Date of any and all claims relating to any matters arising out of, related to or connected with (a) the receivership in this Action;[3] (b) the Receivership Entities; and (c) any and all claims asserted in the Action, and all claims arising out of or related to the events described therein (collectively, "Disston Released Claims").

- Subject to approval by the court, and the execution of the Agreement, and timely receipt of the New Assignment Documents, the Receiver shall release Disston from any and all claims relating to any matters arising out of, related to or connected with (a) the receivership in this Action; (b) the Receivership Entities; (c) any and all claims asserted in the Action, and all claims arising out of or related to the events described therein ("Receiver Released Claims").

- Both the Receiver as part of the Disston Released Claims and Disston as part of the Receiver Released Claims shall include waivers pursuant to Section 1542 of California Civil Code.

9. I believe the proposed settlement should be approved because it recovers both Estate Property and conserves Estate Assets. The settlement proposal recovers the Ma Proceeds of $1,000,000 paid to SFRC for its interest in Comprehensive Care of California, LLC, as the General Partner of Comprehensive Care of Oakland, L.P. The Ma Proceeds were paid into the SFRC Trust Account and, I contend, wrongfully used by Disston to pay Henderson/Yen's personal obligation to the Community Bank secured by their residence the Mandana Property. Disston took an assignment of both the Community Bank Promissory Note and Deed of Trust to secure his legal fees rendered not just to SFRC, but also to Henderson, and other affiliated entities. I believe that the use of the Ma Proceeds to satisfy the personal obligations of Henderson/Yen and taking an assignment of the Community Bank Promissory Note and Deed of Trust was an avoidable transfer pursuant to California Civil Code Section 3439 et seq. Under the proposed agreement, Disston will assign both the Community Bank Promissory Note and the Deed of Trust to me in exchange for a payment of $150,000. The Deed of Trust is a first priority lien, recorded against

---

representations or warranties on the amount of the distribution that Disston shall receive on the Disston Receivership Estate Claim.

[3] *Securities and Exchange Commission v. San Francisco Regional Center, LLC*, Case No. 3:17-cv-00223-RS.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  Henderson/Yen's residence, the Mandana Property.  I believe the Mandana Property is worth

2  between $1.6 – $1.7 million based on two Brokers Opinion of Value.  I obtained two Brokers'

3  Opinion of Value from Pacific Union, one in November 2017 and one in May 2018.  The Brokers'

4  Opinion of Value ("BOV") are based on recent comparable sales in the areas.  While the rendering

5  brokers have not inspected the interior of the Mandana Property, the BOV is one indicator of

6  value.  Based on the two BOVs, there should be more than sufficient equity to satisfy the

7  Community Bank Deed of Trust.

8          10.     I am informed that Disston claims that he is owed approximately $877,000 for legal

9  services rendered to SFRC, Henderson and the other affiliated entities over and above the amounts

10  that Disston has already been paid.  I believe there are additional bases to object to any claims for

11  fees that Disston could have in the Receivership Estate.  Under the proposed agreement, Disston

12  shall receive an allowed claim against the Receivership Estate in the amount of $250,000,

13  approximately 28% of the amount that was allegedly owing on account services rendered by

14  Disston to SFRC, or the other related SFRC entities.  Equally important, Disston's allowed claim

15  against the Receivership Estate will only be paid pro rate based on the distribution to all creditors.

16          11.     Most importantly, the proposed settlement avoids the high cost of litigation with

17  Disston to establish the avoidability and recovery of the transfers of SFRC's and affiliated EB-5

18  entities' funds to Disston, which litigation could be very expensive, and not yield a better cost-

19  benefit result.  For all of those reasons, I believe, in my business judgment, the proposed

20  settlement should be approved.

21          I declare under the laws of the United States of America that the foregoing is true and

22  correct and that this declaration was executed on the 11th day of July in San Francisco, California.

23

24

25          /s/   Susan L. Uecker
            Susan L. Uecker, Receiver

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036