United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>SAN FRANCISCO REGIONAL CENTER LLC, et al.,<br>Defendants. | Case No. 17-cv-00223-RS<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION TO RETURN ESCROWED INVESTOR FUNDS, MODIFYING INTERVENTION ORDER, AND DENYING CROSS-MOTIONS RE SALE OF BHD WAREHOUSE** |

The parties are familiar with the factual background and protracted procedural history of this action and those matters will not be recounted here. Four motions are presently pending. Pursuant to Civil Local Rule 7-1(b), all are suitable for disposition without oral argument, and the hearing set for August 16, 2018 is vacated.

1. <u>Motion for authorization to return investors' capital contributions held in escrow (Dkt. No. 421)</u>

The Receiver seeks authorization to return the capital investment and subscription fees of certain investors held in escrow at the time of her appointment, and to pay the escrow fees associated with the transactions. Because the funds in issue were escrowed and never applied to any of the EB-5 projects or otherwise commingled with any other investor contributions or other monies, returning them to the individual investors presents no issues as to any preference between "tracing" and pro-rata distributions. The motion is unopposed. Accordingly, the motion will be

United States District Court
Northern District of California

granted. The second revised proposed order submitted by the Receiver will be entered separately.

2. Motion to amend intervention order (Dkt. No. 424)

With the consent of the SEC, an order previously entered permitting Jennifer Bronson, Clement Chin, and Kevin Shimamoto ("Intervenors") to intervene in this action "solely for the limited purpose of being heard with respect to any motion by the Receiver, or recommendation by the Receiver, for a recovery or disposition plan, that relates to any assets or real property owned by or in the name of Defendant North America 3PL, LLC or Relief Defendant Berkeley Healthcare Dynamics, LLC." The Receiver and the SEC interpret that order narrowly to allow only for Intervenors to oppose the Receiver's motion seeking authority to list and sell the BHD warehouse, and not to bring their own affirmative motion seeking a different disposition of the property. Intervenors therefore have expressly requested modification of the intervention order, to allow their "cross-motion" to be heard.[1]

The SEC opposes modification of the order, arguing that Section 21(g) of the Securities Exchange Act of 1934 precludes intervention in SEC enforcement actions without the SEC's consent. The applicability of Section 21(g), which on its face applies only to consolidation, is unsettled in this circuit. *See S.E.C. v. ABS Manager, LLC*, No. 13CV319-GPC JMA, 2013 WL 3752119, at *2–3 (S.D. Cal. July 15, 2013) (describing conflicting rulings from other circuits and observing "The Ninth Circuit has yet to rule on this issue directly.").

Whether SEC consent might be required for intervention in some circumstances, the relief Intervenors seek here is warranted. The court is charged with ensuring that disposition of assets in the receivership comports with all legal requirements *and* is equitable. Entertaining the arguments and proposals of Intervenors serves that interest. Accordingly, to the extent the existing intervention order might not permit Intervenors to bring a motion seeking affirmative relief, they

[1] At the hearing on the Receiver's prior motion seeking authority to list and sell the warehouse, Intervenors were advised that any request they had for affirmative relief could not be meaningfully evaluated absent a motion.

are hereby authorized to do so. This order is without prejudice, of course, to the SEC's and the Receiver's arguments that Intervenors should not be permitted to override the disposition proposed by the Receiver or that the relief they seek is otherwise unwarranted.

3. Intervenors' sale proposal (Dkt. No. 425)

The order on the Receiver's prior motion seeking to list and sell the warehouse observed:

> Here, the property the receiver seeks to sell is owned by BHD, a relief defendant, who is not alleged to have engaged in any of the fraud at the heart of this action. Intervenors, in turn, are individual owners of BHD, who also are not alleged to have engaged in any fraud. Intervenors have invested substantial time and effort in the 20th Street Warehouse and have a legitimate interest in being afforded an opportunity to continue developing a business there. The Warehouse is real property and therefore, unique, such that intervenors cannot be completely compensated merely by receiving money for their interest in the warehouse through some later claims process.

The order raised the question of whether it might be more equitable to dispose of the warehouse through a transaction along the lines of that proposed by Intervenors, provided it ensured repayment of all EB-5 funds contributed, plus interest, and fair payment to SFRC for its interest in BHD. The parties were directed to meet and confer in an attempt to determine whether a consensus could be reached as to the dollar amount necessary to ensure such repayment.

While Intervenors now accept the Receiver's calculation of that dollar amount,[2] the parties' further negotiations did not result in any agreement as to the disposition of the warehouse, with the result that the Receiver and the Intervenors have now presented their respective proposals in these cross-motions. In addition to supporting her own proposal, the Receiver (joined by the SEC on some points) objects to Intervenors' proposal on the following grounds.

First, the Receiver contends entertaining Intervenors' proposal "interferes" with her

[2] Intervenors accept the figure only for purposes of this motion, and reserve the right to challenge it in the event their proposal is rejected and they are forced to seek recovery in a claims process.

United States District Court
Northern District of California

"orderly administration of the estate" and represents an attempt to substitute their business judgment for hers. The Receiver suggests allowing Intervenors to proceed could "open the flood gates" to additional challenges to her administration.

As the Receiver points out, she is charged with administering the property in her possession on behalf of the court. *See Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994) ("[A]n equity receiver does not merely inherit an owner's rights; the receiver is an officer of the court entrusted with administration of the property.") Prior orders in this action have reflected the deference the court gives to the Receiver's *business* judgment. Ultimate responsibility for ensuring disposition of estate assets is *equitable*, however, remains with the court. Were the court to conclude the Intervenors' proposal represented a more equitable resolution, it would not represent improper "interference" in the role of the Receiver. Additionally, there is no indication that addressing the Intervenors' concerns is likely to open the "floodgates" to other challenges from persons currently lurking on the sidelines. Accordingly, the Receiver's arguments about administration of the estate would not preclude adopting the Intervenors' proposal.

Similarly, the Receiver has raised several other objections to the Intervenors' proposal that do not stand as insurmountable barriers to adopting their approach. For example, Intervenors have offered to ensure the proposal includes an "earnest money" deposit and to adopt a form of a purchase and sale agreement acceptable to the Receiver. Intervenors agree that compliance with 28 U.S.C. § 2001(b) will be necessary.[3]

Likewise, the Receiver's complaint that Intervenors lack "standing" to act on behalf of BHD is of no consequence. Intervenors do not purport to have authority to control BHD at this juncture, and their proposal can only go forward if the court directs the Receiver to adopt that course of action. As set out above, Intervenors have properly been given the opportunity to present their perspectives to the court, in furtherance of the court's responsibility to ensure an

[3] As the Receiver points out, such compliance will delay the sale, thereby undermining some of the advantages the Intervenors' proposal would otherwise provide. That, however, does not automatically render the proposal non-viable.

United States District Court
Northern District of California

overall result that is equitable.

All that said, Intervenors have not shown that their proposal can be adopted at this juncture. The real dispute between the Intervenors on the one hand, and the Receiver and the SEC on the other hand relates to the proper disposition of the substantial equity in the warehouse resulting from its appreciation in value subsequent to its purchase in 2012. In broad terms, Intervenors' proposal would result in that equity being applied to their benefit (after returning a substantial portion to SFRC as return on its investment in BHD). The Receiver's proposal, in contrast, would see that equity added to the receivership estate, for later distribution through the claims process. The Receiver and the SEC argue that *if* Intervenors can prove a superior claim to those funds during the claims process, they will recover their equity then, otherwise it may prove appropriate to distribute the funds on some other basis among those defrauded in the scheme as a whole.

Intervenors insist their right to recover the equity is clear as a matter of fact and of law on the current record. Eventual recovery through the claims process is inadequate, Intervenors insist, because at that point they will have lost any interest in the warehouse itself, which as real property, is unique by definition, and which has also been the subject of their personal investment of time and energy for several years.

The problem with Intervenors' position is that the SEC remains the plaintiff in this matter. The SEC has asserted a claim, yet to be adjudicated, that relief defendant BHD "received investor money or property that was obtained in violation of the federal securities laws," that it has "no legitimate claim to such money or property or the fruits derived therefrom," and that it must "disgorge all ill-gotten gains, according to proof, plus prejudgment interest thereon." The "property" that BHD allegedly "obtained in violation of the federal securities law" and to which it purportedly has "no legitimate claim" includes the warehouse. Intervenors' protestations to the contrary notwithstanding, this is not a claim that can be disposed of by adopting their proposal without the consent of the SEC.

The prior order questioned whether the Receiver would have legitimate grounds to reject a

proposal that ensured all investor funds were returned with interest, and SFRC was adequately compensated. Whether or not the SEC can ultimately prove that it is entitled to disgorgement of more than would be provided by the Intervenors' proposal, it and the Receiver have shown that Intervenors should not be permitted to short-circuit that adjudication, absent a consensus among all involved. While there is now no dispute as to the amount of funds directly contributed to the warehouse that must be returned, proper disposition of additional equity has not been resolved, and cannot be in the context of this motion.[4] The Intervenors' motion for an order directing implementation of their proposal is denied.

4. The Receiver's proposal (Dkt. No 409)

The prior order observed that Intervenors "have a legitimate interest in being afforded an opportunity to continue developing a business" at the warehouse. The Receiver's proposal to list the warehouse for public sale would necessarily divest Intervenors of their interest in the unique real property upon consummation of the sale, even assuming they will later prevail in the claims process and recover the full amount of the equity they claim is rightfully theirs.[5] At some point, however, the Intervenors' interests may have to yield to the necessity of ensuring the operating expenses of the warehouse do not continue to drain value from the receivership estate.

The prior order noted that in limited circumstances, a receiver may liquidate assets in the receivership estate. Indeed, orders approving such actions by the Receiver have previously issued in this action, where not contested by other stake holders. Neither the Receiver nor the SEC, however, has made an adequate showing that under the current state of affairs the court should

[4] The Receiver further contends that certain promissory notes executed by NA3PL, LLC were guaranteed by BHD and potentially impact distribution of any sale proceeds from the warehouse. Intervenors dispute the validity of the notes and the guaranties. They appear to acknowledge reluctantly that factual issues regarding the notes and the guaranties may need to be resolved.

[5] Intervenors have no *direct* legal ownership interest in the real property, of course. At most, they have ownership in BHD, which, in turn, holds at least legal title to the warehouse.



United States District Court
Northern District of California

exercise discretion to permit the Receiver to liquidate the real property. The Ninth Circuit has made clear the ordinary rule is that a receiver should *not* be authorized to liquidate assets. Although a liquidation order was not reversed in *Sec. & Exch. Comm'n v. Lincoln Thrift Ass'n*, 577 F.2d 600 (9th Cir. 1978), the court explained:

> Our decision is to a large extent controlled by the consideration that the liquidation proceedings were in an advanced stage before appeal was brought to this Court. We do not, therefore, view this case as a precedent for approving receivership liquidations under the supervision of the district court rather than under the jurisdiction of the court in bankruptcy. If the issue arises in future cases, the district court should, at an early stage in the liquidation, set forth in express terms the justification for retaining its equity jurisdiction, indicating why the exercise of its jurisdiction is preferable to a liquidation in bankruptcy court.

577 F.2d at 609, *see also Los Angeles Tr. Deed & Mortg. Exch. v. Sec. & Exch. Comm'n*, 285 F.2d 162, 182 (9th Cir. 1960) (reversing portion of an order directing a receiver to liquidate one defendant).

The presumption against receiver liquidations applies even where the affected parties are charged with wrongdoing. Here, neither BHD nor Intervenors are charged with any securities law violation, which only provides a further reason to conclude liquidation by the Receiver is not an appropriate vehicle for resolving the status of the warehouse prejudgment at this juncture, and may never be. Accordingly the Receiver's motion is denied.

Obviously the warehouse currently continues to bleed money, so some solution must be reached in the relatively near future. The SEC, Intervenors, and the Receiver shall submit a joint status report 30 days from the date of this order.

**IT IS SO ORDERED**.

Dated: August 15, 2018

RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California