UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO REGIONAL CENTER LLC, et al.,<br><br>Defendants. | Case No. 17-cv-00223-RS<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

The Receiver appointed in this action moves for a temporary restraining order and order to show cause re issuance of a preliminary injunction against former Relief Defendant Berkeley Healthcare Dynamics, LLC ("BHD"), as to which the receivership has previously been terminated. The Receiver's motion seeks an "asset freeze,"—more specifically an order precluding BHD from encumbering or disposing of the net proceeds from a pending sale of certain real property that has been referred to in this litigation as "the 20th Street Warehouse," or just "the Warehouse." Asserting that the sale is scheduled to close on August 28, 2019, and that "BHD (and its representatives) will likely place the proceeds of the 20th Street Warehouse beyond the reach of a judgment," the Receiver seeks "*immediate*" relief.

The motion is denied. As the Receiver acknowledges, a United States District Court lacks the power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333, 119 S. Ct. 1961, 1975 (1999). Even assuming the procedural

posture here is otherwise equivalent to one in which a named plaintiff seeks recovery against a named defendant, the claim the Receiver is pursuing is for enforcement of an alleged written contractual obligation of BHD to repay two promissory notes issued by NA3PL, LLC, in the event NA3PL, LLC "cannot" do so. See Dkt. Nos. 414-15, 414-16. As such, not only is the claim fundamentally contractual, the alleged obligation the Receiver seeks to enforce is one *to pay money*. Nothing in the alleged contracts purports to give the promisee any ownership right, lien, or other interest in any specific property belonging to BHD, be it the Warehouse or anything else.

The Receiver argues the *Grupo Mexicano* rule is inapplicable because her motion to enforce the alleged promissory note guaranties[1] invokes promissory estoppel and ostensible authority among its various contentions. Although those are equitable concepts, they do not represent equitable claims for relief that might fall outside *Grupo Mexicano*. Rather, even assuming the Receiver were to prevail by proving that either promissory estoppel or ostensible authority applies, those doctrines would merely permit enforcement of the obligation to pay money.

The Receiver relies on *U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489 (4th Cir. 1999) to argue: "That money damages are claimed along with equitable relief does not defeat the district court's equitable powers." *Id.* at 498. As the careful analysis in *Rahman* reveals, however, there still must be actual equitable claims of a nature that will support the requested asset freeze.

> [W]here a plaintiff creditor has *no lien or equitable interest in the assets* of a defendant debtor, the creditor may not interfere with the debtor's use of his property before obtaining judgment. A debt claim leads only to a money judgment and does not in its own right constitute an interest in specific property. Accordingly, a debt claim does not, before reduction to judgment, authorize prejudgment execution against the debtor's assets.
>
> On the other hand, when the plaintiff creditor *asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving*

---

[1] The Intervenors previously contended the language in the promissory notes does not rise to a guaranty. This order does not reach that issue.

*those assets*, a court may in the interim invoke equity to preserve the status quo pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested. *This nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit is essential* to the authority of a district court in equity to enter a preliminary injunction freezing assets . . . .

*Id.* at 496–97 (emphasis added).

In *Rahman* the court ultimately concluded the asset freeze was proper because:

> to the extent that the [plaintiff] United States has alleged claims seeking to impose a constructive trust on assets as "equitable property" of the United States and to void fraudulent transfers of assets and have them transferred to the United States, the United States claims an equitable interest in the assets of the defendants.

*Id.* at 498; *See also, In re Focus Media Inc*., 387 F.3d 1077, 1085 (9th Cir. 2004) (approving asset freeze where claims for fraudulent conveyance and a constructive trust had been alleged).

Here, as noted, the claims the Receiver is pursuing are to enforce an alleged obligation to pay money, not for ownership in or a lien against the Warehouse or the proceeds from its sale.[2] There is no "nexus between the assets sought to be frozen" and "the ultimate relief requested in the lawsuit." As such, there is no legal basis for the relief the Receiver seeks, and the motion must be denied.

---

[2] A passing reference in the Receiver's motion suggests relief is necessary to ensure she will be able to recover "improperly diverted funds." The amount of improperly diverted funds BHD is obligated to disgorge has previously been adjudicated and reduced to judgment. In the event BHD is liable on these alleged guaranties, that represents a contractual obligation it must honor, not "improperly diverted funds."

CASE NO. 17-cv-00223-RS

3

**IT IS SO ORDERED**.

Dated: August 23, 2019

_____
RICHARD SEEBORG
United States District Judge