UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO REGIONAL CENTER LLC, et al.,<br><br>Defendants. | Case No. 17-cv-00223-RS<br><br>**TEMPORARY PROTECTIVE ORDER** |

The Receiver recently moved under federal equity principles for a temporary restraining order and order to show cause re issuance of a preliminary injunction against former Relief Defendant Berkeley Healthcare Dynamics, LLC ("BHD"). That motion sought an "asset freeze,"—more specifically an order precluding BHD from encumbering or disposing of the net proceeds from a pending sale of certain real property that has been referred to in this litigation as "the 20th Street Warehouse," or just "the Warehouse."

The motion was denied on grounds that such equitable relief is not available in circumstances where the moving party does not have some form of equitable interest in the assets subject to the requested freeze. The Receiver now moves instead for a right to attach order and writ of attachment under California state law, a remedy which is generally available in federal actions by virtue of Rule 64 of the Federal Rules of Civil Procedure ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential

judgment.")

Although the Receiver has appropriately given notice of this application such that it is not "ex parte" in the strict sense, she seeks relief under California Code of Civil Procedure § 485.010 which governs what are popularly referred to as "ex parte writs of attachment." Under that section the moving party must show, among other things, that "great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice." Alternatively, the Receiver seeks a temporary protective order under § 486.030, which provides such an order may issue in lieu of a right to attach order and writ of attachment if, in its discretion, the court finds that "the issuance of the temporary protective order instead of the right to attach order and writ would be in the interest of justice and equity to the parties."

The urgency of the present situation is largely of the Receiver's own making, as had she proceeded under Rule 64 and state attachment law in the first instance, several additional days would have been available to entertain opposition and to have the matter heard and decided. Nevertheless, at this juncture the Receiver has made an adequate showing that imposition of a temporary protective order is appropriate.

Under § 486.030 a temporary protective order may issue only on a finding that the moving party has otherwise satisfied the requirements for an "ex parte" right to attach order. While this order reflects a conclusion that the Receiver has cleared those hurdles, (just barely in some instances), it is without prejudice to a contrary conclusion when the matter has been fully briefed.

First, the Receiver's showing that "great or irreparable injury" will result before the matter could be heard on notice rests solely on the inference that because BHD is connected to the financial improprieties that gave rise to this action, the individuals associated with it now are likely to engage in similar monetary legerdemain. It does not automatically follow, however, that even if the current owners of BHD had some role in the improprieties of the original scheme, they will engage in similar conduct with the Warehouse sales proceeds, when they are represented by counsel and under scrutiny. Nevertheless, "under the circumstances of the case" there is at least some basis to infer "there is a danger that the property sought to be attached would be concealed,

substantially impaired in value." Cal. Civ. Proc. Code § 485.010. Because "great or irreparably injury" is not a requirement for writs of attachment issued on notice, it will not be necessary to revisit this issue in subsequent briefing.

It will be necessary, however, to give further consideration to the showing of "probable validity of the claim," and BHD is invited to address that issue in its response. Additionally, the parties should address whether the California prejudgment scheme can properly be imported through Rule 64 in this particular setting, where the parties are not in the usual plaintiff-defendant relationship. No complaint per se has been filed against BHD, other than the original complaint to which it was only a "relief" defendant, and which has been reduced to judgment as against BHD.

Other issues warranting further consideration include the amount to be secured under any right to attach order. The Receiver has requested a right to attach order in the amount of the net sales proceeds from the Warehouse sale. The dollar amount, however, should be pegged to the claim, not to the asset. It may be that the claim will be greater than the net sales proceeds, in which case attachment of all the proceeds might be available, but the point remains that the dollar amount of the proceeds is not the relevant figure.

Finally, the parties should also address whether "the proceeds" represent an asset that is subject to attachment as "the proceeds," or whether the Receiver will instead have to obtain writs of attachment against specific bank accounts or other more tangible assets.

Good cause appearing, it is hereby ordered:

(1) BHD, its officers, managers, agents, employees, successors, attorneys, and all those in active concert or participation with it, are hereby restrained from directly or indirectly transferring, encumbering or disposing of the net proceeds from the sale of the 20th Street Warehouse after payment of costs of sale and all recorded liens and encumbrances pending further order of the court. Pursuant to California Code of Civil Procedure sections 489.210 and 489.220, this restraint shall take effect upon the Receiver's filing of an undertaking in the amount of $10,000.

(2) The Receiver's motion shall now be deemed one for issuance of a right to attach order and writ of attachment on notice. BHD may file a response within one week of the date of this

order, and the Receiver may file a reply within three court days thereafter. The matter will then be taken under submission, or set for hearing, in the court's discretion.

**IT IS SO ORDERED**.

Dated: August 27, 2019

_____
RICHARD SEEBORG
United States District Judge