Elizabeth Berke-Dreyfuss (Bar No. 114651)
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: edreyfuss@wendel.com

Bennett G. Young (Bar No. 106504)
**JEFFER MANGELS BUTLER & MITCHELL LLP**
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-9813
Telephone: (415) 398-8080
Fax: (415) 398-5484
Email: byoung@jmbm.com

Attorneys for Susan L. Uecker, Receiver

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:17-CV-00223-RS |
| Plaintiff, | |
| vs. | |
| SAN FRANCISCO REGIONAL CENTER, LLC; THOMAS M. HENDERSON; CALIFORNIA GOLD MEDAL, L.P.; CALLSOCKET, L.P.; CALLSOCKET II, L.P.; CALLSOCKET III, L.P.; COMPREHENSIVE CARE OF OAKLAND, L.P.; NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.; CALLSOCKET, LLC; CALLSOCKET II, LLC; CALLSOCKET III, LLC; COMPREHENSIVE CARE OF CALIFORNIA, LLC; IMMEDIA, LLC; and NORTH AMERICA 3PL, LLC, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RECEIVER'S MOTION FOR ORDER APPROVING PLAN OF DISTRIBUTION**<br><br>Date: January 23, 2020<br>Time: 1:30 p.m.<br>Place: 450 Golden Gate Ave.<br>      17th Floor, Ctrm. 3<br>      San Francisco, CA 94102<br>Judge: Hon. Richard Seeborg |
| Defendants, | |
| -and- | |
| CALLSOCKET HOLDING COMPANY, LLC; CALLSOCKET III HOLDING COMPANY, LLC; BERKELEY HEALTHCARE DYNAMICS, LLC; CENTRAL CALIFORNIA FARMS, LLC; and JL GATEWAY, LLC, | |
| Relief Defendants. | |

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1    Pursuant to Federal Rule of Evidence 201, Susan L. Uecker, Receiver for Defendant San

2    Francisco Regional Center, LLC, as well as certain of the named entity Defendants and Relief

3    Defendants, requests that the Court take judicial notice of the following facts and documents in

4    support of her Motion for Order Approving Plan of Distribution.  The Court may take judicial

5    notice of facts not subject reasonable dispute and either "generally known" in the community, or

6    "capable of accurate and ready determination" by sources whose accuracy cannot be reasonably

7    disputed.  Fed. R. Evid. 201; see, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001),

8    overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 119, 125-1126 (9th Cir.

9    2001).  A court may take judicial notice of documents on file in federal or state courts.  *Bennett v.*

10   *Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002).

11   1.    Order Appointing Receiver and Monitor ("Appointment Order") entered herein on

12   March 29, 2017 (Docket No. 100).  A true and correct copy of the Appointment Order is attached

13   hereto as **Exhibit A**.

14   2.    The Order (1) Approving Proposed Claim Form For Non-EB-5 Investment Claims

15   Against Receivership Entities; (2) Setting A Claims Bar Date For Submission Of Non-EB-5

16   Investment Claims; (3) Establishing Summary Procedures For Resolution Of Disputed Claims

17   ("Claims Order") entered herein on September 24, 2018 (Docket No. 482).  A true and correct

18   copy of the Claims Order is attached hereto as **Exhibit B.**

19   3.    The first business day after the 60th day after the entry of the Claims Order was

20   November 26, 2018.

21   DATED:  December 19, 2019          WENDEL ROSEN LLP

22

23                                     By:        */s/  Elizabeth Berke-Dreyfuss*

24                                            Elizabeth Berke-Dreyfuss
                                             Attorneys for Susan L. Uecker, Receiver
25

26

27

28

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

REQUEST FOR JUDICIAL NOTICE IN SUPPORT          2          3:17-CV-00223-RS
OF RECEIVER'S MOTION FOR ORDER
APPROVING PLAN OF DISTRIBUTION

# EXHIBIT A

1  JINA L. CHOI (N.Y. Bar No. 2699718)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
2    schneidere@sec.gov
   STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
3    buchholzs@sec.gov
   ANDREW J. HEFTY (Cal. Bar No. 220450)
4    heftya@sec.gov
   SUSAN F. LaMARCA (Cal. Bar No. 215231)
5    lamarcas@sec.gov
   THOMAS J. EME (Ill. Bar No. 6224870)
6    emet@sec.gov

7  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
8  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
9  Telephone: (415) 705-2500
   Facsimile:  (415) 705-2501

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15  SECURITIES AND EXCHANGE COMMISSION,      Case No. 3:17-cv-00223-RS

16            Plaintiff,

17       v.                                   [PROPOSED] ORDER APPOINTING
                                              RECEIVER AND MONITOR
18  SAN FRANCISCO REGIONAL CENTER, LLC;
    THOMAS M. HENDERSON; CALIFORNIA
19  GOLD MEDAL, L.P.; CALLSOCKET, L.P.;
    CALLSOCKET II, L.P.; CALLSOCKET III, L.P.;
20  COMPREHENSIVE CARE OF OAKLAND, L.P.;
    NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.;
21  CALLSOCKET, LLC; CALLSOCKET II, LLC;
    CALLSOCKET III, LLC; COMPREHENSIVE
22  CARE OF CALIFORNIA, LLC; IMMEDIA, LLC;
    and NORTH AMERICA 3PL, LLC,

23            Defendants, and

24  CALLSOCKET HOLDING COMPANY,
    LLC; CALLSOCKET III HOLDING
25  COMPANY, LLC; BERKELEY
    HEALTHCARE DYNAMICS, LLC;
26  CENTRAL CALIFORNIA FARMS, LLC;
    and JL GATEWAY, LLC,

27

28            Relief Defendants.

1   This matter came before this Court upon the motion of the Securities and Exchange

2   Commission ("SEC"or "Commission") for an order seeking the appointment of a receiver over San

3   Francisco Regional Center, LLC; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.;

4   CallSocket III, L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.;

5   CallSocket, LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC;

6   Immedia, LLC; North America 3PL, LLC (collectively, the "entity Defendants"); CallSocket Holding

7   Company, LLC; CallSocket III Holding Company, LLC; Berkeley Healthcare Dynamics, LLC;

8   Central California Farms, LLC; and JL Gateway, LLC (collectively, the "Relief Defendants").  The

9   Court has considered the Commission's Motion for Preliminary Injunction and for the Appointment

10  of Receiver and the Declarations of Ellen Chen, Thomas J. Eme, and Andrew J. Hefty, the exhibits

11  thereto, and any responses thereto; and the record in these proceedings before the Court.

12  On the basis of this record, the Court finds that this Court has subject matter jurisdiction over

13  this action and personal jurisdiction over the entity Defendants and Relief Defendants.  The Court

14  also finds that the appointment of a receiver in this action is necessary and appropriate for the

15  purposes of marshaling and preserving all assets of Defendants San Francisco Regional Center, LLC;

16  California Gold Medal, L.P.; Callsocket, L.P.; Callsocket II, L.P.; Callsocket III, L.P.; NA3PL, L.P.;

17  West Oakland Plaza, L.P.; Callsocket, LLC; Callsocket II, LLC; Callsocket III, LLC; Immedia, LLC

18  (collectively, the "Receivership Defendants"); and of Relief Defendants CallSocket Holding

19  Company, LLC; CallSocket III Holding Company, LLC; Central California Farms, LLC; and JL

20  Gateway, LLC (collectively, "Receivership Relief Defendants") that: (a) are attributable to funds

21  derived from investors of the Defendants or Relief Defendants; (b) are held in constructive trust for

22  the entity Defendants or Relief Defendants; (c) were fraudulently transferred by the Defendants or

23  Relief Defendants; and/or (d) may otherwise be includable as assets of the estates of the entity

24  Defendants or Relief Defendants (collectively, the "Recoverable Assets").

25  The Court further finds that the appointment of a monitor in this action is necessary and

26  appropriate as to Defendants Comprehensive Care of California, LLC; Comprehensive Care of

27  Oakland, L.P.; and North America 3PL, LLC (collectively, the "Monitorship Defendants"); and of

28  Relief Defendant Berkeley Healthcare Dynamics, LLC (the "Monitorship Relief Defendant").

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Commission's Motion for Appointment of a Receiver is GRANTED as to the Receivership Defendants and Receivership Relief Defendants.

2. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Defendants and Receivership Relief Defendants.

3. Until further Order of this Court, Susan L. Uecker is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants and the Receivership Relief Defendants.

4. Until further Order of this Court, Susan L. Uecker is also hereby appointed to serve without bond as monitor (the "Monitor") for the estates of the Monitorship Defendants and the Monitorship Relief Defendant.

5. Within 45 days of the date of this Order, the Monitor will submit a report to the Court as to (a) whether there are reasons justifying expansion of her authority over the Monitorship Defendants and Monitorship Relief Defendant from "monitor" to "receiver," and; (b) the likelihood, if any, that her appointment as a receiver over any or all of the Monitorship Defendants and Monitorship Relief Defendant would cause disruption to any of those entities' contractual relationships with third parties.

## I.   General Powers and Duties of Receiver

6. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Defendants and Relief Defendants under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66.

7. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Defendants and Relief Defendants are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby

1  suspended.  Such persons and entities shall have no authority with respect to the Receivership

2  Defendants' and Relief Defendants' operations or assets, except to the extent as may hereafter be

3  expressly granted by the Receiver.  The Receiver shall assume and control the operation of the

4  Receivership Defendants and Relief Defendants and shall pursue and preserve all of their claims.

5         8.      No person, other than the Receiver, holding or claiming any position of any sort with

6  any of the Receivership Defendants or Relief Defendants shall possess any authority to act by or on

7  behalf of any of the Receivership Defendants or Relief Defendants.

8         9.      Subject to the specific provisions in Sections II through XIII below, the Receiver shall

9  have the following general powers and duties:

10        A.     To use reasonable efforts to determine the nature, location, and value of all
              property interests of the Receivership Defendants and Relief Defendants and
11            all other Recoverable Assets, including, but not limited to, monies, funds,
              securities, credits, effects, goods, chattels, lands, premises, leases, claims,
12            rights, and other assets, together with all rents, profits, dividends, interest, or
              other income attributable thereto, of whatever kind, which the Receivership
13            Defendants or Relief Defendants own, possess, have a beneficial interest in, or
              control directly or indirectly ("Receivership Property" or, collectively, the
14            "Receivership Estates");

15        B.     To take custody, control, and possession of all Receivership Property and
              records relevant thereto from the Receivership Defendants and Relief
16            Defendants; to sue for and collect, recover, receive, and take into possession
              from third parties all Receivership Property and records relevant thereto;
17

18        C.     To manage, control, operate, and maintain the Receivership Estates and hold in
              her possession, custody, and control all Receivership Property, pending further
19            Order of this Court;

20        D.     To use Receivership Property for the benefit of the Receivership Estates,
              making payments and disbursements and incurring expenses as may be
21            necessary or advisable in the ordinary course of business in discharging her
              duties as Receiver;

22        E.     To take any action which, prior to the entry of this Order, could have been
              taken by the officers, directors, partners, managers, trustees, and agents of the
23            Receivership Defendants or Relief Defendants;

24        F.     To engage and employ persons in her discretion to assist her in carrying out
              her duties and responsibilities hereunder, including, but not limited to,
25            accountants, attorneys, securities traders, registered representatives, financial
              or business advisers, liquidating agents, real estate agents, forensic experts,
26            brokers, traders, or auctioneers;

27        G.     To take such action as necessary and appropriate for the preservation of
              Receivership Property or to prevent the dissipation or concealment of
28            Receivership Property;

H.  To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I.  To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver;

J.  To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and

K.  To take such other action as may be approved by this Court.

## II.   Access to Information

10.   The officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants or Relief Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

11.   Within twenty (20) days of the entry of this Order, the Receivership Defendants and Relief Defendants shall serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents or contractors of the Receivership Defendants and Relief Defendants; and, (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Defendants and Relief Defendants.

12.   Within thirty (30) days of the entry of this Order, the Receivership Defendants and Relief Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' and Relief Defendants' federal income tax returns for the tax years 2010 through 2015, with all relevant and necessary underlying documentation.

13.   The officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well as those acting in their place, shall answer to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the

1  Receivership Defendants and Relief Defendants, or any other matter relevant to the operation or

2  administration of the receivership or the collection of funds due to the Receivership Defendants.  In

3  the event that the Receiver deems it necessary to require the appearance of the aforementioned

4  persons or entities, the Receiver shall make discovery requests in accordance with the Federal Rules

5  of Civil Procedure.

6        14.     The Receivership Defendants and Relief Defendants, individual Defendant Thomas

7  M. Henderson, the officers, directors, agents, managers, general and limited partners, trustees,

8  attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well

9  as those acting in their place, are required to assist the Receiver in fulfilling her duties and

10  obligations.  As such, they must respond promptly and truthfully to all requests for information and

11  documents from the Receiver.

12  ### III.    Access to Books, Records, and Accounts

13        15.     The Receiver is authorized to take immediate possession of all assets, bank accounts

14  or other financial accounts, books and records and all other documents or instruments relating to the

15  Receivership Defendants or Relief Defendants.  All persons and entities having control, custody, or

16  possession of any Receivership Property are hereby directed to turn such property over to the

17  Receiver.

18        16.     The Receivership Defendants and Relief Defendants, as well as their agents, servants,

19  employees, attorneys, any persons acting for or on behalf of the Receivership Defendants or Relief

20  Defendants, and any persons receiving notice of this Order by personal service, email, facsimile, or

21  otherwise, having possession of the property, business, books, records, accounts, or assets of the

22  Receivership Defendants or Relief Defendants, or other Receivership Property, are hereby directed to

23  deliver the same to the Receiver, her agents and/or employees.

24        17.     All banks, brokerage firms, financial institutions, and other persons or entities which

25  have possession, custody, or control of any Receivership Property that receive actual notice of this

26  Order by personal service, email, facsimile, or otherwise shall:

27           A.     Not liquidate, transfer, sell, convey, or otherwise transfer any Receivership
              Property except upon instructions from the Receiver;

28

B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.   Within five (5) business days of receipt of notice of this Order, serve upon the Receiver and counsel for the Commission a certified statement setting forth, with respect to any account or other asset that is Receivership Property, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and

D.   Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

### IV.   Access to Real and Personal Property

18.   The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media, or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

19.   The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants and Relief Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, email, facsimile, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing, or erasing anything on such premises.

20.   In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Receivership Defendants and Relief Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership (without the express written permission of the Receiver).

21. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants and Relief Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V.   Notice to Third Parties

23. The Receiver shall promptly give notice, which may be by electronic means, of her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Defendants and Relief Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Estate shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant or Relief Defendant had received such payment.

25. In furtherance of her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants or Relief Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants or Relief Defendants. The

1  Postmaster shall not comply with, and shall immediately report to the Receiver, any change of

2  address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.

3  The Receivership Defendants and Relief Defendants shall not open any of the Receiver's Mail and

4  shall immediately turn over such mail, regardless of when received, to the Receiver.  The foregoing

5  instructions shall apply to any proprietor, whether individual or entity, of any private mail box,

6  depository, business or service, or mail courier or delivery service, hired, rented, or used by the

7  Receivership Defendants or Relief Defendants.  The Receivership Defendants and Relief Defendants

8  shall not open a new mailbox, or take any steps or make any arrangements to receive mail in

9  contravention of this Order, whether through the U.S. mail, a private mail depository, or courier

10  service.

11       27.     Subject to payment for services provided, any entity furnishing water, electric,

12  telephone, sewage, garbage or trash removal services to the Receivership Defendants or Relief

13  Defendants shall maintain such service and transfer any such accounts to the Receiver unless

14  instructed to the contrary by the Receiver.

15             **VI.**   <u>**Injunction Against Interference with Receiver**</u>

16       28.     The Receivership Defendants and Relief Defendants and all persons receiving notice

17  of this Order by personal service, email, facsimile, or otherwise, are hereby restrained and enjoined

18  from directly or indirectly taking any action or causing any action to be taken, without the express

19  written agreement of the Receiver, which would:

20            A.     Interfere with the Receiver's efforts to take control, possession, or
21                  management of any Receivership Property; such prohibited actions include but
                  are not limited to, using self-help or executing or issuing or causing the
22                  execution or issuance of any court attachment, subpoena, replevin, execution,
                  or other process for the purpose of impounding or taking possession of or
23                  interfering with or creating or enforcing a lien upon any Receivership Property;

24            B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of
                  her duties; such prohibited actions include but are not limited to, concealing,
25                  destroying, or altering records or information;

26            C.     Dissipate or otherwise diminish the value of any Receivership Property; such
                  prohibited actions include but are not limited to, releasing claims or disposing,
27                  transferring, exchanging, assigning, or in any way conveying any Receivership
                  Property, enforcing judgments, assessments, or claims against any
28                  Receivership Property or any Receivership Defendant or Relief Defendant,
                  attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate

(the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or Relief Defendant or which otherwise affects any Receivership Property; or

    D.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

29.    The Receivership Defendants and Relief Defendants shall cooperate with and assist the Receiver in the performance of her duties.

30.    The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VII.   Stay of Litigation

31.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver, or the Monitor, in her capacity as Monitor; (b) any Receivership Property, wherever located, or any property interests of the Monitorship Defendants or Relief Defendant; (c) any of the Receivership Defendants or Relief Defendants, or Monitorship Defendants or Relief Defendant, including subsidiaries and partnerships; or (d) any of the Receivership Defendants' and Relief Defendants' or Monitorship Defendants' or Relief Defendant's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

32.    The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

33.    All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants or Relief Defendants or Monitorship Defendants or Monitorship Relief Defendant against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## VIII.  <u>Managing Assets</u>

34.     For each of the Receivership Estates, where appropriate and necessary in the judgment of the Receiver, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

35.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

36.     Subject to Paragraph 37, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

37.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

38.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

## IX.  <u>Investigate and Prosecute Claims</u>

39.     Subject to the requirement, in Paragraph 40, immediately below, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

40.     Subject to her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants and Relief Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate.  The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.

41.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants and Relief Defendants.

42.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership Estate.

## X.   **Bankruptcy Filing**

43.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants and Relief Defendants.  If a Receivership Defendant or Relief Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Pursuant to Paragraph 7 above, the Receiver is vested with management authority for all Receivership Defendants and Relief Defendants and may therefore file and manage a Chapter 11 petition.

44.     The provisions of Section VII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XI.   Liability of Receiver

45.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

46.     The Receiver and her agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

47.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

48.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Court, and to the SEC's counsel of record, of her intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XII.   Recommendations and Reports

49.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Recovery Plan").

50.     Within ninety (90) days of the entry of this Order, the Receiver shall file the Recovery Plan in the above-captioned action, with service copies to counsel of record.

51.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estates (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those

1  claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership

2  Estates.

3      52.    The Quarterly Status Report shall contain the following:

4          A.    A summary of the operations of the Receiver;

5          B.    The amount of cash on hand, the amount and nature of accrued
6                administrative expenses, and the amount of unencumbered funds in the
              estate;

7          C.    A schedule of all the Receiver's receipts and disbursements (attached as
8                Exhibit A to the Quarterly Status Report), with one column for the
              quarterly period covered and a second column for the entire duration of
9                the receivership;

10         D.    A description of all known Receivership Property, including
              approximate or actual valuations, anticipated or proposed dispositions,
11               and reasons for retaining assets where no disposition is intended;

12         E.    A description of liquidated and unliquidated claims held by the
              Receivership Estate, including the need for forensic and/or
13               investigatory resources; approximate valuations of claims; and
              anticipated or proposed methods of enforcing such claims (including
14               likelihood of success in: (i) reducing the claims to judgment; and (ii)
              collecting such judgments);

15         F.    A list of all known creditors with their addresses and the amounts of
16               their claims;

17         G.    The status of any litigation brought by the Receivership Estate and of
              any Creditor Claims Proceedings, after such proceedings have been
18               commenced; and

19         H.    The Receiver's recommendations for a continuation or discontinuation
              of the receivership and the reasons for the recommendations.

20     53.    On the request of the Commission, the Receiver shall provide the Commission with

21 any documentation that the Commission deems necessary to meet its reporting requirements, that is

22 mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

23                     **XIII.**  **Fees, Expenses and Accountings**

24     54.    Subject to Paragraphs 55 to 61 immediately below, the Receiver need not obtain Court

25 approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the

26 administration and operation of the receivership.  Further, prior Court approval is not required for

27 payments of applicable federal, state, or local taxes.

28

55.     Subject to Paragraph 56 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

56.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

57.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

58.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

59.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

60.     Each Quarterly Fee Application shall:

A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and (ii) with the exception of the Billing Instructions, the Receiver has not entered into

1     any agreement, written or oral, express or implied, with any person or
      entity concerning the amount of compensation paid or to be paid from
2     the Receivership Estate, or any sharing thereof.

3     61.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a

4     format to be provided by SEC staff, as well as the Receiver's final application for compensation and

5     expense reimbursement.

6                         **XIV.   Powers of the Monitor**

7     62.     The Monitor shall be empowered to:

8           A.    Have full and complete access to each of the Monitorship Defendants' and the
                  Monitorship Relief Defendant's books and records, including internal records
9                 as well as bank, financial institution and other records, but excluding attorney-
                  client communications between the Monitorship Defendants and their
10                respective counsel;

11          B.    Have full and complete access to the principals, officers, employees, agents,
                  and consultants of each of the Monitorship Defendants and the Monitorship
12                Relief Defendant, or anyone else who is otherwise associated with those
                  entities to carry out the Monitor's assignment, except that no one shall be
13                required to disclose attorney client communications between the Monitorship
                  Defendants and their respective counsel;
14

15          C.    Have full and complete access to the counterparties to any contracts of the
                  Monitorship Defendants and the Monitorship Relief Defendant, for the purpose
16                of evaluating the terms of the contract including whether the contractual
                  relationship would be disrupted by converting the Monitor to a Receiver over
17                that entity;

18          D.    Review and monitor a report prepared every two weeks of all transactions of
                  any Monitorship Defendants or the Monitorship Relief Defendant;

19          E.    Enter into any and all offices and premises and facilities maintained or
20                managed by any of the Monitorship Defendants or the Monitorship Relief
                  Defendant, except those facilities for which additional credentials are
21                necessary (and Monitor Defendants and/or Monitor Relief Defendants shall
                  assist the Monitor in obtaining the necessary additional credentials if so
22                requested);

23          F.    Identify and locate all money, assets, real property, and investments held by, or
                  for the benefit of, each of the Monitorship Defendants and the Monitorship
24                Relief Defendant;

25          G.    Identify and locate all investors and owners in each of the Monitorship
                  Defendants and the Monitorship Relief Defendant;

26          H.    Identify all debts, accounts payable, liabilities and unpaid obligations of the
27                Monitorship Defendants and the Monitorship Relief Defendant;

28          I.    Engage and employ the same persons as those employed in her capacity as
                  Receiver to assist her in carrying out her duties and responsibilities as Monitor,

including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

J.  Contact any of the EB-5 investors associated with any the Monitorship Defendants and Monitorship Relief Defendant or, if they are represented, counsel for such investors;

K.  Apply to the Court for an order compelling compliance with this Order or seeking a modification of this Order.

## XV.  Fees and Expenses of the Monitor

63.  The Monitor is authorized to employ the same persons and entities she employs as Receiver to assist her in carrying out her duties and responsibilities as Monitor. The Monitor shall not engage any such persons or entities without first obtaining an Order from the Court authorizing such engagement.

64.  The Monitor and anyone she employs pursuant to Paragraphs 62 and 63 are entitled to reasonable compensation and expense reimbursement. Such compensation shall require the prior approval of the Court.

65.  The Monitorship Defendants and the Monitorship Relief Defendant shall each pay, upon approval of this Court as set forth below, the reasonable costs, fees and expenses of the Monitor incurred in connection with the performance of the powers and duties described herein related to their respective businesses, as identified by the Monitor, including but not limited to such costs, fees and expenses of all persons retained by the Monitor with the Court's approval to assist in carrying out the Monitor's powers and duties. All applications for costs, fees and expenses of the Monitor and those employed by the Monitor shall be made by application to the Court, with notice to all parties and an opportunity to be heard, setting forth in reasonable detail the nature of such costs, fees, and expenses. Such applications shall be submitted quarterly at the same time as the applications made by the Receiver.

## XVI.  Liability of Monitor

66.  The Monitorship Defendants and Monitorship Relief Defendant shall indemnify, defend and hold harmless the Monitor and her agents, employees, consultants, successors, and assigns, from and against all actions (pending or threatened and whether at law or in equity in any forum), liabilities, damages, losses, costs, and expenses, including but not limited to reasonable

attorneys' and other professionals' fees, arising from the conduct or omission of the Monitor or her agents, employees and consultants under the terms of this Order, except for any such conduct or omission adjudged by the Court to be the result of gross negligence or willful misconduct.

## XVII.  Bankruptcy Filing

67.     The Monitorship Defendants and Monitorship Relief Defendant are each hereby enjoined from filing a voluntary petition in bankruptcy without at least five days' notice to the Monitor, to the SEC (by notice to the attorneys appearing on the SEC's behalf in this matter), and to the Court.  Upon receiving such notice, the Monitor or the SEC may seek appropriate expedited relief from this Court.

## XVIII.  Binding Notice

68.     In accordance with Rule 65(d) of the Federal Rules of Civil Procedure, this Order shall be binding upon all parties to this action and upon all persons who receive actual notice of it through personal service or otherwise.


IT IS SO ORDERED.



DATED <u>March 29</u>, 2017

Richard Seeborg
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

1  Elizabeth Berke-Dreyfuss (Bar No. 114651)
    Tracy Green (Bar No. 114876)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor
3  Oakland, California 94607-4036
    Telephone: (510) 834-6600
4  Fax: (510) 834-1928
    Email: edreyfuss@wendel.com
5  Email: tgreen@wendel.com

6  Attorneys for Susan L. Uecker, Receiver

7

8

9                 UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO DIVISION
11

12  SECURITIES AND EXCHANGE
    COMMISSION,
13

14          Plaintiff,

15       vs.

16  SAN FRANCISCO REGIONAL CENTER, LLC;
    THOMAS M. HENDERSON; CALIFORNIA
17  GOLD MEDAL, L.P.; CALLSOCKET, L.P.;
    CALLSOCKET II, L.P.; CALLSOCKET III,
18  L.P.; COMPREHENSIVE CARE OF
    OAKLAND, L.P.; NA3PL, L.P.; WEST
19  OAKLAND PLAZA, L.P.; CALLSOCKET,
    LLC; CALLSOCKET II, LLC; CALLSOCKET
20  III, LLC; COMPREHENSIVE CARE OF
    CALIFORNIA, LLC; IMMEDIA, LLC; and
21  NORTH AMERICA 3PL, LLC,

22         Defendants,

23         -and-

24  CALLSOCKET HOLDING COMPANY, LLC;
    CALLSOCKET III HOLDING COMPANY,
25  LLC; BERKELEY HEALTHCARE
    DYNAMICS, LLC; CENTRAL CALIFORNIA
26  FARMS, LLC; and JL GATEWAY, LLC,

27        Relief Defendants.

28

Case No. 3:17-CV-00223-RS

[~~AMENDED PROPOSED~~] **ORDER (1)
APPROVING PROPOSED CLAIM FORM
FOR NON-EB-5 INVESTMENT CLAIMS
AGAINST RECEIVERSHIP ENTITIES;
(2) SETTING A CLAIMS BAR DATE FOR
SUBMISSION OF NON-EB-5
INVESTMENT CLAIMS; (3)
ESTABLISHING SUMMARY
PROCEDURES FOR RESOLUTION OF
DISPUTED CLAIMS**

**AS MODIFIED BY THE COURT**

Date:    September 27, 2018
Time:    1:30 p.m.
Place:    Courtroom 3, 17th Floor
           450 Golden Gate Ave.
           San Francisco, CA 94102
Judge:   The Hon. Richard Seeborg

**EXHIBIT B**

009589.0024\5216897.1    [~~AMENDED PROPOSED~~] ORDER                 3:17-CV-00223-RS

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1    This matter came before the Court on the Receiver Susan Uecker's Motion for Order (1)

2  Approving Proposed Claim Form for Claims Against Receivership Entities For Non-EB-5

3  Investment Claims; (2) Setting a Claims Bar Date for Submission of Claims (Other Than EB-5

4  Investment Claims); (3) Establishing Summary Procedures for Resolution of Disputed Claims

5  ("Claim Process Motion").  The Court, having considered the Claims Process Motion, all

6  submissions filed in support of and in response thereto, and other pleadings filed in this action,

7  and finding that good cause exists to grant the motion, hereby orders as follows:

8    1.    The Claim Process Motion is granted.

9    2.    The Claim Form and Instructions attached as Exhibit A and the form of notice for

10  publication attached as Exhibit B to the Declaration of Susan L. Uecker filed in Support of the

11  Claims Process Motion are approved.

12    3.    Other than claims of EB-5 investors arising from their EB-5 investment, the

13  deadline to submit Claim Forms to the Receiver shall be the first business day that is 60 days after

14  the entry of this order ("Claims Bar Date"), with the Receiver to include the actual calculated date

15  in all notices and to file notice of such date with the Court.  Any claim submitted after the Claims

16  Bar Date will be barred, except for claims of EB-5 investors arising from their EB-5 investment

17  which are preserved and deferred.

18    4.    Disputes regarding claim amounts will be determined by this Court using summary

19  procedures as follows:

20    (a)    The Receiver will evaluate claims received by the bar date against the

21  records of the Receivership Entities, the documents submitted with the claims, and other available

22  sources.  If, after completing the review, the Receiver does not accept the claimant's asserted

23  claim amount, the Receiver will provide written notice to the claimant of the objection and the

24  basis therefore, and the Receiver's proposed claim amount.  The Receiver will attempt to confer

25  with the claimant in an effort to resolve the claim dispute.

26    (b)    As may be necessary and appropriate, the Receiver and claimants may seek

27  Court authority to conduct discovery pursuant to the Federal Rules of Civil Procedure and Local

28  Rules to assist in resolution of any claim dispute.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1        (c)     If differences or objections cannot be resolved informally, the Receiver will

2 submit a motion pursuant to Local Rule 7 for the Court's determination.  Motions may take the

3 form of an omnibus objection motion or independent motions.

4        (d)     In any such motion, the Receiver will identify the portion of the claim that

5 she believes is unobjectionable, the proposed allowed amount, and the factual and legal basis for

6 the Receiver's objection to the remaining claim amount.  The Receiver will serve all relevant

7 claimants with the motion papers.

8        (e)     Each claimant may file a response to the motion, and the Receiver may file

9 a reply as provided by the Local Rules.

10        (f)     To the extent that the Receiver's objections to claims have similar bases and

11 can be grouped according to the nature of the claim objections, groups of claims may be

12 determined in consolidated summary proceedings.  In all events, the Receiver will provide each

13 claimant detailed notice about the nature of the objection and opportunity to respond.

14     IT IS SO ORDERED.

15 DATED:  September 21, 2018

16

17

18                          Richard Seeborg
                         Judge, United States District Court

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036